| | |
|---|---|
| 1 | JONATHAN W. HEATON |
| | Nevada Bar No. 12592 |
| 2 | HEATON LEGAL GROUP, LLC |
| | 7285 Dean Martin Dr, Ste 180 |
| 3 | Las Vegas, NV 89118 |
| 4 | Telephone: 702-329-9901 |
| | Facsimile: 702-763-7385 |
| 5 | jon@heatonlegalgroup.com |
| | *Attorneys for Defendants Partell* |
| 6 | *Pharmacy LLC and One Way* |
| 7 | *Drug LLC dba Partell Pharmacy* |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cv-00287-CKD |
| Plaintiff, | |
| v. | **ONE WAY DRUG LLC D/B/A PARTELL PHARMACY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| MATTHEW H. PETERS, BAYVIEW SPECIALTY SERVICES LLC, COASTLINE SPECIALTY SERVICES LLC, STRAND VIEW CORPORATION, INNOVATIVE SPECIALTY SERVICES LLC, PARAGON PARTNERS LLC (D/B/A PARAGON MEDICAL PARTNERS), CARDEA CONSULTING LLC, PRAXIS MARKETING SERVICES LLC, PROFESSIONAL RX PHARMACY LLC, INLAND MEDICAL CONSULTANTS LLC (D/B/A ADVANCED THERAPEUTICS), PORTLAND PROFESSIONAL PHARMACY LLC, SUNRISE PHARMACY LLC, PROFESSIONAL 205 PHARMACY LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), SYNERGY MEDICAL SYSTEMS LLC (D/B/A SYNERGY RX), SYNERGY RX LLC (D/B/A SYNERGY RX), PRESTIGE PROFESSIONAL PHARMACY, JMSP LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), MPKM, LLC (D/B/A | Hearing Date: June 26, 2024<br>Time: 10:00 am<br>Location: Zoom |

| | |
|---|---|
| 1 | PROFESSIONAL CENTER PHARMACY), ONE WAY DRUG LLC (D/B/A PARTELL |
| 2 | PHARMACY), PARTELL PHARMACY LLC, OPTIMUM CARE PHARMACY INC. |
| 3 | (D/B/A MARBELLA PHARMACY), GLENDALE PHARMACY LLC, and |
| 4 | LAKE FOREST PHARMACY (D/B/A LAKEFOREST PHARMACY), |
| 5 | |
| 6 | Defendants. |

**TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 26, 2024 at 10:00 am, or as soon thereafter as may be heard, by Zoom videoconference before Chief Magistrate Judge Carolyn K. Delaney, Defendant One Way Drug LLC d/b/a Partell Pharmacy ("One Way") will, and hereby does, move this Court for an order dismissing the Amended Complaint on file in this action in its entirety as to Defendant One Way.

This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the Amended Complaint fails to state a claim as to One Way as a matter of law. The Motion is based upon the Memorandum of Points and Authorities appended hereto, the other pleadings and papers on file in this action, and such further argument as may be presented at the time of hearing.

DATED this 15th day of May, 2024.

HEATON LEGAL GROUP, LLC

/s/ Jonathan W. Heaton
JONATHAN W. HEATON
Nevada Bar No. 12592
7285 Dean Martin Dr, Ste 180
Las Vegas, NV 89118
Telephone:   (702) 329-9901
Facsimile:   (702) 763-7385
Email: jon@heatonlegalgroup.com
*Attorneys for Defendants Partell Pharmacy LLC and One Way Drug LLC dba Partell Pharmacy*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant One Way Drug LLC ("One Way") hereby submits this Memorandum of Points and Authorities in support of its Motion to Dismiss (the "Motion").

## I.   INTRODUCTION

By way of its Amended Complaint (the "Complaint"), Plaintiff United States of America (the "Government") alleges violations of the False Claims Act ("FCA") and related causes of action against Matthew H. Peters ("Peters") and 22 other separate legal entities that the Government asserts were owned, operated, and/or controlled by Peters. One Way is one of the 15 entities which are jointly referred to in the Government's Complaint as "Defendant Pharmacies."

Despite the Complaint being of significant length, coming in at 53 total pages and 303 numbered paragraphs, One Way is only referenced specifically by name in two paragraphs—Paragraphs 15 and 227 of the Complaint. Other than those perfunctory references, the Government has simply lumped One Way generally into allegations that are made collectively against "Defendants" or "Defendant Pharmacies." As explained in greater detail hereinbelow, such threadbare allegations are insufficient to state a claim upon which relief can be granted against Defendant One Way, and the Complaint must therefore be dismissed.

## II.   LEGAL ARGUMENT

The Government asserts six total causes of action in the Complaint. Count V is alleged solely as to Peters, leaving only five counts which have application to Defendant One Way: Count I for direct presentation of false claims under the FCA, Count II for causing false claims to be presented under the FCA, Count III for conspiracy under the FCA, Count IV for a so-called "reverse" FCA violation, and Count VI for common law payment by mistake. For the reasons discussed herein, each of these claims necessarily fails as to Defendant One Way as a matter of law.

### A.   Legal Standard

To survive a motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A viable

complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy that rule, a pleading must identify the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and citations omitted).

FCA claims have been explicitly recognized by the Ninth Circuit as being subject to the heightened pleading standard of Rule 9(b). *Id.* at 1054. This standard "serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

The Complaint in this case presents a prime example of the importance of particularity as a requirement. As it stands, the Complaint utterly fails to give notice to One Way, an individually situated Defendant, of even the most basic of allegations—let alone to meet the heightened standard of particularity required by Rule 9(b). More specifically, as to its FCA causes of action, the Complaint (1) fails to allege even a single, solitary instance of One Way's submission of a false claim to a federal program, (2) fails to allege dates or a timeframe for its allegations as to One Way which would not be, at least in part, time-barred by the statute of limitations, (3) fails to identify or allege any causative link between the alleged kickback scheme and any claims submitted to federal programs, and (4) impermissibly pleads a redundant "reverse" FCA claim. For many of the same reasons, the Complaint's common law claim for payment by mistake is likewise deficient and must be dismissed.

One Way's Motion to Dismiss   Case No. 2:24-cv-00287-CKD

### B. The Complaint contains no particularized allegations to make out a prima facie case that One Way made any false claims.

The first and most glaringly obvious deficiency of the Complaint is that, rather than actually stating any facts demonstrating that One Way submitted false claims (or caused false claims to be submitted or participated in a conspiracy to submit false claims, etc.), the Complaint simply lumps One Way in with all of the other Defendant Pharmacies, as if making conclusory and non-specific allegations against the group as a whole is sufficient to put each member of the group on notice of the specific conduct against which it must defend. Such is not permissible as a matter of law, as "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. Corinthian Colleges*, 655 F.3d 984, 997–98 (9th Cir. 2011).

As already stated, One Way is referenced by name (outside the Complaint's caption) in exactly two paragraph of the Complaint. The first of those paragraphs merely (1) identifies One Way as a Nevada company, (2) alleges an address for One Way, (3) identifies One Way's registered agent, and (4) makes the conclusory statement that during an undefined time period relevant to the Complaint, One Way "was a mail-order pharmacy controlled and operated in fact by Peters." ECF No. 5, Par. 15. The second paragraph in which One Way makes an appearance alleges merely that, in some unspecified connection with a commission paid to a sales representative which included some amount of Medicare Part D plan reimbursement, One Way dispensed several medications—not that One Way submitted one or more false claims seeking remuneration for those medications, not that One Way received or paid out some or all of the purported Medicare Part D reimbursements, not that One Way conspired with the sales representative or other pharmacies in some way, but that it dispensed medications. ECF No. 5, Par. 227. Aside from the foregoing references, there is literally no other direct mention of One Way anywhere else in the Complaint. All other allegations against One Way (to the extent they can even be construed as such) are made against it as one of fifteen Defendant Pharmacies, which

Plaintiff alleges, without further elaboration or specificity, "were operationally similar and largely interchangeable in terms of the medications they dispensed." ECF No. 5, Par. 22. There are no allegations of any specific kickback payments made by One Way, no allegations of any specific billings submitted by One Way to Medicare, Medicaid, TRICARE, or any other federal programs, and certainly no allegations of any specific false claims presented by One Way or other actions undertaken specifically by One Way to cause false claims to be presented or to engage in related conspiratorial actions.

In short, the Complaint is insufficient to state a properly pled claim against One Way that can withstand scrutiny. Accordingly, the Complaint must be dismissed in its application to Defendant One Way.

> **C.  The Complaint does not adequately provide notice of a timeframe for its allegations of false claims, many or most of which are time-barred.**

In addition to the Complaint's "what" and "how" allegations against One Way being deficient (for the reasons stated above), the Complaint's allegations as to "when" the purported actionable conduct occurred are also fatally insufficient. As the Peters Defendants' motion to dismiss (pending with the Court as ECF No. 21) correctly points out, the statute of limitations for a civil action brought to enforce the FCA is (1) six years after the date the FCA violation is committed, or (2) three years after the date "when facts material to the right of action are known or reasonably should have been known" by the Government official charged with acting, whichever occurs last. 31 U.S.C. § 3731(b).

With the Government having criminally indicted Peters on December 19, 2019 for health care fraud stemming from the many of the same facts underlying the civil Complaint in this matter (those allegations dating back to 2013 and 2014), and with Peters having executed a plea agreement with the Government on July 6, 2020 (see ECF No. 21, Exhibit A)—all of which dates are matters of public record, not subject to reasonable dispute, and subject to judicial notice by this Court— the Government's claims, or at least many of them, are unequivocally time barred. Because the Government knew or should have known of the material facts relating to this matter well over three years before it chose to file its Complaint, there is absolutely no path as a matter of law for

the Government to be able to prevail on any alleged FCA violations that arose prior to six years before the filing of its original complaint (i.e., prior to January 22, 2018) (see ECF No. 1).

The Government's Complaint fails to state with any specificity when the alleged FCA violations occurred. It suggests alleged violations go back as far as 2015 (see, e.g., ECF No. 5, Par. 238), but nowhere in the Complaint does the Government actually allege or state specific dates, or even a range of dates, for FCA violations that could possibly be said to satisfy the particularity standard and avoid statute of limitations concerns. At best, the Government alleges certain timeframes (many predating 2018) during which kickbacks scheme related events occurred (e.g., communications and dealings between Peters and physician investors), but a cause of action does accrue under the FCA based on underlying schemes. It arises upon the submission of false claims. *See United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996) (stating that the FCA "attaches liability, not to underlying fraudulent activity, but to the claim for payment" and that "[w]hat constitutes the FCA offense is the knowing presentation of a claim that is either fraudulent or simply false") (internal quotations and citation omitted).

In addition to that general deficiency, here, again, the Complaint fails to sufficiently differentiate One Way from the other Defendants in this matter. The pleading rules already discussed which govern the Complaint in this action require that the Complaint put One Way on specific notice as to when the Government is claiming One Way (1) presented false claims, (2) caused false claims to be presented, (3) conspired in false claims, and/or (4) undertook any other act that would potentially subject One Way to liability under the Complaint. No such timing allegations exist in the Complaint, and it must therefore be dismissed.

**D.     The Complaint fails to properly identify or allege the false claims "resulting from" the alleged kickbacks.**

As stated above, liability under the FCA is not directly created from schemes or other underlying fraudulent activity. Rather, liability arises from actual false claims submitted to federal programs. In cases where a violation of the Anti-Kickback Statute (AKS) is alleged to have occurred (such as the instant case), "a claim that includes items or services <u>resulting from</u> a violation of [the AKS] constitutes a false or fraudulent claim for purposes of [the FCA]." 42

U.S.C. § 1320a-7b(g) (emphasis added). Thus, to properly plead claims under the FCA that are premised upon alleged kickbacks in violation of the AKS, a Complaint must plead with particularity the link between the alleged kickback scheme and alleged false claims. Such a link is not pled or present in the Government's Complaint.

On this issue, a growing number of courts have found that to succeed on an FCA claim based on AKS violations, the illegal kickbacks must have been (and must have been alleged as) the actual or "but-for" cause of the submission of a false claim for payment under a federal healthcare program. *See, e.g.*, *United States ex rel. Cairns v. D.S. Medical LLC*, 42 F.4th 828 (8th Cir. 2022) (observing that "where there is no textual or contextual indication to the contrary, courts regularly read phrases like 'results from' to require but-for causality," and applying that standard of proof in the context of an FCA claim premised on AKS violations); *United States ex. rel. Louderback v. Sunovion Pharmaceuticals, Inc.*, 17-cv-1719 (ECT/LIB) (D. Minn. Nov. 27, 2023) (dismissing an FCA/AKS complaint on the ground that the plaintiff had not alleged facts plausibly showing, with the particularity required by Rule 9(b), that the defendant pharmacies would not have included certain prescriptions on Medicare claims absent the alleged kickback remunerations).

While One Way has so far been unable to find any decisions in which the Ninth Circuit has expressly identified the exact causation standard that is to be applied, some such causation must exist (1) based on the plain language of the statute at issue and (2) so that a plaintiff is not permitted, as the Government is attempting to do here, to drag large groups of defendants (each individually situated) into an action on the basis of sweeping and generalized allegations focused on a scheme alleged to have been perpetrated primarily by a single individual, while simultaneously failing to actually tie that scheme to specific false claims made by other named defendants. Because the Government has not alleged any claims whatsoever that were submitted to federal programs by One Way or any other material involvement of One Way in this matter, it has not even come close to alleging a plausible link between the illegal kickbacks alleged in the Complaint and One Way. Each of the FCA causes of action in the Complaint (being wholly reliant on links to violations of the AKS) must, therefore, be dismissed.

**E. The Complaint's "reverse" FCA claim (Count IV) is not properly pled and is impermissibly redundant.**

Aside from the foregoing identified failures of the Complaint which are generally applicable to each of the five causes of action alleged against One Way, Count IV of the Complaint also necessarily fails as a matter of law based on its redundancy of the other FCA claims. Count IV alleges a violation of Section 3729(a)(1)(G) of the FCA, which proscribes knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the Government. 31 U.S.C § 3729(a)(1)(G)). However, the Complaint utterly fails to identify any obligation of One Way (or any of the Defendants) to pay money or transmit property to the Government. Instead, it appears that the Government is simply construing, in "reverse" fashion, the Defendants' alleged presentation of false claims as simultaneously constituting an "avoidance" of returning to the Government the money derived from the purported presentation of false claims. Section 3729(a)(1)(G) was never intended to be used in this way, and courts have rejected such an approach. *See, e.g., Purcell v. Gilead Scis., Inc.*, 439 F.Supp.3d 388 (E.D. Pa. 2020) (dismissing a Section 3729(a)(1)(G) claim as redundant of Section 3729(a)(1)(A) and Section 3729(a)(1)(B) claims where the claims "uniformly follow[ed] the same theory"); *United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 906 F.Supp.2d 1264, 1272–73 (N.D. Ga. 2012) (observing that the purpose of a reverse false claim is "not to provide a redundant basis to state a false statement claim but to create a separate liability where there is a clear obligation to return an overpayment") (internal quotation and citation omitted).

Thus, because the Government makes no specific factual allegations as to any obligation owed to the Government by One Way that would be distinct from the Complaint's general claims brought in Counts I and II pursuant to Sections 3729(a)(1)(A) and 3729(a)(1)(B), Count IV of the Complaint is impermissibly redundant of Counts I and II and must be dismissed on that ground independently.

**F.    The Government's common law claim for payment by mistake (Count VI) must be dismissed.**

Count VI of the Complaint seeking recovery for payment by mistake is not brought under the FCA but is instead a common law claim.  Count VI also necessarily fails as a matter of law for many of the same reasons that have been stated previously because mistake claims, like fraud, must be pled with particularity.  Fed. R. Civ. P. 9(b).

Here, the Government has failed to identify the "what, when, where and how" of any payments made by the Government to One Way, let alone to identify with any level of specificity the circumstances constituting a mistaken understanding of fact that would require their repayment.  Additionally, assuming California law applies, the cause of action would, at best, be subject to a four-year statute of limitations (*see* Cal. Civ. Proc. § 338(d)), and would therefore be time barred based on the Government's knowledge of the material underlying facts of this matter having caused any claim for mistake to have accrued more than four years prior to the filing of the Complaint.  For those reasons, Count VI fails to state a cognizable claim against One Way and must be dismissed.

## III.    CONCLUSION

For the foregoing reasons, One Way respectfully requests that the Court enter an order granting its Motion to Dismiss and dismissing the Amended Complaint on file in this action in its entirety as to One Way.

DATED this 15th day of May, 2024.

HEATON LEGAL GROUP, LLC

    /s/ Jonathan W. Heaton
JONATHAN W. HEATON
Nevada Bar No. 12592
7285 Dean Martin Dr, Ste 180
Las Vegas, NV 89118
Telephone:    (702) 329-9901
Facsimile:    (702) 763-7385
Email: jon@heatonlegalgroup.com
*Attorneys for Defendants Partell Pharmacy LLC and One Way Drug LLC dba Partell Pharmacy*

**PROOF OF SERVICE**

I certify that on this 15th day of May, 2024, I caused the foregoing **ONE WAY DRUG LLC D/B/A PARTELL PHARMACY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** to be served by CM/ECF on the following parties:

> David A. Theiss
> Assistant United States Attorney
> Steven Tennyson
> Assistant United States Attorney
> 501 I Street, Suite 10-100
> Sacramento, CA 95814
> Telephone: (916) 554-2700
> Facsimile: (916) 554-2900
> Email: David.Thiess@usdoj.gov
> Email: Steven.Tennyson2@usdoj.gov

> James S. Bell
> JAMES S. BELL, P.C.
> 2808 Cole Avenue
> Dallas, TX 75204
> Telephone: (214) 668-9000
> Email: james@jamesbellpc.com

DATED this 15th day of May, 2024.

                                         /s/ Jonathan W. Heaton
                                         JONATHAN W. HEATON