PHILLIP A. TALBERT
United States Attorney
DAVID E. THIESS
STEVEN S. TENNYSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
David.Thiess@usdoj.gov
Steven.Tennyson2@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MATTHEW H. PETERS, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-00287-WBS-CKD<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT PARTELL PHARMACY LLC'S MOTION TO DISMISS (DKT. NO. 32)**<br><br>DATE :　July 8, 2024<br>TIME : 　1:30 pm<br>CTRM : 　5, 14th Floor<br>JUDGE: 　Honorable William B. Shubb |

United States' Opposition to
Partell Pharmacy LLC's
Motion to Dismiss

I. **PARTELL PHARMACY'S "FACTUAL" ASSERTIONS DO NOT WARRANT DISMISSAL OF ANY CLAIMS.**

Partell Pharmacy LLC offers a "Relevant Factual Background," asserting that it is not a pharmacy and could not have possibly been involved in pharmacy transactions. But the narrative it offers is entirely reliant on claims that are (1) not supported by any publicly available documents, (2) significantly belied by other publicly available information, and/or (3) taken from selectively excerpted documents.

Federal Rule of Evidence 201 only permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). The absence of reasonable dispute must be clear either because the fact is "generally known within the trial court's territorial jurisdiction" or the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. As relevant here, under controlling Ninth Circuit precedent, a document "subject to varying interpretations" does not qualify for judicial notice of adjudicative facts under Rule 201(b). *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018). The mere existence of assertions in a public record does not make them judicially noticeable facts. Here, the assertion that Partell Pharmacy has not operated as a pharmacy in any way is disputed and rests on deeply flawed evidentiary grounds.

First, Partell Pharmacy's assertion that it is a "personal injury lien business" is gratuitous. (Dkt. 32 at 3-4). No judicially noticeable documents support this assertion. (*See id*.). Instead, these assertions are bare "attorney argument," which "is not evidence." *DNA Genotek Inc. v. Spectrum Sols.*, 671 F. Supp. 3d 1105, 1134 (S.D. Cal. 2023) (collecting cases). This unsupported defense should be rejected at this stage.[1]

Next, Partell Pharmacy LLC asks the Court to take judicial notice of a Nevada State Board of Pharmacy license search (Dkt. 32-1, Exhibit A). Partell Pharmacy asserts that Exhibit A is the only search result for the word "Partell" in the Nevada license search and that the license entry appearing at Exhibit A is "connected to One Way Drug d/b/a Partell Pharmacy." (Dkt. No. 32 at 4). But Exhibit A simply shows a facility with the name "Partell Specialty Pharmacy." It does not list the name One Way Drug. Its

---

[1] The fact that Partell Pharmacy cannot cite any public documents supporting this argument is worth noting, but even if Partell Pharmacy were to have cited judicially noticeable documents showing its involvement in the personal injury lien business, that would not preclude it from also acting as a pharmacy.

1

United States' Opposition to
Partell Pharmacy LLC's
Motion to Dismiss

value as to Partell Pharmacy's argument is questionable.

Even so, other publicly available records directly contradict Partell Pharmacy LLC's assertion that it is not involved in the pharmacy business. Public records show that Partell Pharmacy registered as a pharmacy for a National Provider Identifier ("NPI") number. (*See* Dkt. No. 43-1, United States' Request for Judicial Notice, Exhibit 1). An NPI is "[t]he standard unique health identifier for health care providers." 42 C.F.R. § 162.406(a). Health care providers must apply for an NPI from the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services, through the National Provider System. 42 C.F.R. § 162.410. Among other uses, a health care provider's NPI is listed in claims the provider submits to health insurance payors, to uniquely identify the provider as having furnished the items or services. 42 C.F.R. § 162.410(a)(2); 42 C.F.R. § 162. 412(a). As shown by Exhibit 1, the Selected Taxonomy that Partell Pharmacy designated on its NPI enrollment was "Pharmacy - Community/Retail Pharmacy." To the extent the Court takes judicial notice regarding Partell Pharmacy LLC's business model, the United States requests that the Court take notice of Partell Pharmacy's NPI enrollment as a pharmacy.[2]

In addition to identifying the company as a pharmacy, the NPI enrollment for Partell Pharmacy identifies Defendant Matthew Peters as "Owner" and lists the company's Primary Practice Address as 2560 E. Sunset Road, Suite 120, Las Vegas, NV 89120. That is the same address alleged in the United States' First Amended Complaint ("Complaint") for another Defendant Pharmacy, Professional Rx Pharmacy. (*See* Dkt. No. 5 ("Compl.") ¶¶ 6, 16). It is clear: Partell Pharmacy LLC is a pharmacy, consistent with the plain suggestion of its name.[3]

The Nevada Secretary of State "SilverFlume" Business Portal listing attached as Exhibit B to Partell Pharmacy LLC's Motion does not help its argument. (Dkt. 32-2, Exhibit B). Rather, it shows overlap with the business of One Way Drug d/b/a Partell Pharmacy (in addition to the obvious overlap in

---

[2] The NPI Enumeration Date is December 27, 2018, which is consistent with Partell Pharmacy's date of formation (November 20, 2018) asserted by Partell Pharmacy in its Motion and not with the formation year (2006) that Partell Pharmacy asserts for One Way Drug d/b/a Partell Pharmacy. (*See* Dkt. 32 at 4).

[3] At minimum, these documents are "subject to varying interpretations." *Khoja*, 899 F.3d at 999. With all allegations assumed as true and inferences taken in favor of the plaintiff, as required, the business line of Partell Pharmacy LLC is not resolvable in the manner requested by Partell Pharmacy LLC at this early stage.

2

United States' Opposition to
Partell Pharmacy LLC's
Motion to Dismiss

1 business name), which Partell Pharmacy LLC admits is a pharmacy. As described in the United States'
2 Request for Judicial Notice, Partell Pharmacy LLC's Exhibit B was excerpted at the bottom to exclude
3 "Officer Information" that is listed on the same state web page. A full printout of the Nevada Business
4 Portal record is attached to this Opposition. (*See* Dkt. No. 43-1, United States' Request for Judicial Notice,
5 Exhibit 2, at pages 1-2). The Officer Information section details that from the time of formation until
6 November 30, 2020, the Manager of Partell Pharmacy LLC was Robert Seik, with the listed address of
7 5835 S. Eastern, Las Vegas, NV 89119.[4] That is the address for One Way Drug d/b/a Partell Pharmacy
8 that is alleged in the Complaint (Compl. ¶ 15) and that Partell Pharmacy LLC propounded in its Motion
9 with respect to One Way Drug d/b/a Partell Pharmacy. (Dkt. 32 at 4). In addition, the address fields for
10 the entity in the Nevada Business Portal are blank. (*See* Dkt. No. 43-1, United States' Request for Judicial
11 Notice, Exhibit 2, at pages 3-16). No address is provided. Thus, according to the full version of the Nevada
12 Business Portal records on which Partell Pharmacy LLC attempts to rely, the only address that was
13 associated with Partell Pharmacy LLC between November 2018 and November 2020 was that of another
14 pharmacy—One Way Drug d/b/a Partell Pharmacy.

15 Finally, *Khoja* makes clear that, as is the case here, documents consistent with a defendant's
16 alleged fraudulent activity should not be accepted as true for purposes of judicial notice. In that situation,
17 taking judicial notice of documents submitted by defendants "would mean assuming the truth of all of
18 Defendants' allegedly false or misleading statements," making it "impossible ever to successfully plead a
19 fraud claim." *Khoja*, 899 F.3d at 1015. As alleged here, Defendant Peters engaged in a sophisticated fraud
20 that utilized duplicative shell entities. (Compl. ¶¶ 258-271). One hallmark of Defendant Peters' fraud was
21 to use multiple entities with near identical names attached to the same pharmacy. (*Id*. ¶262). Partell
22 Pharmacy LLC's request for judicial notice assumes that Defendant Peters' use of corporate formalities
23 and pharmacy licenses was entirely appropriate. But given the facts alleged in the Complaint, the Court
24 should not make that assumption. *See Khoja*, 899 F.3d at 1015.

---

[4] Michael Peters is the current registered manager for Partell Pharmacy, in addition to being listed as an officer or agent for numerous of the other defendants in this action. (Compl. ¶¶ 6, 9, 16, 19, 30).

3

United States' Opposition to
Partell Pharmacy LLC's
Motion to Dismiss

II. **The United States Incorporates Its Opposition to the Motion Dismiss of One Way Drug d/b/a Partell Pharmacy's Motion to Dismiss.**

Other than Partell Pharmacy LLC's attempt to have the Court take judicial notice of its business model, Partell Pharmacy LLC's Motion to Dismiss almost entirely follows the Motion to Dismiss of One Way Drug d/b/a Partell Pharmacy (Dkt. No. 33), with the overwhelming majority of text copied and pasted, save changing the name between Partell Pharmacy LLC and One Way Drug d/b/a Partell Pharmacy. Rather than reproducing here its arguments from its Opposition to the Motion of One Way Drug d/b/a Partell Pharmacy LLC (Dkt. No. 42), the United States refers the Court to the analysis from that Opposition, as applied to Partell Pharmacy LLC.

III. **CONCLUSION**

Partell Pharmacy LLC's assertions in its Motion to Dismiss that it has not been involved in the pharmacy business cannot be accepted. Partell Pharmacy LLC participated in two kickback schemes designed to extract payments from federal health care programs and other payors, with a role plainly described in the Complaint. The Complaint plausibly alleges those schemes with exacting factual basis and detail. Partell Pharmacy LLC's motion should be denied in its entirety.

Respectfully submitted,

PHILLIP A. TALBERT
UNITED STATES ATTORNEY

Dated: June 13, 2024        By:    /s/ David E. Thiess
                                    DAVID E. THIESS
                                    STEVEN S. TENNYSON
                                    Assistant United States Attorneys