1  JONATHAN W. HEATON
   Nevada Bar No. 12592
2  HEATON LEGAL GROUP, LLC
   7285 Dean Martin Dr, Ste 180
3  Las Vegas, NV 89118
4  Telephone:  702-329-9901
   Facsimile:   702-763-7385
5  jon@heatonlegalgroup.com
   *Attorneys for Defendants Partell*
6  *Pharmacy LLC and One Way*
7  *Drug LLC dba Partell Pharmacy*

8

# UNITED STATES DISTRICT COURT

9

# EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | Case No. 2:24-cv-00287-CKD |
| 12           Plaintiff, | |
| 13      v. | **ONE WAY DRUG LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS (DKT. NO. 33)** |
| 14  MATTHEW H. PETERS, BAYVIEW SPECIALTY SERVICES LLC, COASTLINE SPECIALTY SERVICES LLC, STRAND VIEW CORPORATION, INNOVATIVE SPECIALTY SERVICES LLC, PARAGON PARTNERS LLC (D/B/A PARAGON MEDICAL PARTNERS), CARDEA CONSULTING LLC, PRAXIS MARKETING SERVICES LLC, PROFESSIONAL RX PHARMACY LLC, INLAND MEDICAL CONSULTANTS LLC (D/B/A ADVANCED THERAPEUTICS), PORTLAND PROFESSIONAL PHARMACY LLC, SUNRISE PHARMACY LLC, PROFESSIONAL 205 PHARMACY LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), SYNERGY MEDICAL SYSTEMS LLC (D/B/A SYNERGY RX), SYNERGY RX LLC (D/B/A SYNERGY RX), PRESTIGE PROFESSIONAL PHARMACY, JMSP LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), MPKM, LLC (D/B/A | Hearing Date:  July 8, 2024<br>Time:  1:30 pm<br>Courtroom: 5, 14th Floor<br>Judge:  William B. Shubb |

28

PROFESSIONAL CENTER PHARMACY),
ONE WAY DRUG LLC (D/B/A PARTELL PHARMACY), PARTELL PHARMACY LLC, OPTIMUM CARE PHARMACY INC. (D/B/A MARBELLA PHARMACY), GLENDALE PHARMACY LLC, and LAKE FOREST PHARMACY (D/B/A LAKEFOREST PHARMACY),

        Defendants.

## I. The Government's Attempt to Minimize the Rule 9(b) Standard in This Case Should Be Rejected.

The Government's Opposition to One Way Drug LLC's Motion to Dismiss (ECF No. 42) attempts to render the Rule 9(b) particularity pleading requirement effectively meaningless in this case by arguing that the grouping together of 15 separate named "Defendant Pharmacies" and generically alleging, with virtually no supporting detail, each to have had exactly the same "role" in Defendant Matthew Peters' scheme is sufficient for the Complaint to survive dismissal. It is not sufficient.

As more fully presented in Partell Pharmacy LLC's Motion to Dismiss (ECF No. 32) and its reply in support of that motion (which is being submitted contemporaneously herewith), at least one of the "Defendant Pharmacies" named in the Complaint is not even a pharmacy. More pertinent to the instant Reply in support of the Motion to Dismiss made by One Way Drug LLC ("One Way") is the fact established (and capable of judicial notice) that One Way has been an established pharmacy in Nevada for approximately 17 years. These facts hint at the "Defendant Pharmacies" not actually being nearly as similarly situated as the Government contends and run contrary to the Complaint's conclusory attempt to paint each of the Defendant Pharmacies as an essentially fraudulent mail-order operation "controlled and operated in fact by Peters" and "operationally similar and largely interchangeable." (*See* Complaint ¶¶ 6-22.)

In support of its arguments, the Government relies primarily on *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667 (9th Cir. 2018) for the flawed proposition that so long as bare-


bones allegations have been made of a common role among the grouped Defendant Pharmacies, the Complaint need not differentiate between them or provide any further detail. But while *WellPoint* does allow for common allegations among "defendants that had the exact same role in the fraud," it still recognizes that differently situated defendants require differentiated allegations. *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018). Likewise, *WellPoint* does not purport to override the general rule that "[b]road allegations that include no supporting detail do not suffice." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

In the instant case, the Complaint makes the conclusory assertion that the One Way is similarly situated and interchangeable with each of the other 15 Defendant Pharmacies but provides no particularized details whatsoever that would support that assertion. Likewise, as already highlighted in One Way's pending Motion, the Complaint contains significant details regarding the <u>schemes</u> alleged to have been orchestrated by Defendant Peters, but virtually everything that could even remotely be said to relate to <u>false claims</u> allegedly submitted by the Defendant Pharmacies is conclusory, non-specific, and without supporting detail. The Government must not be permitted to proceed on claims against One Way when it has not met the heightened pleading standard of Rule 9(b). The Complaint must be dismissed.

## II.     <u>The Allegations in the Complaint Are Not Sufficiently Particularized as to Timing.</u>

In its Opposition, the Government focuses on various scheme-related events that allegedly occurred in 2018, 2019, and 2020, but it fails to acknowledge that a significant number of the events alleged in the Complaint took place before January 22, 2018 (the earliest possible date that would fall within the FCA's 6-year statute of limitations). Moreover, the Complaint's almost exclusive focus on the events surrounding kickbacks means that there are no dates or ranges of dates provided for when false claims were allegedly made. This deficiency in particularity is magnified in light of the Government's failure and refusal to differentiate between the various Defendant Pharmacies because it is impossible to ascertain from the allegations of the Complaint the timeframe during which any given Defendant Pharmacy is alleged to have submitted false claims.

If, for example, allegations of false claims submitted by One Way were to predate 2018, the Government's allegations would be entirely time barred, and dismissal would be mandated on that basis. But instead of making the timeframe of the allegations particularized and clearly within the statute of limitations as to each Defendant, the Complaint forces each Defendant to remain in the dark as to the "when" of the allegations against it. Such is not permissible under the Rule 9(b) standard. *See Cafasso v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (requiring that a pleading subject to Rule 9(b) must identify the "who, what, <u>when</u>, where, and how of the misconduct charged") (emphasis added).

### III. The Complaint Fails to Sufficiently Plead a Link Between the Kickback Schemes and False Claims.

As discussed in One Way's Motion, an FCA claim that is premised upon a violation of the AKS, as in this case, requires the pleading of the link between the alleged kickback scheme and any alleged false claims. The Government, in its Opposition, takes issue with One Way's suggestion that a "but-for" standard ought to apply in this case (consistent with the position of a growing number of courts and circuits) and otherwise cites to generalized allegations about the scheme in the Complaint in an attempt to characterize the said allegations as presenting a "crystal clear" link (*see* Opposition, p. 9), but the Government largely fails to acknowledge the overarching point made in One Way's Motion, which is that whatever standard of causation is to be applied, the allegations contained in the Complaint are centered almost entirely on Defendant Peters and fail to allege false claims specific to One Way or to connect the dots between the kickbacks allegedly orchestrated by Peters and the false claims allegedly submitted to federal programs by One Way.

Again, the only allegations in the Complaint pertaining to Peters' involvement with One Way are several conclusory statements mirrored as to each of the Defendant Pharmacies and presented without supporting details but asserting that Peters was controlling 15 similarly situated pharmacy entities. Those allegations are simply not sufficient to establish a link between the alleged illegal kickbacks and One Way; therefore, the Complaint must be dismissed as to One Way.

4

### IV. The Reverse FCA Claim Must Be Dismissed.

The Government's arguments pertaining to its reverse FCA claim are unavailing and cannot overcome the problem of that claim being redundant of the Government's direct false statement claim. In particular, the Government's suggestion of the Complaint having alleged that One Way somehow received notice or warning of its failure to comply with federal healthcare program payment terms is simply not consistent with any kind of fair reading of the Complaint. The "several warnings" cited in the Government's Opposition (*see* Opposition, p. 15) are not alleged in the Complaint as having been received by One Way, nor are they even alleged to have been received by the Defendant Pharmacies more generally. Instead, the cited "warnings" were alleged to have been received by Peters, sales representatives, and/or physicians. (*See* Complaint ¶¶ 231, 232, 255.) The attempt to impute such warnings to One Way without even properly making such an allegation in the Complaint is yet another example the Government's failure to properly treat separate parties as separate and to differentiate allegations that ought to be differentiated. The reverse FCA claim must be dismissed.

### V. CONCLUSION

For the foregoing reasons, Defendant One Way respectfully requests that the Court enter an order granting its Motion to Dismiss and dismissing the Amended Complaint on file in this action in its entirety as to One Way.

DATED this 24th day of June, 2024.

HEATON LEGAL GROUP, LLC

　/s/ Jonathan W. Heaton　
JONATHAN W. HEATON
Nevada Bar No. 12592
7285 Dean Martin Dr, Ste 180
Las Vegas, NV 89118
Telephone:   (702) 329-9901
Facsimile:   (702) 763-7385
Email: jon@heatonlegalgroup.com
*Attorneys for Defendants Partell Pharmacy LLC and One Way Drug LLC dba Partell Pharmacy*

## **PROOF OF SERVICE**

I certify that on this 24th day of June, 2024, I caused the foregoing **ONE WAY DRUG LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS (DKT. NO. 32)** to be served by CM/ECF on the following parties:

David A. Theiss
Assistant United States Attorney
Steven Tennyson
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Email: David.Thiess@usdoj.gov
Email: Steven.Tennyson2@usdoj.gov

James S. Bell
JAMES S. BELL, P.C.
2808 Cole Avenue
Dallas, TX 75204
Telephone: (214) 668-9000
Email: james@jamesbellpc.com

DATED this 24th day of June, 2024.

                                           /s/ Jonathan W. Heaton
                                           JONATHAN W. HEATON