JONATHAN W. HEATON
Nevada Bar No. 12592
HEATON LEGAL GROUP, LLC
7285 Dean Martin Dr, Ste 180
Las Vegas, NV 89118
Telephone:   702-329-9901
Facsimile:     702-763-7385
jon@heatonlegalgroup.com
*Attorneys for Defendants Partell Pharmacy LLC and One Way Drug LLC dba Partell Pharmacy*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cv-00287-CKD |
| Plaintiff, | |
| v. | **PARTELL PHARMACY LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS (DKT. NO. 32)** |
| MATTHEW H. PETERS, BAYVIEW SPECIALTY SERVICES LLC, COASTLINE SPECIALTY SERVICES LLC, STRAND VIEW CORPORATION, INNOVATIVE SPECIALTY SERVICES LLC, PARAGON PARTNERS LLC (D/B/A PARAGON MEDICAL PARTNERS), CARDEA CONSULTING LLC, PRAXIS MARKETING SERVICES LLC, PROFESSIONAL RX PHARMACY LLC, INLAND MEDICAL CONSULTANTS LLC (D/B/A ADVANCED THERAPEUTICS), PORTLAND PROFESSIONAL PHARMACY LLC, SUNRISE PHARMACY LLC, PROFESSIONAL 205 PHARMACY LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), SYNERGY MEDICAL SYSTEMS LLC (D/B/A SYNERGY RX), SYNERGY RX LLC (D/B/A SYNERGY RX), PRESTIGE PROFESSIONAL PHARMACY, JMSP LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), MPKM, LLC (D/B/A | Hearing Date:  July 8, 2024<br>Time:  1:30 pm<br>Courtroom: 5, 14th Floor<br>Judge:  William B. Shubb |

PROFESSIONAL CENTER PHARMACY),
ONE WAY DRUG LLC (D/B/A PARTELL
PHARMACY), PARTELL PHARMACY
LLC, OPTIMUM CARE PHARMACY INC.
(D/B/A MARBELLA PHARMACY),
GLENDALE PHARMACY LLC, and
LAKE FOREST PHARMACY (D/B/A
LAKEFOREST PHARMACY),

      Defendants.

## I. The Government Has Utterly Failed to Plead Particularized Allegations Against Partell Pharmacy LLC.

Similar to its Complaint, the Government's Opposition to Partell Pharmacy LLC's Motion to Dismiss (ECF No. 43) makes no attempt whatsoever to directly and forthrightly allege that Partell Pharmacy LLC ("Partell") actually submitted any specific false claims to federal programs or otherwise participated or conspired in false claims that may have been submitted in connection with the scheme alleged in the Complaint. Instead, the Opposition asks the Court to preserve each of its claims against Partell in reliance on unreasonable and convoluted interpretations of the public records submitted by Partell via its Motion and the additional mere fact of Partell having been assigned an NPI—a 10-digit identifier which is commonly held by numerous healthcare providers and participants in the industry (and not just pharmacies or even providers actively submitting claims to federal programs). On the basis of those shaky underpinnings, and citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), the Government suggests that if the Court were to decline to require something more than the imputing of generalized group allegations to Partell individually, it may be impossible for the Government to successfully plead its fraud claim. For the reasons stated herein, and as further presented in One Way Drug LLC's reply in support of its motion (which is being submitted contemporaneously herewith), the Government's position is simply untenable. The Government has utterly failed to plead, with the requisite particularity, any cognizable claims specific to Partell in this matter, and its Complaint must therefore be dismissed.

2

Partell's Reply in Support of MTD             Case No. 2:24-cv-00287-CKD

a. **The public records submitted by Partell with its Motion are not "subject to varying interpretations" under *Khoja*.**

The Government's attempt to muddy the waters by overcomplicating and misconstruing the documents submitted with Partell's Motion should be rejected. In attacking those documents, the Government's primary arguments are (1) that the license appearing in the Nevada Board of Pharmacy's database (Exhibit A to Partell's Motion) is unclear as to which "Partell" entity it is associated with, and (2) that the Nevada SilverFlume records (Exhibit B to Partell's Motion, as supplemented by Exhibit 2 to the Opposition) suggest some kind of connection between the two entities based on listed officers and addresses, which give rise to "varying interpretations" pursuant to *Khoja*.

As to the Government's first point, there is no reasonable cause for any varying interpretations stemming from the Nevada Pharmacy Board database result. There is definitively only one license listed, and that license clearly dates back to June 29, 2007, corresponding closely to the date of One Way Drug LLC's original business formation and registration with the State of Nevada in April 2006. The license indisputably predates Partell Pharmacy LLC's business formation and registration with the State of Nevada by over a decade. Thus, it is entirely appropriate for the Court to take judicial notice of the fact that One Way Drug LLC d/b/a Partell Pharmacy is the only licensed "Partell" pharmacy in the State of Nevada.

Turning to the Government's second argument, even accepting the existence of a plausible connection between officers of Partell Pharmacy LLC and One Way Drug LLC, that connection still does not support the maintenance of claims against two separate "Defendant Pharmacies" where one of them is not a pharmacy. The Government cannot overcome that obvious problem simply by trying to draw vague lines between listed officers and addresses or by vaguely suggesting some potential issue with corporate formalities between Partell and One Way Drug LLC, especially where no such allegations (vague or otherwise) appear anywhere in the Complaint. The Government may be suspicious generally of individuals and/or entities appearing to have associations with Defendant Peters, but unless such parties can (and are properly alleged to) fall

within the scope of the causes of action in the Complaint, they are not properly included as Defendants

      b.    **The existence of an NPI for Partell has no relevance to this matter and does not save the Complaint from its deficient pleading as to Partell.**

In an apparent further attempt to muddy the waters and call into question the clear non-existence of two separate "Partell" pharmacies in Nevada which could have both submitted false claims, the Government points to the existence of an NPI for Partell and requests that the Court take judicial notice of that NPI and certain listed information associated with it. But an NPI has no bearing whatsoever on whether Partell is, in fact, a pharmacy.

According to the Centers for Medicare and Medicaid Services ("CMS"):

> An NPI is a 10-digit numeric identifier. It doesn't have information about you, like the state where you practice, your provider type, or your specialization. Your NPI won't change, even if your name, address, taxonomy, or other information changes.

*NPI: What You Need to Know*, p.3, https://www.cms.gov/outreach-and-education/medicare-learning-network-mln/mlnproducts/downloads/npi-what-you-need-to-know.pdf (last visited June 24, 2024). HIPAA-covered providers are required to get an NPI, and many individuals and entities involved in healthcare (including physicians, suppliers, hospitals, and others) may get an NPI. *See id.* at pp.4-5. Thus, an NPI is akin to a social security number or EIN and merely provides a unique identifier for a participant in the healthcare industry for use in potential insurance billing and other transactions.

Based on the foregoing, the mere fact of Partell having been assigned an NPI is not of any value in establishing it as a pharmacy, nor is the NPI, in and of itself, of any value in establishing whether Partell may have submitted claims to federal programs. Just as importantly, the existence of the NPI likewise does not solve the Government's problem of having generically named and brought allegations against two separate "Partell" Defendant Pharmacies in its Complaint when, as already stated, only one such pharmacy appears in the Nevada State Board of Pharmacy's public

database.[1]

### c. The Government must not be permitted to improperly force Partell to participate as a Defendant in these proceedings when it has failed to adequately put Partell on notice as to the specific allegations and claims against which it will be required to defend.

With the foregoing points having been made, it bears repeating (as originally stated in Partell's pending Motion) that not a single, solitary paragraph of the Complaint actually describes any specific involvement by Partell in this matter. In a Complaint spanning 53 pages and 303 numbered paragraphs, which goes to great lengths to describe a complex scheme of kickbacks allegedly orchestrated by Matthew Peters, it is unfathomable that (considering the Government presumably has access to federal program claim and payment information, and assuming the Government actually had good cause to believe Partell participated in the alleged scheme in some kind of actionable way) the Government could not and would not include even one or two paragraphs in the Complaint summarizing or giving examples of false claims that Partell individually is alleged to have submitted or participated in (or otherwise connecting dots in a way that might justify Partell's inclusion as a Defendant Pharmacy).

The fact that the Complaint utterly avoids any particularized or differentiated allegations as to Partell individually and instead seeks to stand on its generic grouping of Partell into a class of "Pharmacy Defendants" is highly problematic. The Government, in its Opposition, appears not to recognize or believe in any limiting principle for such an approach. Using the Government's flawed logic, any unrelated business entity might be substituted in for Partell in this situation and be forced beyond a pleadings-based challenge and well into discovery before it could prove that it should never have been so grouped in the first place. Such is not consistent with the heightened standard required by Rule 9(b). There are good reasons for that standard, and the Government must not be permitted to sidestep them. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (observing that Rule 9(b)'s heightened particularity standard "serves not only to give

---

[1] On this point, the Government asks the Court to take judicial notice of the existence of Partell's NPI but fails to disclose that the same cited public directory readily reveals an NPI for One Way Drug LLC as well.

notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis").

## II. **Partell Incorporates Herein One Way Drug LLC's Reply in Support of Motion to Dismiss.**

Consistent with the Government's approach in its Opposition of incorporating by reference its arguments opposing One Way Drug LLC's Motion to Dismiss, Partell hereby incorporates by reference the arguments of One Way Drug LLC in its Reply in Support of Motion to Dismiss, which is being filed contemporaneously herewith. The majority of the arguments made herein are specific to Partell, but the arguments made in One Way Drug LLC's reply brief have application to both Defendants.

## III. **CONCLUSION**

For the foregoing reasons, Partell respectfully requests that the Court enter an order granting its Motion to Dismiss and dismissing the Amended Complaint on file in this action in its entirety as to Partell.

DATED this 24th day of June, 2024.

HEATON LEGAL GROUP, LLC

  /s/ Jonathan W. Heaton
JONATHAN W. HEATON
Nevada Bar No. 12592
7285 Dean Martin Dr, Ste 180
Las Vegas, NV 89118
Telephone:   (702) 329-9901
Facsimile:    (702) 763-7385
Email: jon@heatonlegalgroup.com
*Attorneys for Defendants Partell Pharmacy LLC and One Way Drug LLC dba Partell Pharmacy*

## **PROOF OF SERVICE**

I certify that on this 24th day of June, 2024, I caused the foregoing **PARTELL PHARMACY LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS (DKT. NO. 32)** to be served by CM/ECF on the following parties:

David A. Theiss
Assistant United States Attorney
Steven Tennyson
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Email: David.Thiess@usdoj.gov
Email: Steven.Tennyson2@usdoj.gov

James S. Bell
JAMES S. BELL, P.C.
2808 Cole Avenue
Dallas, TX 75204
Telephone: (214) 668-9000
Email: james@jamesbellpc.com

DATED this 24th day of June, 2024.

                                                  /s/ Jonathan W. Heaton
                                                JONATHAN W. HEATON