PHILLIP A. TALBERT
United States Attorney
DAVID E. THIESS
STEVEN S. TENNYSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
David.Thiess@usdoj.gov
Steven.Tennyson2@usdoj.gov
*Attorneys for the United States of America*

JONATHAN W. HEATON
Nevada Bar No. 12592
HEATON LEGAL GROUP, LLC
7285 Dean Martin Dr, Ste 180
Las Vegas, NV 89118
Telephone: 702-329-9901
Facsimile: 702-763-7385
jon@heatonlegalgroup.com
*Attorney for Defendant One Way Drug LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MATTHEW H. PETERS, et al.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-00287-WBS-CKD<br><br>**JOINT STATUS REPORT**<br><br>STATUS CONFERENCE:<br>DATE　　: 9/23/2024<br>TIME　　: 1:30 p.m.<br>CTRM　　: 5, 14th Floor<br>JUDGE　　: Hon. W. B. Shubb |

Pursuant to Fed. R. Civ. P. 26(f), the United States and Defendant One Way Drug LLC, by and through their undersigned counsel, hereby submit this Joint Status Report. Counsel for the United States, Defendants One Way Drug LLC, and Defendant Matthew Peters and various other Defendants met and conferred on August 29, 2024, pursuant to Fed. R. Civ. P. 26(f)(1). This Joint Status Report reflects the content of that meeting among counsel for the parties. Counsel for Defendant Matthew

Peters and various other Defendants[1] did not respond to drafts of this Joint Status Report to provide input, edits, or consent, however, and may provide its own Status Report.

**(A)** <u>**Brief Summary of the Claims**</u>

### Plaintiff's Summary of the Claims

The United States of America brought this action to recover damages from false claims submitted to various federal health care programs in connection with two kickback schemes operated by the Defendants. The kickbacks were made to induce or reward prescriptions directed to a series of pharmacies operated or controlled in practice by Defendant Matthew Peters ("the Defendant Pharmacies"). The two parallel financial kickback schemes included, first, the use of two "management services organizations" ("the Defendant MSOs"), in which prescribing clinicians were offered the opportunity to invest, that Peters created and controlled to pay kickbacks to those prescribers, disguised as investment income. These investments and financial returns were designed and operated to induce and reward investing clinicians' prescriptions to the Defendant Pharmacies. Second, Peters paid financial rewards to a series of loosely-affiliated independent sales representatives ("the Sales Representatives") in the form of commissions, rewarding the Sales Representatives for bringing in high quantities of expensive prescriptions to the Defendant Pharmacies. To pay these commissions, revenues were directed from the Defendant Pharmacies through various entities operated or controlled by Peters, including Defendants Paragon Medical Partners, Praxis Marketing Services LLC, and Cardea Consulting LLC (collectively, the "Marketing Entity Defendants").

These arrangements violated the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). Defendants knew these arrangements were unlawful, yet submitted, or caused to be submitted, claims for reimbursement for prescriptions generated from the unlawful kickbacks, in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*.

The United States seeks to recover treble damages and civil penalties under the FCA, based on causes of action for the presentation of false claims to federal health care programs, causing such false

---

[1] See list of Defendants, Answer of Matthew Peters et al., Dkt. No. 53, at 3)

JOINT STATUS REPORT                               2

claims to be submitted, conspiracy with respect to such false claims, and knowingly and improperly retaining amounts unlawfully paid to the Defendant Pharmacies in connection with claims for prescriptions generated from the unlawful kickbacks. The United States also seeks relief under the common law and in equity, based on unjust enrichment (against Defendant Peters) and payment by mistake (against Defendant Peters and the Defendant Pharmacies). The United States seeks damages, penalties and relief with respect to claims submitted to federal health care programs on or after January 22, 2018, and with respect to federal health care program reimbursement received and retained after that date.

**One Way Drug's Summary of the Claims**

None provided.

**(B) Status of Service**

All defendants have been served.[2]

**(C) Joinder of Additional Parties**

The United States may seek to join certain parties that are described in the Complaint (but not currently joined as defendants), as appropriate, but does not currently anticipate additional parties.

**(D) Contemplated Amendments to the Pleadings**

The parties do not currently anticipate amendments to the pleadings.

**(E) Statutory Basis of Jurisdiction and Venue**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1367(a). This Court may exercise personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) and because Defendants have transacted business in the Eastern District of California. Venue is proper in the Eastern District of California under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b)

---

[2] Several Defendants in this Action have been served but not appeared. Those include Strand View Enterprises LLC, Professional Rx Pharmacy LLC, Inland Medical Consultants LLC (d/b/a Advanced Therapeutics), Synergy Medical Systems LLC (d/b/a Synergy Rx), and Synergy Rx LLC (d/b/a Synergy Rx).

because Defendants have transacted business in this District, and a substantial part of the events giving rise to this Action occurred in this District.

**(F) Proposed Discovery Plan**

The Parties have agreed to exchange initial disclosures on November 1, 2024. No changes or modifications to the disclosures are necessary. The parties agree that discovery should not be conducted in phases or be limited to or focused upon particular issues, except for the respective deadlines for fact and expert discovery identified below. At present, beyond the deadlines identified below, the parties seek no modification of the federal discovery rules. Without waiving any potential objections based on relevance, proportionality, and/or other scope limitations that may be contemplated under Rule 26, the parties agree that the period subject to discovery shall be January 1, 2017 to the present. Relevant proposed discovery deadlines are set forth in Section G of this Joint Status Report.

*Topics for Discovery*: The United States plans to conduct discovery with respect to each of the issues identified or described in the Complaint, including but not limited to: ownership, operation and control of each Defendant entity; financial transactions and arrangements between Defendants; financial transactions and arrangements involving other entities operated or controlled by Defendant Peters regarding the arrangements described in the Complaint; business plans with respect to the Defendant MSOs or similar arrangement involving clinician ownership of entities affiliated with the Defendant Pharmacies; the terms, requirements, or expectations related to investment in the Defendant MSOs (whether formal or informal); communications with clinicians investing in the Defendant MSOs or prospective investors; financial returns from the Defendant MSOs paid to investors; the identity of investors in the Defendant MSOs; records tracking MSO investors' or prospective investors' prescriptions; identity of the Sales Representatives; commission arrangements and payments to the Sales Representatives; promotional tactics used by the Sales Representatives; audits, reviews, or investigations of claims, medical records, or conduct of the Defendant Pharmacies or other Defendants; compliance advice regarding the arrangements described in the Complaint; complaints or reports of noncompliance or potential compliance received by Defendants with respect to the Anti-Kickback Statute or inappropriate billing for prescription medications; billing and revenue information with respect to claims

submitted by the Defendant Pharmacies (including the disposition of such revenues); Defendants' knowledge of unlawfulness with respect to the arrangements described in the Complaint; and Defendants' affirmative defenses. The United States plans to conduct discovery of documents, communications, and witnesses, including parties and non-parties to this action identified or described in the Complaint.

**(G) Proposed Cut-Off Dates for Discovery**

　　Close of fact discovery: August 22, 2025

　　Expert disclosures due: September 20, 2025

　　Expert reports due: October 22, 2025

　　Expert rebuttal reports due: November 22, 2025

**(H) Proposed Dates by Which All Motions Shall Be Filed and Heard**

　　Deadline to file fact discovery motions: August 22, 2025

　　Deadline to file dispositive motions: December 13, 2025

　　Deadline to file expert motions: December 13, 2025

　　Deadline to file motions in limine:  January 19, 2026

(I) **Any Proposed Modification of Standard Pretrial Proceedings**

　　None.

**(J) Estimated Length of Trial**

　　15 days.

**(K) Statement re Related Cases, Including Matters in Bankruptcy**

　　Plaintiff: None.

　　One Way Drug d/b/a Partell Pharmacy: None.

**(L)  Any Other Matters Discussed in Local Rule 240, as Currently Anticipated**

　　The parties discussed the possibility of alternate dispute resolution, including this District's Voluntary Dispute Resolution Program (VDRP), and agreed they are amenable to the use of alternate dispute resolution.

The United States anticipates filing a Motion to Strike certain affirmative defenses pled by Defendants.

**(M) <u>Statement by Nongovernmental Corporate Parties re Parent and Subsidiary Corporations or Certain Stock Ownership</u>**

One Way Drug LLC d/b/a Partell Pharmacy does not have any parent or subsidiary corporations and has no publicly held company owning 10% or more of its stock.

**(N) <u>Other Proposed Case Schedule</u>**

Deadline for any Defendant to inform the United States that it plans to assert the advice of counsel defense and waives relevant privilege: December 2, 2024

**(O) <u>Status Conference Appearance Preference</u>**

The Parties agree that they are satisfied to have the Court issue a Status (Pretrial Scheduling) Order based on this Joint Status Report without requiring that the Parties appear in person for a status conference.

Respectfully submitted,

Dated: September 9, 2024

By: PHILLIP A. TALBERT
UNITED STATES ATTORNEY

*/s/ David E. Thiess*
DAVID E. THIESS
STEVEN S. TENNYSON
Assistant United States Attorneys
Attorneys for Plaintiff United States of America

*/s/ Jonathan W. Heaton* (auth. 9/9/24)
JONATHAN W. HEATON
Nevada Bar No. 12592
HEATON LEGAL GROUP, LLC
Attorney for Defendant One Way Drug LLC