PHILLIP A. TALBERT
United States Attorney
DAVID E. THIESS
STEVEN S. TENNYSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
David.Thiess@usdoj.gov
Steven.Tennyson.2@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cv-00287-WBS-CKD |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |
| MATTHEW H. PETERS, *et al*. | |
| Defendants. | |
| | DATE : 10/28/2024<br>TIME : 1:30 p.m.<br>CTRM : 5, 14th Floor<br>JUDGE: Hon. W. B. Shubb |

The United States submits this Memorandum in support of its Motion to Strike certain affirmative defenses asserted by Defendants. Specifically, the United States moves the Court to strike affirmative defenses 2, 4, 5, and 11 asserted by Defendant Matthew Peters and various other Defendants (Dkt. No. 53, hereinafter "Peters Defenses"), and affirmative defenses 8, 9, 10, 11, 12, 14, 15, 16 and 17 asserted by One Way Drug LLC (Dkt. No. 52, hereinafter "One Way Drug Defenses").

I.   **INTRODUCTION**

In this action, the United States alleges that false claims were submitted to various federal health care programs in connection with two kickback schemes operated by the Defendants, in violation of the

False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. *See* Second Amended Complaint (Dkt. No. 50, hereinafter "Complaint"). The kickbacks were made to induce or reward prescriptions directed to a series of pharmacies operated or controlled Defendant Matthew Peters. The United States seeks to recover treble damages and civil penalties under the FCA with respect to the claims submitted to federal health care programs in connection with these fraudulently induced prescriptions, as well as relief under the common law and in equity, based on unjust enrichment and payment by mistake.

In response to the Complaint, the Answers filed by Defendants assert a total of thirty affirmative defenses, in kitchen sink fashion, each of them with a boilerplate reference to the name of a legal doctrine (some of which are recognized as affirmative defenses, and some not). None of the defenses are connected to any of the facts described in the Complaint, are supported by any details, or state in even the most general terms how the relevant doctrine applies in this case. *See Reiffer v. HGM Holdings LLC,* No. 1:18-cv-1058, 2019 WL 283706, at *3 (E.D. Cal. Jan. 22, 2019) (observing that "defendant throws the kitchen sink in affirmative defenses without making any effort to connect these boilerplate defenses to the facts of this case").

The United States moves the Court to strike thirteen of the thirty affirmative defenses. Each of these thirteen defenses fail because they cannot be asserted against the Government in this context, because they do not provide any notice to the United States regarding the application of the defense, or both. While the United States believes that all thirty defenses in Defendants' Answers fail for one or both of these reasons, this Motion focuses on those defenses that are most prejudicial to the United States based on the extent of irrelevant discovery and motion practice that they would impose. *See Brooks v. Bank of San Francisco*, 2:20-cv-01366, 2020 WL 6742885, at *1 (E.D. Cal. Nov. 17, 2020) (striking affirmative defenses because they "conceivably pose a risk that plaintiff will have to engage in futile discovery"); *United States v. Manhattan-Westchester Med. Servs., P.C.*, No. 06 Civ 7905, 2008 WL 241079, at *3 (S.D.N.Y. Jan. 28, 2008) (striking defenses in an FCA case, finding that where "a defense must fail as a matter of law, its inclusion prejudices the plaintiff because it will increase the duration and expense of trial").

//

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts may strike affirmative defenses either (1) as a matter of law or (2) in deficiency of pleading. *Brooks v. Bank of San Francisco*, 2:20-cv-01366, 2020 WL 6742885, at *1 (E.D. Cal. Nov. 17, 2020). In general, the purpose for a Court to strike affirmative defenses under Rule 12(f) is to "avoid spending time and money litigating spurious issues." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted).

Federal Rule of Civil Procedure 8 requires a party to "state in short and plain terms its defenses" to give the opposing party "fair notice" of the affirmative defense. Fed. R. Civ. P. 8(b), (c); *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016). Fair notice "requires that the defendant state the nature and grounds for the affirmative defense." *Id*. (citations omitted). "When asserting an affirmative defense, a reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Brooks*, 202 WL 6742885, at *1. This standard prevents "an all-too-common practice of proffering a litany of canned affirmative defenses with no supporting factual allegations." *United States v. Acad. Mortg. Corp.*, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020).

## III. DEFENDANTS ASSERT NUMEROUS AFFIRMATIVE DEFENSES THAT CANNOT BE RAISED AGAINST THE GOVERNMENT IN THIS MATTER

### A. Supreme Court Precedent Precludes the Application of Equitable Defenses Where the United States Seeks to Recover Public Funds Secured Through Fraud

*Affirmative Defenses at Issue*: Estoppel (One Way Drug Def. 10, Peters Def. 2); Ratification (One Way Drug Def. 12); Laches (One Way Drug Def. 15); Waiver/Release (One Way Drug Defs. 8 and 9); Unclean Hands/Bad Faith (One Way Drug Defs. 11 and 16); Failure to Mitigate Damages (One Way Drug Def. 14 and Peters Def. 4); and Contribution and Indemnification (Peters Def. 11)

This action seeks the return of public funds obtained in connection with fraudulent claims submitted to the United States. Defendants assert that the United States' recovery is barred, however, based on several non-statutory equitable defenses. These defenses fail, though, under Supreme Court precedent that equitable doctrines cannot bar the Government from recovering money paid in the

1 | absence of a statutory appropriation.  As a matter of law, these defenses do not apply to the United
2 | States' FCA or common law claims and should be stricken from the Defendants' answers.

3 | In *Office of Personnel Management v. Richmond*, 496 U.S. 414, 426 (1990), the Supreme Court held that an equitably-created defense cannot allow private litigants to retain public funds that Congress has not authorized.  In *Richmond*, an annuity benefit claimant sought to estop the United States from denying benefits, based on prior advice he had received from a federal employee that was erroneous.  *Id.* at 416.  But the Supreme Court refused, holding that "judicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized."  *Id.* at 426.  The Appropriations Clause of the United States Constitution provides that "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."  U.S. Const. art. I, § 9, cl. 7.  In *Richmond*, the Supreme Court summarized this Clause as requiring that "the payment of money from the Treasury must be authorized by a statute [and] . . . [n]o money can be paid out of the Treasury unless it has been appropriated by an act of Congress."  496 U.S. at 424 (citation and quotation marks omitted).  In light of this "straightforward and explicit command," the Supreme Court held that "[t]here can be no estoppel" in the context of the payment of public funds from the Treasury.  *Id.* at 424, 434.

The Supreme Court's ruling in *Richmond* echoes the Supreme Court's rejection of private litigants' attempts to assert estoppel against the Government other matters involving public funds.  In *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984), the Court rejected a health care provider's attempt to avoid recoupment of overpayments made under the Medicare program by asserting estoppel against the Government, noting "it is well-settled that the Government may not be estopped on the same terms as any other litigant."  *Id*. at 60 (citations omitted).  The Court further found that "[w]hen the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined."  *Id*.

Applying *Richmond*, the Ninth Circuit has likewise held that "claims for estoppel [against the Government] cannot be entertained where public money is at stake."  *United States v. Fowler*, 913 F.2d 1382, 1385 (9th Cir. 1990).  In a separate matter, the Ninth Circuit acknowledged that it had applied

estoppel against the Government in certain very limited matters not involving the recovery of public funds, but "we know of *no* Ninth Circuit case estopping the government from recovering an erroneous monetary payment, nor have the parties identified one." *Indus. Customers of Nw. Utils. v. Bonneville Power Admin.*, 767 F.3d 912, 928 (9th Cir. 2014).

In FCA actions, other courts have frequently applied *Richmond* to estoppel and other equitable defenses. Courts in this Circuit have regularly struck equitable affirmative defenses with respect to both FCA claims and related common law claims. For example, in *Osinek v. Permanente Medical Group, Inc.*, No. 13-cv-03891, 2023 WL 8811810 (N.D. Cal. Dec. 19, 2023), the court struck the defenses of estoppel, ratification, and failure to mitigate damages with respect to the United States' FCA claims, payment by mistake claim, and unjust enrichment claim. *Id.* at *12-13. The Court in *Osinek* struck the defenses of estoppel and ratification "based on *Richmond* and as a matter of statutory interpretation" under the FCA, and "[saw] no material reason why [] the defense of failure to mitigate should be treated differently from the defense of estoppel[.]" *Id.* at *13. Other courts have reached similar conclusions. *See, e.g., United States ex rel. Poehling v. UnitedHealth Group, Inc.*, No. CV 16-8697-MWF, 2019 WL 2353125, at *9–10 (C.D. Cal. Mar. 28, 2019) (holding that *Richmond* barred the defendants' non-statutory defenses, including failure to mitigate, ratification, government knowledge, unjust enrichment, and assumption of risk, in addition to estoppel); *United States ex rel. Baker v. Cmty. Health Sys., Inc.*, No. CIV. 05-279, 2011 WL 13115254 (D.N.M. Dec. 7, 2011) (in FCA action, holding that *Richmond* precluded application of estoppel, waiver, failure to mitigate, and unclean hands defenses). Courts generally strike these defenses with respect to the United States' common law claims on the same basis as to FCA claims. *See, e.g.*, *Poehling*, 2019 WL 2353125, at *9–10 (citing *Fowler*, 913 F.2d at 1385-86); *United States v. Manhattan-Westchester Med. Servs.*, No. 06 CIV.7905, 2008 WL 241079, at *3 (S.D.N.Y. Jan. 28, 2008).

Here, Defendants' non-statutory equitable defenses seek to do exactly what *Richmond* prohibits: compel the payment of money that Congress has not appropriated, through the improper application of equitably-created doctrines. Each of these affirmative defenses is an attempt by Defendants to retain money paid to them, notwithstanding the improper payments of kickbacks to generate prescriptions. But

Congress never appropriated money for Medicare to pay for prescriptions resulting from kickbacks. To the contrary, Congress has made clear that claims resulting from violations of the Anti-Kickback Statute constitute false claims recoverable under the FCA. 42 U.S.C. § 1320a-7b(g); *see also* 155 Cong. Rec. S10854 (Statement of Sen. Leahy observing that this amendment to the AKS clarifies "that all claims resulting from illegal kickbacks are considered false claims for purposes of civil action under the False Claims Act."). As one court in this Circuit put it, "there has been no authorization for the payment of money from the Treasury based on Fraud." *United States v. Hughes Aircraft Co.*, No. CV 89-6842, 1991 WL 11693422, at *2 (C.D. Cal. Jan. 17, 1991).

Simply stated, there are no equitable defenses available to prevent the United States from recovering funds unlawfully paid out from the Treasury. Thus, even if either Answer had pled a single fact regarding Defendants' estoppel defenses, which they did not, and even if they could prove such facts, which they cannot, that could not prevent the United States from prevailing on its FCA and common law claims. At the end of the day, conducting discovery on Defendants' litany of equitable defenses would be futile and a wasteful distraction from the relevant issues in this case, and prejudicial to the United States as plaintiff. The equitable defenses identified in the United States' Motion should be stricken.

### B. Defendants' Equitable Defenses Cannot Be Raised to Defeat the Government's Enforcement Interest

#### 1. *Laches (One Way Drug Def. 15)*

The Supreme Court has long held that laches is not valid against the United States. In *United States v. Summerlin*, 310 U.S. 414 (1940) the Supreme Court held in plain fashion, "[i]t is well settled that the United States is not … subject to the defense of laches in enforcing its rights." *Id*. at 416 (collecting Supreme Court decisions); *see also Utah Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917) ("As a general rule, laches or neglect of duty on the part of officers of the government is no defense to a suit by it to enforce a public right or protect a public interest."). Thus, in addition to being invalid based on the reasoning of *Richmond*, the Supreme Court has directly held that laches is unavailable against the Government.

The Ninth Circuit has adopted the *Summerlin* rule. *United States v. Menatos,* 925 F.2d 333, 335 (9th Cir. 1991), *superseded by statute on other grounds, as recognized in United States v. Phillips*, 20 F.3d 1005 (9th Cir. 1994). Further, in FCA cases, courts have straightforwardly applied *Summerlin* to strike laches defenses because the Government is not subject to a defense of laches when it is acting in the public interest. *See, e.g., United States v. Assocs. in Eye Care, P.S.C.*, No. 13-CV-27, 2014 WL 12606508, at *3 (E.D. Ky. Nov. 14, 2014); *Baker*, 2011 WL 13115254, at *15-16; *United States v. Kane Co.*, 668 F. Supp. 2d 146, 150 (D.D.C. 2009); *see also United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 72-73 (D.D.C. 2004) (striking laches as to the Governments enforcement of the Racketeering Influenced and Corrupt Organizations Act, as well as defenses of unclean hands, waiver, estoppel, and *in pari delicto*). As the United States seeks here to recover fraudulently-claimed public funds and protect the integrity of health care spending and medical care furnished to federal health care program beneficiaries, laches should be struck under the plain rule of *Summerlin*.

### 2. Bad Faith and Unclean Hands (One Way Drug Defs. 11 and 16)

As with a laches defense, the equitable defense of unclean hands "may not be asserted against sovereigns who act to protect the public welfare." *United States v. Iron Mountain Mines, Inc.*, 812 F. Supp. 1528, 1546–47 (E.D. Cal. 1992) (citing *United States v. Stringfellow*, 661 F. Supp. 1053, 1062 (C.D. Cal. 1987) and *Chesapeake & Delaware Canal Co. v. United States*, 250 U.S. 123, 125 (1919)); *see also U.S. Equal Emp. Opportunity Comm'n v. Marquez Bros. Int'l, Inc.*, 2018 WL 3197796, at *7 (E.D. Cal. June 26, 2018) ("the unclean hands doctrine is not strictly enforced when to do so would frustrate a substantial public interest") (citation and internal quotation marks omitted); *United States ex rel. Mandel v. Sakr*, No. 17-CV-907S, 2021 WL 1541490, at *2 (W.D.N.Y. 2021) ("unclean hands is not available as a defense against the government in an FCA case"); *United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004) ("When, as here, the Government acts in the public interest the unclean hands doctrine is unavailable as a matter of law.").

One Way Drug's "bad faith" defense fares no better.[1]  To the extent "bad faith" is cognizable as an affirmative defense, it is indistinguishable from the concept of unclean hands, and is therefore unavailable against the United States for the same reasons.  *See, e.g.*, *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) ("[Unclean hands] is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or **bad faith** relative to the matter in which he seeks relief," and which is "rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and **good faith**.") (emphasis added); *Escriba v. Foster Poultry Farms*, 793 F. Supp. 2d 1147, 1169 (E.D. Cal. 2011) ("The doctrine of unclean hands requires unconscionable, **bad faith**, or inequitable conduct by the plaintiff in connection with the matter in controversy.") (emphasis added).  One Way Drug's bad faith defense should therefore be struck on the same basis as its unclean hands defense.

Additionally, One Way Drug's unclean hands and bad faith defenses should be struck on the independent grounds that they scandalously allege wrongful conduct by the United States.  They do so groundlessly and without any description or explanation, much less fair notice to the United States as to the basis for the claimed defense.  For that reason alone, they should be stricken.  As noted above, Rule 12(f) permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Courts have defined "scandalous matter" to include "allegations that cast a cruelly derogatory light on a party," *Levine v. Sleep Train, Inc.*, 2015 WL 1353994, *2 (E.D. Cal. March 24, 2015), and those that "improperly cast[] a derogatory light" on the plaintiff "without any support." *Ionian Corp. v. Country Mut. Ins. Corp.*, 88 F. Supp. 3d 1187, 1202 (D. Or. 2015).  One Way Drug's bald assertions that the United States has unclean hands—*i.e.*, that it has somehow engaged in "unconscionable, bad faith, or inequitable conduct" in connection with this matter, *Foster Poultry*

---

[1] The entirety of One Way Drug's Sixteenth Affirmative Defense reads: "Plaintiff's claims, requests for relief, and defenses, or some of them, are asserted in bad faith or without good cause."  (ECF #52, p. 28.)  Without additional explanation, One Way Drug's "without good cause" argument appears closely related, if not identical to, its purported "bad faith" defense.  In any event, One Way Drug has provided no basis to distinguish the two defenses nor any justification why a defense asserting lack of good cause should be allowed to survive when the "bad faith" defense is legally barred.

*Farms*, 793 F. Supp. at 1169, is certainly an improper attempt to cast the United States in a derogatory light without any support whatsoever and should not be permitted to proceed to discovery.

For these reasons, One Way Drug's spurious assertions that the United States, in executing its law enforcement function, has acted in bad faith or with unclean hands should be stricken.

### 3. *Failure to Mitigate Damages (One Way Drug Def. 14 and Peters Def. 4)*

Defendants' affirmative defenses claiming that the United States failed to mitigate damages should also be stricken because it is well-established that the government has no legal duty to mitigate damages in a False Claims Act action. *Mandel*, 2021 WL 1541490, at *2; United *States v. HCR Manor Care, Inc.*, No. 1:09-CV-00013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015) ("Failure to Mitigate Damages fails as a matter of law because it is well settled that the United States has no duty to mitigate damages in a fraud action, including an FCA claim."); *Baker*, 2011 WL 13115254, at *18 ("failure to mitigate is not a proper affirmative defense or theory to assert against the Government[.]").  This basic rule applies equally to the United States' statutory claims and common law claims. *Mandel*, 2021 WL 1541490, at *2 (finding "[t]he Government has no duty to mitigate damages in fraud actions" and rejecting defendant's argument that the duty to mitigate applies to the Government's unjust enrichment and payment by mistake claims); *see also United States v. Wurts*, 303 U.S. 414, 415-16 (1938) (*"*The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid. . . .  The Government's right to recover funds, from a person who received them by mistake and without right, is not barred unless Congress has clearly manifested its intention to raise a statutory barrier.") (citation and quotation marks omitted).  Defendants cannot assert as a defense that they should nevertheless be allowed to keep ill-gotten funds because the United States could have (in some unspecified way) mitigated its damages.

//
//
//
//

## IV. DEFENDANTS FAIL TO PROVIDE THE UNITED STATES WITH FAIR NOTICE OF THE BASIS FOR MANY OF THEIR AFFIRMATIVE DEFENSES

***Affirmative Defenses at Issue***: *Estoppel (One Way Drug Def. 10, Peters Def. 2); Ratification (One Way Drug Def. 12); Laches (One Way Drug Def. 15); Waiver/Release (One Way Drug Defs. 8 and 9); Unclean Hands/Bad Faith (One Way Drug Defs. 11 and 16); Failure to Mitigate Damages (One Way Drug Def. 14 and Peters Def. 4)*; *Damages and Claims Barred by Express Contract (Peters Def. 5); Contribution and Indemnification (Peters Def. 11); All Other Defenses Enumerated in Rule 8(c) (One Way Drug Def. 17)*

In addition to many of Defendants' affirmative defenses being precluded by *Richmond* or otherwise unavailable against the United States here, a number of Defendants' defenses should be stricken because they do not meet minimal pleading standards. For these defenses, neither Defendant pleads even a single fact that would describe the "nature and grounds" for the defense, or in any way provide the "fair notice" of the nature of the defenses pleaded, as required by Rule 8.

Defendants' estoppel defense is illustrative of these pleading deficiencies. Because "the Government may not be estopped on the same terms as any other litigant[,]" *Heckler*, 467 U.S. at 60, a party asserting estoppel against the United States must show as a threshold matter (1) "affirmative conduct going beyond mere negligence" and (2) that "the public's interest will not suffer undue damage." *United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995). These are in addition to the traditional elements of estoppel: "(1) the party to be estopped knows the facts; (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended; (3) the party invoking estoppel must be ignorant of the true facts; and (4) he or she must detrimentally rely on the former's conduct." *Id.* at 892. Defendants do not plead these elements or allege any facts that might support any these elements.

Indeed, Defendants' answers do not reveal any clue as to the basis for their estoppel defense. Defendant Peters states only that the Government's claims are "barred, in whole or in part, by the doctrine of estoppel." (Dkt. 53, p. 50). One Way Drug's defense is similarly threadbare: "Plaintiff, by its acts, deeds, and conduct and/or the acts, deeds, and conduct of its agents, employees and/or representative(s) is equitably estopped from recovery upon the claims which are asserted against Defendant in Plaintiff's Complaint." (Dkt. 52, p. 27). Defendants' failure to allege the threshold requirements of estoppel, its traditional elements, or any facts in support of them are a basis to strike this

affirmative defense. *See, e.g.*, *Acad. Mortg. Corp.*, 2020 WL 7056017, at *3 (striking estoppel defense where defendant did not allege, *inter alia*, when United States knew or should have known of supposed facts claimed by defendant); *Baker*, 2011 WL 13115254, at *5 (striking estoppel defense where the defendant failed to allege the threshold requirement of affirmative misconduct by the United States).

One Way Drug's ratification, waiver, and release affirmative defenses are equally deficient. All three defenses are premised on the intentional relinquishment or abandonment of a known right. *See Duncan v. Hartford Life & Acc. Ins. Co.*, 2013 WL 506465, at *6 (E.D. Cal. Feb. 8, 2013) ("[A] release is the abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced . . . ."); *Acad. Mortg.*, 2020 WL 7056017, at *3 ("Waiver requires a defendant to show that a plaintiff has intentionally relinquished or abandoned a known right.") (citation and internal quotation marks omitted); *United States v. Assoc. in Eye Care, P.S.C.,* 2014 WL 12606508, at *4 (E.D. Ky. Nov. 14, 2014) ("For ratification to apply, the Attorney General would have had to approve of [defendant]'s billing practices in a similar sense to that of waiver."). But One Way Drug has not asserted that the United States knew of its allegedly fraudulent conduct (or which agency or employee of the United States Government knew of the conduct)—much less that the United States approved of it, released it, or otherwise intentionally relinquished or abandoned any known right in light of One Way Drug's conduct. All One Way Drug alleges in its Answer is a conclusory reference to each of these doctrines lacking any factual basis.

Moreover, because Congress vested the Attorney General with the authority to bring civil actions under the FCA, "[v]iolations of the FCA . . . may only be waived by the Department of Justice." *United States ex rel. Spay v. CVS Caremark, Corp.*, No 09-4672, 2013 WL 1755214, at *11 (E.D. Pa. Apr. 24, 2013) (citations and quotation marks omitted). Courts therefore regularly strike these defenses where, like here, defendants have not alleged an unmistakable waiver by the Department of Justice. *See, e.g.*, *Assocs. in Eye Care*, 2014 WL 12606508, at *4; *United States v. DynCorp Int'l LLC*, 282 F. Supp. 3d 51, 56–57 (D.D.C. 2017) (striking estoppel and waiver affirmative defenses in FCA case because defendant "cannot successfully allege that the government waived its FCA and fraud claims without showing that DOJ had the unmistakable intent to waive"); *United States ex rel. Dye v. ATK Launch Sys.,*

*Inc.*, No. 1:06-cv-39, 2008 WL 4642164, at *3 (D. Utah Oct. 16, 2008) (striking waiver and ratification defenses because "Defendant has not alleged that the Department of Justice waived" the Government's FCA claims); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 771 (N.D. Tex. 2002) (striking waiver and ratification defense to FCA and common law claims because the defendant did not plead that the Department of Justice had waived these rights).

A number of Defendants' other defenses should be stricken based on the basic failure to provide the United States with fair notice for the basis for the defense. Peters Defenses 4, 5, and 11, and One Way Drug Defenses 11, 14, 15, 16, and 17 all suffer from the same pleading defect: conclusory reference to the doctrine or theory underlying the defense with an absence of any facts or other explanation of how the defense could apply in this case. (*See* Dkt. 52, p. 27-28; Dkt. 53, p. 50-51). This fails to satisfy the well-established requirement that defendants state the nature and grounds for their defenses and constitute the "all-too-common practice of proffering a litany of canned affirmative defenses with no supporting factual allegations." *Acad. Mortg. Corp.*, 2020 WL 7056017, at *2.

One Way Drug's Defense 17 exemplifies this strategy. It attempts to incorporate by reference, "[t]o the extent applicable and not otherwise set forth herein," ***all of*** "the affirmative defenses enumerated in Rule 8(c) of the Federal Rules of Civil Procedure." (Dkt. 52, p. 28). Rule 8(c) lists no fewer than eighteen separate affirmative defenses, including some clearly asserted elsewhere by One Way Drug (*e.g.*, estoppel, laches, release) and some that clearly have no conceivable application to this case (*e.g.*, arbitration and award, duress, fraud, illegality, statute of frauds). But One Way Drug provides no notice to the United States as to which of the eighteen defenses listed in the rule might actually be asserted in this litigation. Allowing One Way Drug to "preserve" all defenses would contravene the plain requirements of Rule 8 for each defendant to "state in short and plain terms its defenses to each claim asserted against it" and of Rule 12 that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 8(b); Fed. R. Civ. P. 12(b).

These deficiencies are a basis to strike each of Defendants' defenses that fail to provide fair notice to the United States. *See, e.g., Legacy v. Wells Fargo Bank*, No. 3:16-cv-0462-GPC-BLM, 2016

WL 2622953, at *4 (S.D. Cal. May 9, 2016) (striking affirmative defense for failure to mitigate damages where "[d]efendant fails to provide any factual basis or legal authority for this affirmative defense"). If these defenses are permitted to persist, the United States will be forced to make guesses and engage in needless discovery in a quest to determine what basis, if any, underlies the asserted defenses. *See Brooks,* 2020 WL 6742885, at *1 (striking affirmative defenses because "Defendant has failed to provide facts sufficient to state the nature and grounds of all these affirmative defenses or to connect the label of the doctrines asserted to the facts of this case" and finding that such defenses "pose a risk that plaintiff will have to engage in futile discovery").

## V. CONCLUSION

Defendants' affirmative defenses fail because they (1) cannot be asserted against the Government in its efforts to recover public funds and protect the public interest and (2) because they do not provide any notice to the United States regarding the application of the defense. Thirteen of these defenses prejudice the United States in that they impose a significant risk of unwarranted discovery and motion practice burdens. The Court should strike defenses 2, 4, 5, and 11 asserted by Defendants Matthew Peters and various other Defendants and affirmative defenses 8, 9, 10, 11, 12, 14, 15, 16 and 17 asserted by One Way Drug LLC.

Respectfully submitted,

PHILLIP A. TALBERT
Dated: September 10, 2024               UNITED STATES ATTORNEY

By:

*/s/ David Thiess*
DAVID E. THIESS
STEVEN S. TENNYSON
Assistant United States Attorneys
Attorneys for the United States