1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

                    ----oo0oo----

11

12   UNITED STATES OF AMERICA,          No. 2:24-cv-00287 WBS CKD

13              Plaintiff,

14        v.

15   MATTHEW H. PETERS, BAYVIEW
     SPECIALTY SERVICES LLC,
16   COASTLINE SPECIALTY SERVICES
     LLC, STRAND VIEW CORPORATION,
17   INNOVATIVE SPECIALTY SERVICES
     LLC, PARAGON PARTNERS LLC
18   (D/B/A PARAGON MEDICAL
     PARTNERS), CARDEA CONSULTING
19   LLC, PRAXIS MARKETING
     SERVICES LLC, PROFESSIONAL RX
20   PHARMACY LLC, INLAND MEDICAL
     CONSULTANTS LLC (D/B/A
21   ADVANCED THERAPEUTICS),
     PORTLAND PROFESSIONAL
22   PHARMACY LLC, SUNRISE
     PHARMACY LLC, PROFESSIONAL
23   205 PHARMACY LLC (D/B/A
     PROFESSIONAL CENTER 205
24   PHARMACY), SYNERGY MEDICAL
     SYSTEMS LLC (D/B/A SYNERGY
25   RX), SYNERGY RX LLC (D/B/A
     SYNERGY RX), PRESTIGE
26   PROFESSIONAL PHARMACY, JMSP
     LLC (D/B/A PROFESSIONAL
27   CENTER 205 PHARMACY), MPKM,
     LLC (D/B/A PROFESSIONAL
28   CENTER PHARMACY), ONE WAY

                         1

1  DRUG LLC (D/B/A PARTELL
   PHARMACY), PARTELL PHARMACY
2  LLC, OPTIMUM CARE PHARMACY
   INC. (D/B/A MARBELLA
3  PHARMACY), GLENDALE PHARMACY
   LLC, and LAKE FOREST PHARMACY
4  (D/B/A LAKEFOREST PHARMACY),

5        Defendants.

6

7                     ----oo0oo----

8           STATUS (PRETRIAL SCHEDULING) ORDER

9           Although the United States government represents that

10 the filed Status Report "reflects the content" of a meeting

11 between counsel for both sides that occurred on August 29, 2024.

12 (See id.), it appears that the "Joint Status Report" before the

13 court was prepared solely by the plaintiff, as counsel for the

14 defendants "did not respond to drafts of [the Status Report] to

15 provide input, edits, or consent."  (See Docket No. 55 at 2.)

16 Though the United States indicated that defense counsel "may

17 provide its own Status Report" (see id.), the time for filing a

18 status report has now passed (see Docket No. 36 at 2).

19 Accordingly, the court will make this Order based on the

20 plaintiff's Status Report.

21          After reviewing the Status Report, the court hereby

22 vacates the Status (Pretrial Scheduling) Conference scheduled for

23 September 23, 2024, and makes the following findings and orders

24 without needing to consult with the parties any further.

25 I.   SERVICE OF PROCESS

26          All defendants have been served, and no further service

27 is permitted without leave of court, good cause having been shown

28 under Federal Rule of Civil Procedure 16(b).

                            2

II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III.   JURISDICTION/VENUE

The court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because plaintiff asserts claims under the False Claims Act, 31 U.S.C. § 3729 et seq.  Venue is undisputed and hereby found to be proper.

IV.   DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **November 1, 2024.**

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than **September 5, 2025.**  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **October 3, 2025.**

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by **October 31, 2025.**  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has

1   been obeyed.  All motions to compel discovery must be noticed on

2   the magistrate judge's calendar in accordance with the local

3   rules of this court and so that such motions may be heard (and

4   any resulting orders obeyed) not later than **October 31, 2025.**

5   V.   <u>MOTION HEARING SCHEDULE</u>

6          All motions, except motions for continuances, temporary

7   restraining orders, or other emergency applications, shall be

8   filed on or before **December 12, 2025.**[1]  All motions shall be

9   noticed for the next available hearing date.  Counsel are

10  cautioned to refer to the local rules regarding the requirements

11  for noticing and opposing such motions on the court's regularly

12  scheduled law and motion calendar.

13  VI.  <u>FINAL PRETRIAL CONFERENCE</u>

14         The Final Pretrial Conference is set for **February 23,**

15  **2026,** at 1:30 p.m. in Courtroom No. 5.  The conference shall be

16  attended by at least one of the attorneys who will conduct the

17  trial for each of the parties and by any unrepresented parties.

18         Counsel for all parties are to be fully prepared for

19  trial at the time of the Pretrial Conference, with no matters

20  remaining to be accomplished except production of witnesses for

21  oral testimony.  Counsel shall file separate pretrial statements,

22  and are referred to Local Rules 281 and 282 relating to the

23  contents of and time for filing those statements.  In addition to

24  those subjects listed in Local Rule 281(b), the parties are to

25  provide the court with: (1) a plain, concise statement which

26  _____

27         [1]   The Status Report requested separate deadlines for
    expert motions and motions in limine.  However, it is this
    court's practice to consider such motions at the time of trial.

28

4

1   identifies every non-discovery motion which has been made to the

2   court, and its resolution; (2) a list of the remaining claims as

3   against each defendant; and (3) the estimated number of trial

4   days.

5          In providing the plain, concise statements of

6   undisputed facts and disputed factual issues contemplated by

7   Local Rule 281(b)(3)-(4), the parties shall emphasize the claims

8   that remain at issue, and any remaining affirmatively pled

9   defenses thereto.  If the case is to be tried to a jury, the

10  parties shall also prepare a succinct statement of the case,

11  which is appropriate for the court to read to the jury.

12  VII.    <u>TRIAL SETTING</u>

13         The jury trial is set for **April 21, 2026** at 9:00 a.m.

14  The parties estimate that the trial will last 15 days.

15  VIII.   <u>SETTLEMENT CONFERENCE</u>

16         A Settlement Conference with a magistrate judge will be

17  set at the time of the Pretrial Conference.  Counsel are

18  instructed to have a principal with full settlement authority

19  present at the Settlement Conference or to be fully authorized to

20  settle the matter on any terms.  At least seven calendar days

21  before the Settlement Conference counsel for each party shall

22  submit a confidential Settlement Conference Statement for review

23  by the settlement judge.  The Settlement Conference Statements

24  shall not be filed and will not otherwise be disclosed to the

25  trial judge.

26  IX.     <u>MODIFICATIONS TO SCHEDULING ORDER</u>

27         Any requests to modify the dates or terms of this

28  Scheduling Order, except requests to change the date of the

trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated:  September 17, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE