1    JONATHAN W. HEATON
     Nevada Bar No. 12592
2    HEATON LEGAL GROUP, LLC
3    7285 Dean Martin Dr, Ste 180
     Las Vegas, NV 89118
4    Telephone:   702-329-9901
     Facsimile:   702-763-7385
5    jon@heatonlegalgroup.com
     *Attorneys for Defendant One Way*
6    *Drug LLC d/b/a Partell Pharmacy*

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,                    Case No. 2:24-cv-00287-WBS-CKD

12             Plaintiff,

13        v.
                                                  **ONE WAY DRUG LLC D/B/A PARTELL**
14   MATTHEW H. PETERS, BAYVIEW                   **PHARMACY'S OPPOSITION TO**
     SPECIALTY SERVICES LLC, COASTLINE           **PLAINTIFF'S MOTION TO STRIKE**
15   SPECIALTY SERVICES LLC, STRAND              **DEFNDANTS' AFFIRMATIVE**
     VIEW ENTERPRISES LLC, INNOVATIVE            **DEFENSES**
16   SPECIALTY SERVICES LLC, PARAGON
     PARTNERS LLC (D/B/A PARAGON
17   MEDICAL PARTNERS), CARDEA
     CONSULTING LLC, PRAXIS MARKETING            Hearing Date:   10/28/2024
18   SERVICES LLC, PROFESSIONAL RX               Time:           1:30 pm
19   PHARMACY LLC, INLAND MEDICAL                Judge:          Hon. W. B. Schubb
     CONSULTANTS LLC (D/B/A ADVANCED             Courtroom:      5, 14th Floor
20   THERAPEUTICS), PORTLAND
     PROFESSIONAL PHARMACY LLC,
21   SUNRISE PHARMACY LLC,
22   PROFESSIONAL 205 PHARMACY LLC
     (D/B/A PROFESSIONAL CENTER
23   205 PHARMACY), SYNERGY MEDICAL
     SYSTEMS LLC (D/B/A SYNERGY RX),
24   SYNERGY RX LLC (D/B/A SYNERGY
     RX), PRESTIGE PROFESSIONAL
25   PHARMACY, JMSP LLC (D/B/A
26   PROFESSIONAL CENTER 205
     PHARMACY), ONE WAY DRUG LLC
27   (D/B/A PARTELL PHARMACY),
28   OPTIMUM CARE PHARMACY INC.

(D/B/A MARBELLA PHARMACY),
GLENDALE PHARMACY LLC, and
LAKE FOREST PHARMACY (D/B/A
LAKEFOREST PHARMACY),

          Defendants.

## I.    INTRODUCTION AND WITHDRAWAL OF CERTAIN AFFIRMATIVE DEFENSES

The Government's Motion to Strike Defendants' Affirmative Defenses (Dkt. No. 56) (the "Motion to Strike" or "Motion") seeks to strike nine of the affirmative defenses asserted in One Way's Answer (Dkt. No. 52): Affirmative Defense Nos. 8, 9, 10, 11, 12, 14, 15, 16, and 17. Although One Way takes issue with various characterizations made by the Government relating to several of those defenses and does not believe the said defenses to be improperly raised, in the interest of conserving resources and without waiving the right to assert additional defenses at a later date if discovery and further investigation of this matter so warrant, One Way hereby withdraws its Affirmative Defense Nos. 11, 14, 15, and 16 for unclean hands, bad faith, mitigation of damages, and laches. That withdrawal leaves only five of the Motion's original nine challenged affirmative defenses left in dispute: Affirmative Defense Nos. 8, 9, 10, 12, and 17.

As to the referenced remaining affirmative defenses that One Way is not withdrawing, the Government's Motion should be denied because the defenses are both properly raised against the Government and adequately pled. Moreover, the Government has not identified any prejudice from the assertion of the defenses.

## II.    LEGAL ARGUMENT

Motions to strike affirmative defenses are "disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F.Supp. 2d 1159, 1170 (E.D. Cal. 2005).  They typically have limited importance, and any benefit is usually outweighed by its cost and the risk of premature adjudication on an undeveloped factual and legal record.  *United States v. Paksn, Inc.*, 2022 WL 2276372, at *2 (C.D. Cal. Feb, 7, 2022).  Accordingly, "there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that a motion to strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  *Id.* (quoting 5C Charles A. Wright & Arthur R. Miller, Fed. & Proc. Civ. § 1382 (3d ed.).

When considering a motion to strike, a court "must view the pleading under attack in the light most favorable to the pleader."  *Garcia ex rel. Marin v. Clovis Unified School Dist.*, 2009 WL 2982900, at *23 (E.D. Cal. Sept. 14, 2009).  In the Ninth Circuit, the sufficiency of affirmative defenses is evaluated under the "fair notice" standard, which requires only that an affirmative defense be described in general terms.  *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

In support of its Motion, the Government presents two core main arguments: (1) that Defendants' equitable affirmative defenses are barred against the United States as a matter of law and (2) that Defendants' affirmative defenses do not satisfy the "fair notice" pleading standard. As further discussed hereinbelow, neither of these arguments is availing.

### A.    <u>One Way's Equitable Defenses Are Not Barred as a Matter of Law.</u>

First, the Government argues that because it seeks the return of public funds, any and all equitable affirmative defenses must be mandatorily stricken as a matter of law pursuant to *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990).  (Motion p. 3-6)  But this is not a fair reading or application of *Richmond*, as the Supreme Court in *Richmond* limited its ruling to situations like the one then before it involving "a claim for payment of money from the Public

3

Treasure contrary to a statutory appropriation." *Id.* at 423.  The Court expressly refused to "embrace a rule that no estoppel will lie against the Government in any case"—leaving the question open "for another day whether an estoppel claim could ever succeed against the Government." *Id.* at 423.

Perhaps recognizing the foregoing problem with relying too heavily on *Richmond*, the Government states that in other FCA actions, courts have "frequently" applied *Richmond* to strike estoppel and other equitable defenses. (Motion p. 5) However, the Government fails to acknowledge that other courts—even some within the Ninth Circuit—have also done exactly the opposite in FCA cases and declined to strike equitable affirmative defenses. *See, e.g., United States ex rel. Mei Ling v. City of Los Angeles*, 2020 WL 1229734, at *4–5 (C.D. Cal. Jan. 28, 2020) (recognizing that "the Supreme Court has not entirely foreclosed the possibility that a party could successfully mount an equitable defense against the government in statutory enforcement actions" and denying a motion to strike in an FCA case on that basis); *Paksn*, 2022 WL 2276372, at *2 n.3 (noting that "courts are divided on the propriety of striking equitable defenses based on *Richmond* in FCA actions").

The Government seeks to oversimply One Way's equitable defenses as falling squarely within the scope of *Richmond* by casting the defenses as an attempt to retain money improperly paid out, thereby effectively compelling the payment of money that has not been appropriated. (Motion, pp. 5-6) But this is not an accurate or straightforward characterization, as the FCA provides that civil penalties may be available upon a showing of an FCA violation even in cases where damages (i.e., payments previously made that must be returned) are not at issue.  *United States ex rel. Hagood v. Sonoma Cnty. Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991) ("No damages need be shown in order to recover the [FCA] penalty.").  Likewise, the FCA allows for the recovery of treble damages, which are above and beyond normal compensatory damages and potentially go well beyond "appropriated" funds.[1]  31 U.S.C. § 3729(a)(1).  Were the Court to

---

[1]  The Government is seeking civil penalties and treble damages in this case. 2nd Am. Compl. (Dkt. No. 50) ¶ 3.

One Way Drug LLC's Opposition to
Plaintiff's Motion to Strike                                          Case No. 2:24-cv-00287-CKD

1    strike One Way's equitable defenses at this early stage of the litigation—when literally no

2    discovery has been conducted and no disclosure made as to how much the Government believes

3    One Way, individually, improperly received in connection with Peters' alleged scheme—it would

4    be doing so without any clear picture as to whether and to what extent treasury funds will even be

5    implicated at all, much less how it will be apportioned among the various Defendants in this case.

6        In short, although the Government urges the Court to blindly strike each of One Way's

7    equitable defenses as a matter of law on the basis of *Richmond*, the Court need not and should not

8    do so.  The Motion should be denied.

9        **B.    <u>One Way Has Given Fair Notice of Its Affirmative Defenses.</u>**

10       The Government additionally argues that One Way has not met the minimal fair notice

11   pleading standard for its affirmative defenses, asserting that it has not adequately described the

12   "nature and grounds" for the defenses.  (Motion p. 10)  But such is simply not the case when fairly

13   considering the affirmative defenses in the light most favorable to One Way and the very low

14   pleading standard.

15       Looking at One Way's equitable defenses, the Government states that One Way has not

16   pled elements underlying its defenses or alleged specific facts in support of the said elements

17   (Motion, p. 10-11).  But the fair notice standard—which is notably less demanding than the

18   *Twombly / Iqbal* standard applicable to Complaint allegations (*see Dodson v. Munirs Co.*, 2013

19   WL 3146818, at *2 (E.D. Cal. June 18, 2013)—only requires that a defense be described in general

20   terms.  *Kohler*, 779 F.3d at 1019.  Thus, there is not a requirement that One Way plead each

21   element underlying the affirmative defense, nor is there a requirement that One Way lock itself in

22   to a specific set of facts to support elements (most of which facts are not even known by One Way

23   at this juncture).

24       The Government's attempt to strip this and others of One Way's affirmative defenses out

25   of its Answer from the very outset of this case is particularly unfair and concerning due to the

26   imbalance of information that presently exists and the fact of One Way still being largely in the

27   dark even as to the most basic of facts underlying the Government's claims against it.  As One

28   Way pointed out in its prior motion to dismiss (Dkt. No. 33), the Complaint goes to great lengths

5

to describe schemes allegedly orchestrated and perpetrated primarily by Defendant Peters, but it gives One Way virtually no window at all into specific allegations against which One Way is expected to defend, and instead improperly characterizes One Way as a "mail-order pharmacy" that is "operationally similar and largely interchangeable" with each the other named Defendant Pharmacies.   (Dkt. No. 50, ¶¶ 15, 20)   The Government should not be rewarded for that circumstance of its own making by being permitted to turn around and cut off One Way's assertion of and discovery into affirmative defenses that have conceivable application to this matter but that will require additional information to fully support.[2]

## C.    Plaintiff Has Not Shown Prejudice.

Finally, although the Motion makes several conclusory and generic assertions that the affirmative defenses in question are prejudicial to the Government by imposing a risk of unwarranted discovery and motion practice burdens, the Motion utterly fails to attempt to delve into those perceived risks or to otherwise discuss the issue of prejudice.   That failure constitutes another proper basis on which to deny the Government's Motion.  *See Mary Pickford Found. V. Timeline Films, LLC*, 2013 WL 12131550, at *2 (C.D. Cal. Jan. 11, 2013) (finding that courts often deny motions to strike when the moving party fails to show prejudice); *Paksn*, 2022 WL 2276372, at *3 (C.D. Cal. Feb, 7, 2022) (denying a Government motion to strike after finding it did not "identify any evidence that would be relevant to Defendants' affirmative defenses but which the United States would not otherwise produce" and did not otherwise demonstrate any specific prejudice); C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 n.34 (3d ed.) (collecting cases and noting that "even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party" due to "their somewhat dilatory and often harassing character.").

---

[2] As to One Way's Seventeenth Affirmative Defense (Motion p. 12), the Government also purposefully ignores the significant limitations inherent in the language "[t]o the extent applicable and not otherwise set forth herein," instead opting to dramatize and imply the imposition of some kind of heavy burden to defend against obvious non-issues.

6

One Way Drug LLC's Opposition to
Plaintiff's Motion to Strike                                        Case No. 2:24-cv-00287-CKD

**III.      CONCLUSION**

For the foregoing reasons, One Way respectfully requests that the Court deny the Government's Motion and preserve One Way's Eighth, Ninth, Tenth, Twelfth, and Seventeenth Affirmative Defenses.

DATED this 24th day of September, 2024.

HEATON LEGAL GROUP, LLC


_____/s/ Jonathan W. Heaton_____
JONATHAN W. HEATON
Nevada Bar No. 12592
7285 Dean Martin Dr, Ste 180
Las Vegas, NV 89118
Telephone:     (702) 329-9901
Facsimile:     (702) 763-7385
Email: jon@heatonlegalgroup.com
*Attorneys for Defendant One Way*
*Drug LLC d/b/a Partell Pharmacy*

7

1

## PROOF OF SERVICE

2

I certify that on this 24th day of September, 2024, I caused the foregoing **ONE WAY**

3

**DRUG LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'**

4

**AFFIRMATIVE DEFENSES** to be served by CM/ECF on the following parties:

5

David A. Theiss

6

Assistant United States Attorney
Steven Tennyson

7

Assistant United States Attorney
501 I Street, Suite 10-100

8

Sacramento, CA 95814
Telephone: (916) 554-2700

9

Facsimile: (916) 554-2900
Email: David.Thiess@usdoj.gov

10

Email: Steven.Tennyson2@usdoj.gov

11

12

James S. Bell
Connor Nash

13

JAMES S. BELL, P.C.
2808 Cole Avenue

14

Dallas, TX 75204
Telephone: (214) 668-9000

15

Email: james@jamesbellpc.com

16

DATED this 24th day of September, 2024.

17

18

_____/s/ Jonathan W. Heaton_____

19

JONATHAN W. HEATON

20

21

22

23

24

25

26

27

28