PHILLIP A. TALBERT
United States Attorney
DAVID E. THIESS
STEVEN S. TENNYSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
David.Thiess@usdoj.gov
Steven.Tennyson2@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MATTHEW H. PETERS, *et al.*<br><br>　　　　　　　Defendants. | No. 2:24-cv-00287-WBS-CKD<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>**(REPLY TO DKT. NO. 61 AND DKT. NO. 62)**<br><br>DATE　：10/15/2024<br>TIME　：1:30 p.m.<br>CTRM　：5, 14th Floor<br>JUDGE ：Hon. W. B. Shubb |

The United States submits this Reply to the Oppositions filed by Defendants One Way Drug LLC (Dkt. No. 61, hereinafter "One Way Drug Opposition") and Matthew Peters and various other Defendants (Dkt. No. 62, hereinafter "Peters Opposition"). As requested in the United States' Motion to Strike and accompanying Memorandum of Points and Authorities (Dkt. Nos. 56 and 56-1, hereinafter "Motion"), the United States asks the Court to strike affirmative defenses 8, 9, 10, 11, 12, 14, 15, 16 and 17 asserted by One Way Drug LLC (Dkt. No. 52, hereinafter "One Way Drug Defenses") and affirmative defenses 2, 4, 5, and 11 asserted by Defendants Matthew Peters and various other Defendants (Dkt. No. 53, hereinafter "Peters Defenses").

For purposes of clarity, the United States notes that Strand View Enterprises, LLC was included in the list of Defendants on behalf of which the Peters Opposition was filed. (Dkt. No. 62 at 2). At the time the United States filed its Motion (September 10, 2024), Strand View Enterprises had not yet entered an appearance. Strand View Enterprises then filed an Answer on September 20, 2024 (Dkt. No. 59), after the United States requested entry of default judgment (Dkt. No. 58). The affirmative defenses in Strand View's Answer are the same as the Peters Defenses. (Compare Dkt. No 59. at 50-51 and Dkt. No. 53 at 50-51). But the United States did not have the opportunity at time of its Motion to include Strand View's affirmative defenses in the Motion to Strike. Accordingly, the United States asks that the Court's ruling on the United States' Motion to Strike the Peters Defenses be applied equally to the Strand View Answer, on the same grounds. As Strand View Enterprises has joined the Peters Opposition (Dkt. No. 62), no party would be prejudiced by evaluating Strand View Enterprises' affirmative defenses in the context of the United States' Motion.

## I. INTRODUCTION

In its Opposition, Defendant One Way Drug announced its intention to withdraw its affirmative defenses of unclean hands (no. 11), failure to mitigate damages (no. 14), laches (no. 15), and bad faith (no. 16). (Dkt. No. 61 at 2). The Court should therefore strike these withdrawn defenses.

With respect to the remainder of the affirmative defenses at issue, Defendants' Oppositions each offer the same two central arguments, neither of which is availing. Those two arguments can be described as essentially: (1) that this Court should decline to follow binding Supreme Court precedent that estoppel and other equitable defenses are not available against the Government; and (2) that because affirmative defenses are subject to a "fair notice" standard of pleading under Federal Rule of Civil Procedure 8(b), no details whatsoever must be pleaded. Neither of these arguments holds water.

Defendants' legally-barred and unarticulated defenses are exactly the type that courts strike under Rule 12(f), the function of which is to "avoid spending time and money litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). As discussed in the United States' Motion and Section IV of this Reply, the affirmative defenses offered by Defendants

would prejudice the United States because they would require the United States to engage in needless exploratory discovery, make guesses about potential grounds for the defenses, and distract from the issues at the core of this matter.

## II. DEFENDANTS' EQUITABLE DEFENSES FAIL UNDER SRTAIGHTFORWARD APPLICATION OF SUPREME COURT PRECEDENT

***Remaining Affirmative Defenses at Issue****: Estoppel (One Way Drug Def. 10, Peters Def. 2); Ratification (One Way Drug Def. 12); Waiver/Release (One Way Drug Defs. 8 and 9); Failure to Mitigate Damages (Peters Def. 4); and Contribution and Indemnification (Peters Def. 11)*

Each of Defendants' Oppositions unpersuasively tries to avoid the clear application of binding Supreme Court precedent in *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990), in the attempt to assert that their equitable defenses do not necessarily fail as a matter of law. Each Opposition points to the Supreme Court's note in *Richmond* that it "need not embrace a rule that no estoppel will lie against the Government in any case in order to decide this case" and that it would "leave for another day whether an estoppel claim could ever succeed against the Government." *See Richmond*, 496 U.S. 414, 423 (1990); Dkt. No. 61 at 4; Dkt. No. 62 at 4. Neither Opposition, however, identifies or cites the actual situation that the Supreme Court indicated it need not address in *Richmond*, which was "[w]hether there are any ***extreme circumstances*** that might support estoppel in a case ***not involving payment from the Treasury***." *Id*. at 434 (emphasis added).

As to cases involving public funds, the Supreme Court's holding was unequivocal: "As for monetary claims, it is enough to say that this Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds. In this context there can be no estoppel, for courts cannot estop the Constitution." *Id.* This case unarguably involves "a claimant seeking public funds" because it alleges that Defendants claimed payment from federal health care programs with respect to prescriptions induced by kickbacks, and seeks recovery of those payments. (*See* Second Amended Complaint, Dkt. No. 50, at ¶¶ 2-3, 207, 237). The space left untouched by *Richmond* is therefore not relevant here. Defendants' argument that their equitable defenses are not precluded by Supreme Court precedent is inapposite. *See Osinek v. Permanente Medical Group, Inc*., No. 3:13-cv-03891, 2023 WL

8811810, at *9 (N.D. Cal. Dec. 19, 2023) ("Under *Richmond*, if funds come from the Treasury as appropriated by Congress, that is the end of the analysis.").

Defendants also ignore controlling precedent from the Ninth Circuit, which has recognized that *Richmond* applies across the board to any matter involving public funds. In *United States v. Fowler*, the Ninth Circuit straightforwardly held that "claims for estoppel [against the Government] cannot be entertained where public money is at stake." 913 F.2d 1382, 1385 (9th Cir. 1990) (citing *Richmond*). The Ninth Circuit held that "if we were to permit [private litigants] to estop the United States, we would be permitting them to retain public funds that Congress had not appropriated. We have no authority to grant such an expenditure." *Id.* at 1385.

In a separate decision, the Ninth Circuit identified one type of case that may not be reached by the Supreme Court's *Richmond* decision, explaining that "we have very occasionally applied estoppel against the government in immigration cases." *Indus. Customers of Nw. Utils. v. Bonneville Power Admin.*, 767 F.3d 912, 928 (9th Cir. 2014) (citing *Salgado–Diaz v. Gonzales,* 395 F.3d 1158, 1165–66 (9th Cir.2005)). But the Ninth Circuit made clear that it "know[s] of *no* Ninth Circuit case estopping the government from recovering an erroneous monetary payment, nor have the parties identified one." *Indus. Customers of Nw. Utils.,* 767 F.3d at 928 (emphasis in original). This is not an immigration case, and estoppel and other equitable defenses should be barred.

That the False Claims Act authorizes treble damages and penalties when funds are falsely or fraudulently claimed from the United States does not save Defendants' equitable affirmative defenses. Each Opposition attempts to argue that the availability of treble damages and penalties under the False Claims Act takes this matter out of the Supreme Court's mandate in *Richmond*. (Dkt. No. 61 at 4-5; Dkt. No. 62 at 4-5). Defendants' argument fails because this case undeniably seeks the recovery of public funds. (*See* Second Amended Complaint, Dkt. No. 50, at ¶¶ 2-3, 207, 237). This case therefore falls squarely within the controlling precedent of *Richmond* and *Fowler*, which apply broadly to cases where "public money is at stake." *Richmond*, 496 U.S. at 427; *Fowler*, 913 F.2d at 1385; *see also Richmond* at 434 (barring estoppel in cases "involving payment from the Treasury"). Nothing in either *Richmond* or *Fowler* suggests that courts should parse *Richmond*'s prohibition on equitable defenses

1  based on the type of relief or remedies available for claims involving payment from the Treasury.  That
2  is especially so where those forms of relief are mandated by statute, as here, in direct connection with
3  the recovery of public funds.

4  The Defendants cite no judicial authority for their argument that the involvement of treble
5  damages and penalties allow them to avoid *Richmond*'s prohibition on equitable defenses asserted
6  against the Government.  Indeed, the courts that have considered Defendants' argument have rejected it.
7  In *United States v. Southland Management Corp.*, 288 F.3d 665 (5th Cir. 2002), an FCA action brought
8  by the United States regarding improperly claimed housing subsidies, the Fifth Circuit rejected the
9  defendant's estoppel argument on the basis of Supreme Court precedent that estoppel is not available
10 against the Government in matters involving public funds.  *Id*. at 681-83 (vacated *en banc* on other
11 grounds by *United States v. Southland Management Corp.*, 326 F.3d 669 (5th Cir. 2003)).  The Fifth
12 Circuit considered and rejected the argument that Defendants raise here, finding: "While we
13 acknowledge that the treble damage provision of the civil FCA produces a harsher result than mere
14 recovery of the expended funds, we note that these damages and other remedies are authorized by
15 Congress." *Id.* at 683.  The Fifth Circuit thus found no reason to conclude that the recovery of treble
16 damages would "justify departure from the longstanding and widely-accepted principle disfavoring
17 government estoppel." *Id.* (citing *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 386 (1947)
18 (recognizing that "not even the temptations of a hard case" will provide a basis for ordering recovery of
19 funds that would be expended contrary to law)).

20 In *Osinek*, the Northern District of California recently followed the Fifth Circuit's decision in
21 *Southland* and rejected the notion that treble damages and penalties available under the FCA could bear
22 on the availability of estoppel against the Government.  *See Osinek*, 2023 WL 8811810.  The *Osinek*
23 court found that, "at the very least," for the defendant to assert equitable defenses against the United
24 States' FCA claims, "it would have to show that there was some intent on the part of Congress to allow
25 an equitable defense" and that the defendant "has not done so." *Id.* at *12 (also finding that "[a]s a
26 matter of statutory interpretation, [defendant] has failed to demonstrate equitable defenses such as
27 estoppel are to be recognized under the FCA.").  The same reasoning applies here.

REPLY IN SUPPORT OF
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES                                                   5

As explained in *Osinek*, a finding that additional statutory penalties do not alter the unavailability of equitable defenses against the Government is consistent with longstanding Supreme Court precedent, that equity cannot defeat statutory penalties specified by Congress. *Id*. at *11 (citing, inter alia, *Clark v. Barnard*, 108 U.S. 436, 457 (1883) (it is not within the province of a court of equity to "interfere to mitigate [a] penalty or forfeiture [imposed by statute]" because that would 'be in contravention of the direct expression of [Congress]"); *United States v. Dieckerhoff*, 202 U.S. 302, 313 (1906) ("[I]t is not within the province of courts of equity to mitigate the harshness of penalties or forfeitures in such cases, for such relief would run directly counter to the statutory requirements."); *Valley Ice & Fuel Co. v. United States*, 30 F.3d 635, 640 (5th Cir. 1994) ("equity will not bar the imposition of a statutory penalty")).

Thus, district courts overwhelmingly strike defendants' equitable affirmative defenses in FCA actions. *See, e.g., Osinek*; *United States ex rel. Mandel v. Sakr*, No. 17-CV-907S, 2021 WL 1541490 (W.D.N.Y. 2021); *United States ex rel. Poehling v. UnitedHealth Group, Inc.*, No. CV 16-8697, 2019 WL 2353125 (C.D. Cal. Mar. 28, 2019); *United States v. Assocs. in Eye Care, P.S.C.*, No. 13-CV-27, 2014 WL 12606508 (E.D. Ky. Nov. 14, 2014); *United States ex rel. Baker v. Cmty. Health Sys., Inc.*, No. CIV. 05-279, 2011 WL 13115254 (D.N.M. Dec. 7, 2011); *United States v. Kane Co.*, 668 F. Supp. 2d 146 (D.D.C. 2009); *United States v. Manhattan-Westchester Med. Servs.*, No. 06 CIV.7905, 2008 WL 241079 (S.D.N.Y. Jan. 28, 2008). Because Defendants' equitable defenses are unavailable as a matter of law and would risk distraction from the genuine issues of this case, as well as wasting resources in discovery and subsequent dispositive motions, the United States asks this Court to strike these defenses.

//
//
//
//
//
//

### III. DEFENDANTS HAVE NOT PROVIDED FAIR NOTICE OF ANY GROUNDS FOR THEIR AFFIRMATIVE DEFENSES

***Remaining Affirmative Defenses at Issue****: Estoppel (One Way Drug Def. 10, Peters Def. 2); Ratification (One Way Drug Def. 12); Waiver/Release (One Way Drug Defs. 8 and 9); Failure to Mitigate Damages (Peters Def. 4)*; *Damages and Claims Barred by Express Contract (Peters Def. 5); Contribution and Indemnification (Peters Def. 11); and All Other Defenses Enumerated in Rule 8(c) (One Way Drug Def. 17)*

As addressed in the United States' Motion, Defendants have collectively failed to plead a single fact or circumstance supporting ***any*** of their affirmative defenses—which exemplify the type of boilerplate, kitchen-sink defenses that courts routinely strike. Defendants' Oppositions each respond flatly and with no additional analysis that under the "fair notice" standard, defenses need only be described in "general terms." (Dkt. 61 at 5; Dkt. 62 at 5) (each citing *Kohler v. Flava Enterprises, Inc.* 779 F.3d 1016, 1019 (9th Cir. 2015). But this Court has recognized, following *Kohler*, that "[f]air notice … requires that the defendant state the nature and grounds for the affirmative defense." *See, e.g., Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F.Supp.3d 986, 992 (E.D. Cal. 2016); *Brooks v. Bank of San Francisco*, 2:20-cv-01366, 2020 WL 6742885, at *1 (E.D. Cal. Nov. 17, 2020)*,* (striking affirmative defenses because "Defendant has failed to provide facts sufficient to state the nature and grounds of all these affirmative defenses or to connect the label of the doctrines asserted to the facts of this case").

Contrary to the suggestion of Defendants in this case, *Kohler* did not hold that a defendant need not specify any grounds for its affirmative defenses. *Kohler* was an Americans with Disabilities Act ("ADA") action alleging that a clothing retailer failed to provide a sufficient bench in the dressing room for customers in wheelchairs. 779 F.3d 1016. The bench in the defendant retailer's dressing room was too long for the ADA guidelines regarding dressing rooms, but the legal question was whether the defendant's bench constituted an "equivalent facilitation" that is permitted by the ADA, and the defendant moved for summary judgment on that issue. *Id*. at 1019. The plaintiff tried to defeat summary judgment by arguing that the defendant retailer had not pled "equivalent facilitation" as an affirmative defense. In its Answer, the defendant retailer had pleaded that it was "compliant due to its use of 'alternative methods' of accessibility." *Id.* While the Ninth Circuit noted that the term

"alternative methods" stems from a different portion of the ADA than the term "equivalent facilitation," the court held that the defendant's affirmative defense that it was compliant based on "alternative methods" was sufficient to notify the plaintiff regarding the nature of defendant's argument regarding compliance through "equivalent facilitation." *Id.* Thus, the focus of the relevant holding in *Kohler* is about whether an affirmative defense contained in a statute must be identified using exact terminology or whether a description in "general terms" suffices. *Id.*

But even in *Kohler*, the defendant provided some detail regarding the grounds for the affirmative defense at issue that put the plaintiff on fair notice as to the nature of the defendant's argument. In the context of a single clothing retailer location providing alternative dressing room accommodations for individuals in wheelchairs, the affirmative defense in *Kohler* identified significantly more indication as to the defense the defendant could raise than do Defendants' Answers in this case. In comparison, Defendants in this case blankly assert, for example, that some unspecified employee or agency of the United States Government, at some unspecified time and in some unspecified way, somehow waived, ratified, released, failed to mitigate the damages of, and/or engaged in misconduct sufficient to estop the recovery of the United States with respect to the kickbacks-for-prescriptions schemes orchestrated by Defendants, which spanned across several years, thirteen pharmacies, and numerous corporate intermediaries to move the money paid out as kickbacks.

One Way Drug's assertion that it does not have enough knowledge of the facts to provide more detail regarding its affirmative defenses provides no help and shows that there is no basis for the defenses asserted. (*See* Dkt. No. 61 at 5-6). By the nature of an affirmative defense, defendants should be more familiar with the basis for the defense than the plaintiff. It is telling that all of the remaining defenses named by One Way Drug that have not been withdrawn (*i.e.*, estoppel, ratification, waiver, and release) relate to some (unspecified) Government action that would need to have been made known to the Defendant in order to succeed as a defense. But One Way Drug has provided no grounds for those defenses.

One Way Drug's affirmative defense 17 does not name any particular defense, but rather incorporates by reference all of "the affirmative defenses enumerated in Rule 8(c) of the Federal Rules

of Civil Procedure." This defense exemplifies the lack of grounds for the defenses at issue. In its Opposition, One Way Drug attempts to save defense 17 on the basis that it only seeks to preserve these defenses "to the extent applicable and not otherwise set forth herein," accusing the United States of "dramatiz[ing]" the lack of notice provided by this catch-all affirmative defense. (See Dkt. No. 61 at 6, n.2). One Way Drug states that the Government should know it does not have to address "obvious non-issues" in litigating against the numerous defenses listed in Rule 8(c) (Id.) One Way Drug's argument begs the questions, which issues are obvious, and which are not obvious? In whose judgment? If the applicability of the defenses listed in Rule 8(c) is self-apparent, One Way Drug should be able to specify which defenses are applicable and on what basis. It has not.

### IV. THE UNITED STATES WOULD BE PREJUDICED BY THE SURVIVAL OF LEGALLY-BARRED AND GROUNDLESS AFFIRMATIVE DEFENSES

In each Opposition, Defendants falsely assert that the United States has not shown how it would be prejudiced by Defendants' affirmative defenses. (Dkt. 61 at 6; Dkt. 62 at 5-6). As set out in the United States' Motion, however, being required to conduct exploratory discovery on the Defendants' non-viable defenses asserted without any grounds would be fruitless and a wasteful distraction from the relevant issues in this case, prejudicing the United States. Courts find that these circumstances constitute prejudice to the plaintiff. *See Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (affirming the striking of irrelevant allegations because the applicable evidence could lead to "unwarranted and prejudicial inferences" by the trier of fact and "unnecessarily complicat[e] the trial"); *Brooks*, 2020 WL 6742885, at *1; *Osinek*, 2023 WL 8811810, at *5-6; *Manhattan-Westchester Med. Servs., P.C.*, 2008 WL 241079, at *3 (striking defenses in an FCA case, finding that where "a defense must fail as a matter of law, its inclusion prejudices the plaintiff because it will increase the duration and expense of trial"). The United States' Motion focuses on the thirteen (of thirty) affirmative defenses that are most prejudicial in this way.

The Northern District of California's analysis in *Osinek* is instructive. *See Osinek*, 2023 WL 8811810, at *5-6. The court rejected the defendant's demurrer that the United States had not shown prejudice as "not particularly persuasive" because "in evaluating prejudice, the Court takes into account

the function of a Rule 12(f) motion to strike – *i.e.*, to avoid the expenditure of time and money that would arise from litigating spurious issues, by dispensing of those issues prior to trial." *Id.* at *5 (citation and marks omitted). The court recognized simply that "[i]f the … Defendants' affirmative defenses are in fact insufficient, then the government would be prejudiced by having to litigate spurious issues." *Id.* at *6.

One Way Drug's ratification, waiver, and release affirmative defenses illustrate the unnecessary complications and waste of resources that would result if these defenses proceeded to discovery and trial. All three defenses are premised on the intentional relinquishment or abandonment of a known right. *See, e.g., Duncan v. Hartford Life & Acc. Ins. Co.*, 2013 WL 506465, at *6 (E.D. Cal. Feb. 8, 2013). As with all of Defendants' affirmative defenses, these defenses are asserted without any grounds. The United States would need to conduct broad discovery to determine which agency and personnel One Way Drug might assert approved of, released, or otherwise intentionally relinquished or abandoned the right to recover from One Way Drug, and when that action took place. If the United States is able to make those determinations, it would also need to evaluate whether that agency and/or person was aware of One Way Drug's conduct, and then evaluate and conduct discovery regarding the specific impact of whichever conduct effectuated the relinquishment or abandonment and how that relinquishment or abandonment was communicated. But none of those efforts would change that those equitable defenses are not available against the Government in this matter.

### V. DEFENDANTS DID NOT ADDRESS THE INDEPENDENT GROUNDS FOR STRIKING THE DEFENSE OF THE FAILURE TO MITIGATE DAMAGES

***Remaining Affirmative Defense at Issue***: Failure to Mitigate Damages (Peters Def. 4)

While One Way Drug withdrew its mitigation of damages defense, Peters did not and the Peters Opposition (Dkt. No. 62) does not address the independent grounds asserted by the United States for striking this defense. (*See* Motion at 9). Specifically, courts hold that under the False Claims Act and other fraud actions, the government has no legal duty to mitigate damages. *United States v. Wurts*, 303 U.S. 414, 415-16 (1938); *Mandel*, 2021 WL 1541490, at *2; *United States v. HCR Manor Care, Inc.*, No. 1:09-CV-00013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United States ex rel. Monahan*

*v. Robert Wood Johnson Univ. Hosp.*, No. 02–5702, 2009 WL 4576097, at *8 (D.N.J. Dec. 1, 2009). Because Peters failed to provide the Court with any response to this argument, the United States' Motion should be deemed unopposed on this ground and the defense struck.

## VI.   CONCLUSION

Defendants provide no notice to the United States regarding the grounds or application of their affirmative defenses and many of them are not available against the Government as a matter of law. Because these defenses are legally deficient and unduly prejudice the United States, the Court should strike defenses 2, 4, 5, and 11 of the Peters Defenses and defenses 8, 9, 10, 11 (withdrawn), 12, 14 (withdrawn), 15 (withdrawn), 16 (withdrawn) and 17 of the One Way Drug Defenses.

Dated: October 4, 2024

Respectfully submitted,

PHILLIP A. TALBERT
UNITED STATES ATTORNEY

By:   */s/ DAVID THIESS*
DAVID E. THIESS
STEVEN S. TENNYSON
Assistant United States Attorneys
Attorneys for Plaintiff United States of America