1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   UNITED STATES OF AMERICA,          No. 2:24-cv-00287 WBS CKD

13              Plaintiff,

14       v.                             MEMORANDUM AND ORDER RE:
                                        PLAINTIFF'S MOTION TO STRIKE
15   MATTHEW H. PETERS, BAYVIEW         AFFIRMATIVE DEFENSES[1]
     SPECIALTY SERVICES LLC,
16   COASTLINE SPECIALTY SERVICES
     LLC, STRAND VIEW CORPORATION,
17   INNOVATIVE SPECIALTY SERVICES
     LLC, PARAGON PARTNERS LLC (D/B/A
18   PARAGON MEDICAL PARTNERS),
     CARDEA CONSULTING LLC, PRAXIS
19   MARKETING SERVICES LLC,
     PROFESSIONAL RX PHARMACY LLC,
20   INLAND MEDICAL CONSULTANTS LLC
     (D/B/A ADVANCED THERAPEUTICS),
21   PORTLAND PROFESSIONAL PHARMACY
     LLC, SUNRISE PHARMACY LLC,
22   PROFESSIONAL 205 PHARMACY LLC
     (D/B/A PROFESSIONAL CENTER 205
23   PHARMACY), SYNERGY MEDICAL
     SYSTEMS LLC (D/B/A SYNERGY RX),
24   SYNERGY RX LLC (D/B/A SYNERGY
     RX), PRESTIGE PROFESSIONAL
25   PHARMACY, JMSP LLC (D/B/A
     PROFESSIONAL CENTER 205

26

27       [1]    The motion is decided on the papers without oral
     argument pursuant to Local Rule 230(g).  The scheduled October
28   28, 2024 hearing on the motion is hereby VACATED.

                              1

1  PHARMACY), MPKM, LLC (D/B/A
   PROFESSIONAL CENTER PHARMACY),
2  ONE WAY DRUG LLC (D/B/A PARTELL
   PHARMACY), PARTELL PHARMACY LLC,
3  OPTIMUM CARE PHARMACY INC.
   (D/B/A MARBELLA PHARMACY),
4  GLENDALE PHARMACY LLC, and LAKE
   FOREST PHARMACY (D/B/A
5  LAKEFOREST PHARMACY),

6              Defendants.

7

8                    ----oo0oo----

9          The United States brought this action against Matthew

10 Peters and several pharmacies and other corporate entities,

11 alleging that they operated a kickback scheme that submitted

12 claims for prescription medications to federal government

13 insurance programs in violation of the False Claims Act.  (Docket

14 No. 50.)  Answers were filed by One Way Drug LLC (Docket No. 52

15 ("One Way Def.")) and Matthew Peters and the other corporate

16 defendants, with the exception of those subject to default[2]

17 (Docket No. 53 ("Peters Def.")).  The government now moves to

18 strike several affirmative defenses asserted in defendants'

19 answers.  (Docket No. 56.)

20         Rule 12(f) authorizes the court to "strike from a

21 pleading an insufficient defense or any redundant, immaterial,

22 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The

23 function of a 12(f) motion to strike is to avoid the expenditure

24 of time and money that must arise from litigating spurious issues

25 by dispensing with those issues prior to trial . . . ."  Fantasy,

26

27         [2]    The Clerk entered default as to Inland Medical
   Consultants LLC, Professional Rx Pharmacy LLC, Synergy Medical
28 Systems LLC, and Synergy RX LLC.  (Docket No. 63.)

                                2

1 | Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (cleaned

2 | up), rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S.

3 | 517, 114 (1994).

4 | "Affirmative defenses may be insufficient 'as a matter

5 | of law' or 'as a matter of pleading.'" Bruno v. Equifax Info.

6 | Servs., No. 2:17-cv-0327 WBS EFB, 2017 WL 2833393, at *2 (E.D.

7 | Cal. June 30, 2017) (quoting Harris v. Chipotle Mexican Grill,

8 | Inc., 303 F.R.D. 625, 627 (E.D. Cal. 2014)).

9 | I.   Legal Insufficiency

10 | "An affirmative defense is insufficient as a matter of

11 | law 'if it lacks merit under any set of facts the defendant might

12 | allege.'" Bruno, 2017 WL 2833393, at *2 (quoting Dodson v.

13 | Munirs Co., No. 13-cv-0399 LKK DAD, 2013 WL 3146818, at *7 (E.D.

14 | Cal. June 18, 2013)).

15 | Here, the affirmative defense of laches (One Way Def.

16 | 15) is insufficient as a matter of law because "[t]he government

17 | is not subject to the defense of laches when enforcing its

18 | rights." See United States v. Menatos, 925 F.2d 333, 335 (9th

19 | Cir. 1991) (citing United States v. Summerlin, 310 U.S. 414, 416

20 | (1940); United States v. McLeod, 721 F.2d 282, 285 (9th Cir.

21 | 1983)). Accordingly, One Way's fifteenth affirmative defense

22 | will be stricken.[3]

23 | II.  Inadequate Pleading

24 | The government argues that defendants have failed to

25 | [3]   The government also argues that several other equitable

26 | defenses, including estoppel, bad faith, unclean hands, and
   | failure to mitigate damages, are unavailable as a matter of law.

27 | While these defenses may ultimately be unavailable, the case law
   | cited is not persuasive enough to warrant striking these defenses

28 | on the grounds of legal insufficiency at the pleading stage.

1  adequately plead the affirmative defenses of estoppel (One Way

2  Def. 10, Peters Def. 2); ratification (One Way Def. 12); waiver

3  and release (One Way Defs. 8-9); unclean hands (One Way Def. 11);

4  failure to mitigate damages (One Way Def. 14, Peters Def. 4);

5  damages and claims barred by express contract (Peters Def. 5);

6  contribution and indemnification (Peters Def. 11); bad faith (One

7  Way Def. 16); and "all other defenses enumerated in Rule 8(c)"

8  (One Way Drug Def. 17).

9       The parties agree that the "fair notice" standard

10  governs the pleading of affirmative defenses.[4]  Under this

11  standard, an affirmative defense is insufficient if it fails to

12  provide "fair notice" of its nature and grounds to the plaintiff.

13  Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir.

14  2015).  "[T]he 'fair notice' required by the pleading standards

15  only requires describing the defense in 'general terms.'"  Id.

16  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal

17  Practice and Procedure § 1274 (3d ed. 1998)).

18       While this standard is "less demanding" than that

19  applied under Rule 12(b)(6), "'it still requires a party to plead

20  some factual basis for its allegations.'"  Television Educ., Inc.

21  v. Contractors Intelligence Sch., Inc., No. 2:16-cv-1433 WBS EFB,

22  2016 WL 7212791, at *1 (E.D. Cal. Dec. 12, 2016) (quoting Beco

23

----

24       [4]    The result here would be the same under the more
demanding Rule 12(b)(6) pleading standard, which some courts have
25  applied in considering motions to strike affirmative defenses.
See, e.g., Goobich v. Excelligence Learning Corp., No. 5:19-cv-
26  06771 EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020)
("[T]he courts in [the Northern District] have generally applied
27  the Twombly/Iqbal pleading standard to affirmative defenses.")
28  (collecting cases).

4

1   <u>Dairy Automation, Inc. v. Global Tech Sys., Inc.</u>, No. 1:12-cv-

2   1310 LJO SMS, 2015 WL 5732595, at *10 (E.D. Cal. Sept. 28,

3   2015)); <u>see also</u> <u>Est. of Jackson v. City of Modesto</u>, No. 1:21-cv-

4   0415 AWI EPG, 2023 WL 2246872, at *3 (E.D. Cal. Feb. 27, 2023)

5   (same).  "Mere 'reference to a [legal] doctrine . . . is

6   insufficient.'"  <u>Television Educ.</u>, 2016 WL 7212791, at *1

7   (quoting <u>Qarbon.com Inc. v. eHelp Corp.</u>, 315 F. Supp. 2d 1046,

8   1049 (N.D. Cal. 2004)); <u>see also</u> <u>In re Honest Co., Inc. Sec.</u>

9   <u>Litig.</u>, 343 F.R.D. 147, 152 (C.D. Cal. 2022) ("A defendant is not

10  free to conjure its responses out of thin air, as there must be

11  'at least some . . . factual basis in support of its affirmative

12  defense.'") (quoting <u>Rosen v. Masterpiece Mktg. Grp., LLC</u>, 222 F.

13  Supp. 3d 793, 799 (C.D. Cal. 2016)).

14          Defendants have failed to adequately plead the defenses

15  at issue.  Their answers merely refer to the name of each defense

16  with no supporting allegations whatsoever.  Without providing <u>any</u>

17  factual basis for their assertion of these defenses, defendants

18  cannot be said to have provided "fair notice."

19          The law does not require extensive pleading of

20  affirmative defenses.  However, defendants must provide more than

21  bare boilerplate references to various doctrines.  Accordingly,

22  the motion to strike the defenses enumerated above will be

23  granted.

24          IT IS THEREFORE ORDERED that the government's motion to

25  strike (Docket No. 56) be, and the same hereby is, GRANTED.  The

26  eighth, ninth, tenth, eleventh, twelfth, fourteenth, sixteenth,

27  and seventeenth affirmative defenses of One Way's answer, and the

28  second, fourth, fifth, and eleventh defenses of Peters' answer

1  are hereby STRICKEN.  Defendants have twenty-one days from the

2  date of this Order to file amended answers, if they can do so

3  consistent with this Order.

4  Dated:  October 11, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6