UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW H. PETERS, et al.,<br><br>Defendant. | No. 2:24-cv-00287-WBS-CKD<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 66) |

Plaintiff United States of America moves to compel defendant Matthew Peters to respond to plaintiff's interrogatories, requests for production, and requests for admission.[1] (ECF No. 66.) Pursuant to Local Rule 251(e), plaintiff's motion was excepted from the requirement for Joint Statements re Discovery Disagreement and was set for hearing on March 5, 2025. *See* E.D. Cal. L.R. 251(e); ECF No. 66. On the Court's own motion, the hearing was reset for March 19, 2025. (ECF No. 67.) Although defendant's response to the motion to compel was due March 12, 2025, he failed to file a response. *See* E.D. Cal. L.R. 251(e); Docket. On March 19, 2025, the Court held a hearing via Zoom. (ECF No. 70.) Attorneys Steven Tennyson and David Thiess appeared for plaintiff. Attorney Connor Nash appeared for defendant Peters. Attorney Jonathan Heaton

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

1  appeared for defendant One Way Drug, LLC. For the reasons that follow and as discussed at the
2  hearing, the Court GRANTS IN PART plaintiff's motion to compel.

3  **I.  BACKGROUND**

4        Plaintiff initiated this action by filing a complaint on January 22, 2024. (ECF No. 1.) On
5  July 30, 2024, plaintiff filed its second amended complaint against Peters, multiple pharmacies,
6  management service organizations, and corporate entities. (ECF No. 50.) Plaintiff brings the
7  following claims: presentation of false claims under the False Claims Act against defendant
8  Peters and the defendant pharmacies; causing to be presented false claims under the False Claims
9  Act against all defendants; conspiracy under the False Claims Act against defendant Peters and
10 the defendant pharmacies; unjust enrichment against defendant Peters; and payment by mistake
11 against defendant Peters and the defendant pharmacies. (*Id.*)

12       A pretrial scheduling order issued on September 18, 2024. (ECF No. 57.) Initial
13 disclosures were due by November 1, 2024. Expert disclosures and reports in accordance with
14 Federal Rule of Civil Procedure 26(a)(2) are due by September 5, 2025. Disclosure of rebuttal
15 experts and reports is due by October 3, 2025. All discovery is to be completed by October 31,
16 2025.

17       On December 10 and 11, 2025, plaintiff served its first set of requests for production
18 ("RFP"), interrogatories, and requests for admission ("RFA") by U.S. Mail to the address listed
19 on defendant Peters' counsel's notice of appearance in this action: 2808 Cole Avenue in Dallas,
20 Texas. (ECF No. 66 at 2.) These discovery requests were later returned as undeliverable. (*Id.*)
21 After learning that the discovery requests were returned as undeliverable, plaintiff informed
22 defendant Peters' counsel and explained that the discovery had been properly served and
23 responses were due. (*Id.*; ECF No. 66-1 at 1-2, ¶ 3.) On January 10, 2025, plaintiff expressed
24 concern about the outstanding discovery responses and provided a courtesy copy of the discovery
25 by email. (ECF No. 66 at 2; ECF No. 66-1 at 2, ¶ 4.) Counsel for defendant Peters responded to
26 that email, stating plaintiff's concern about the outstanding responses was unwarranted. (*Id.*)
27 Plaintiff states that the responses were due no later than January 13, 2025. (ECF No. 66 at 2.) The
28 parties met and conferred on February 5, 2025; defendant Peters acknowledged that responses

were due and committed to providing responses by February 10, 2025. (*Id.*) Plaintiff provided another courtesy copy of the requests by email. (*Id.*) Defendant Peters did not respond to the discovery requests.

Plaintiff filed a motion to compel discovery responses from defendant Peters under Local Rule 251(e). (ECF No. 66.) Plaintiff demonstrated a total and complete failure to respond by defendant Peters. (ECF No. 66-1 at 1-2.) Plaintiff filed a status report on March 14, 2025. (ECF No. 68.) Defendant Peters has not responded to the motion to compel.

At the March 19, 2025, hearing, the parties informed the Court that defendant Peters responded to plaintiff's RFPs and interrogatories on Monday, March 17, 2025. However, plaintiff contends these responses are inadequate.

## II. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other

1   writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents
2   within a responding party's possession, custody, or control, regardless of whether the requesting
3   party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in
4   writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed.
5   R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any
6   responsive materials are being withheld on the basis of that objection[, and] an objection to part
7   of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).
8       A party may serve requests for admission on any matters within the scope of Rule
9   26(b)(1) relating to "facts, the application of law to fact, or opinions about either"; and "the
10  genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted
11  unless a written answer or objection is served within thirty (30) days, unless otherwise agreed
12  upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).
13      A party may move to compel discovery if the movant has in good faith conferred with the
14  party opposing discovery to obtain the requested discovery without the court's intervention. *See*
15  Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery
16  requests are the subject of the motion to compel, and, for each disputed response, why the
17  information sought is relevant and why the responding party's objections are not meritorious."
18  *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs
19  motions to compel and requires the parties to confer and attempt to resolve their discovery
20  differences. If there has been "a complete and total failure to respond to a discovery request or
21  order," the moving party may bring its motion on fourteen (14) days' notice and the requirement
22  for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

23  **III.  DISCUSSION**

24      "The discovery process in theory should be cooperative and largely unsupervised by the
25  district court. But when required disclosures aren't made or cooperation breaks down, Federal
26  Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or
27  discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, defendant
28  Peters has completely failed to uphold his discovery obligations and participate in discovery.

### A. Service

Plaintiff served defendant Peters with the written discovery by U.S. Mail to the address listed on his counsel's notice of appearance. (ECF No. 66 at 2; ECF No. 7.) Under Federal Rule of Civil Procedure 5(b)(2)(C), service can be made by mailing the document to the person's last known address, and service is complete upon mailing. Plaintiff states that defendant Peters did not agree to accept service by email under Federal Rule of Civil Procedure 5(b)(2)(E). (ECF No. 66 at 2 n.1.) Plaintiff also states that it appears defense counsel omitted the suite number from his address in the notice of appearance. (*Id.* at 3 n.2.) At the hearing, defense counsel stated that he did not provide the incorrect address.[2] It appears plaintiff properly served defendant Peters by mail, where service was complete upon mailing. When plaintiff learned that the mail was returned as undeliverable, plaintiff sent the discovery requests by email. Therefore, plaintiff properly served defendant Peters with the discovery requests, and defendant Peters was obligated to respond.

### B. Interrogatories

Plaintiff's First Set of Interrogatories were served on December 10 and 11, 2024, making Defendants' responses due on or by January 13, 2025. ECF No. 66 at 2; ECF No. 66-1 at 1, ¶ 2; Fed. R. Civ. P. 33(b)(2), 34(b)(2). At the March 19, 2025, hearing plaintiff informed the Court that defendant Peters produced responses to the interrogatories on Monday, March 17, 2025, although in its view the responses are inadequate.

The Court orders plaintiff and defendant Peters to meet and confer about the deficiencies of the response to the First Set of Interrogatories within fourteen (14) days. Due to defendant Peters's failure to timely respond to plaintiff's interrogatories and to oppose plaintiff's motion, defendant has waived any objection to plaintiff's interrogatories. *See* Fed. R. Civ. P. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021).

If the parties cannot resolve the issue during the meet and confer, the parties may request

---

[2] The address used by plaintiff was the same one provided by attorney Nash in his pro hac vice application which does not include a suite number. (ECF No. 46.)

to have a discussion in person at the Court.

Defendant Peters is reminded of his duty to comply with court orders and participate in discovery. If defendant Peters fails to comply with further court orders, or participate in discovery, defendant may face serious sanctions. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095-96 (9th Cir. 2007) (affirming district court's imposition of a terminating sanction of judgment by default against defendants for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders," including:

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part;

    (vi)    rendering a default judgment against the disobedient party; or

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The choice of sanction is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

### C. Requests for Production

Plaintiff's First Set of Requests for Production were served on December 10 and 11, 2024,

6

making defendant Peters' responses due on or by January 13, 2025. ECF No. 66 at 2; ECF No. 66-1 at 1¶ 2; Fed. R. Civ. P. 33(b)(2), 34(b)(2). At the March 19, 2025, hearing, plaintiff indicated that defendant Peters responded to the RFPs but that the responses are inadequate and that Peters has produced no new documents.

Due to defendant Peters' failure to timely respond to plaintiff's RFPs and to oppose plaintiff's motion, defendant Peters has waived any objection to plaintiff's First Set of RFPs. *See Richmark Corp.*, 959 F.2d at 1473 (9th Cir. 1992); *Bell*, 2021 WL 843242, at *2.

### D. Requests For Admissions

Plaintiff's First Set of Requests for Admission were served on defendant Peters on December 10 and 11, 2024, making defendant Peters' responses due on or by January 13, 2025. ECF No. 66 at 2; ECF No. 66-1 at 1¶ 2; Fed. R. Civ. P. 36(a)(3). As of the March 19, 2025, hearing, defendant Peters had not responded to the requests for admission. Therefore, the Court orders that the First Set of Requests for Admission for defendant Peters are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

### E. Requirement for Parties to File Discovery Status Report

The Court further orders defendant Peters to file a written status report within fourteen (14) days regarding his compliance with this order in producing documents responsive to plaintiff's RFPs without objections. The status report shall describe the manner and date of service of each of the items. The parties are ordered to file a joint status report within seven (7) days after they meet and confer regarding the interrogatories.

### ORDER

As discussed above, the Court GRANTS IN PART plaintiff's motion to compel (ECF No. 66), and ORDERS:

1. Plaintiff's first set of RFAs for defendant Peters are deemed admitted;
2. Within fourteen (14) days, defendant Peters shall serve his complete and full responses to all RFPs without objection and produce responsive documents;
3. Within fourteen (14) days, the parties shall meet and confer regarding defendant Peters' responses to the interrogatories;

4. Within fourteen (14) days, defendant Peters shall file a written status report regarding his compliance with this order in serving complete and full responses to RFPs, and producing documents responsive to plaintiff's RFPs. The status report shall describe the manner and date of service of each of the items; and

5. Within seven (7) days of the parties' meet and confer, the parties shall file a joint status report regarding the interrogatories.

Dated: March 20, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, pete.0287.24