1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   UNITED STATES OF AMERICA,            No. 2:24-cv-00287 WBS CKD

13                Plaintiff,

14        v.                              ORDER RE: MOTION TO SET ASIDE
                                          DEFAULT
15   MATTHEW H. PETERS, BAYVIEW
     SPECIALTY SERVICES LLC,
16   COASTLINE SPECIALTY SERVICES
     LLC, STRAND VIEW CORPORATION,
17   INNOVATIVE SPECIALTY SERVICES
     LLC, PARAGON PARTNERS LLC (D/B/A
18   PARAGON MEDICAL PARTNERS),
     CARDEA CONSULTING LLC, PRAXIS
19   MARKETING SERVICES LLC,
     PROFESSIONAL RX PHARMACY LLC,
20   INLAND MEDICAL CONSULTANTS LLC
     (D/B/A ADVANCED THERAPEUTICS),
21   PORTLAND PROFESSIONAL PHARMACY
     LLC, SUNRISE PHARMACY LLC,
22   PROFESSIONAL 205 PHARMACY LLC
     (D/B/A PROFESSIONAL CENTER 205
23   PHARMACY), SYNERGY MEDICAL
     SYSTEMS LLC (D/B/A SYNERGY RX),
24   SYNERGY RX LLC (D/B/A SYNERGY
     RX), PRESTIGE PROFESSIONAL
25   PHARMACY, JMSP LLC (D/B/A
     PROFESSIONAL CENTER 205
26   PHARMACY), MPKM, LLC (D/B/A
     PROFESSIONAL CENTER PHARMACY),
27   ONE WAY DRUG LLC (D/B/A PARTELL
     PHARMACY), PARTELL PHARMACY LLC,
28   OPTIMUM CARE PHARMACY INC.

                                 1

1   (D/B/A MARBELLA PHARMACY),
    GLENDALE PHARMACY LLC, and LAKE
2   FOREST PHARMACY (D/B/A
    LAKEFOREST PHARMACY),

3                   Defendants.

4

5                   ----oo0oo----

6           The complaint in this False Claims Act action was filed

7   on January 22, 2024.  (Docket No. 1.)  The Clerk of Court entered

8   default against defendant Synergy Medical Systems, LLC on

9   September 26, 2024.  (Docket No. 63.)  On March 21, 2025,

10  defendant moved to set aside the default.  (Docket No. 72.)

11          Federal Rule of Civil Procedure 55(c) provides that a

12  court "may set aside an entry of default for good cause."  In

13  determining whether good cause exists, courts "consider three

14  factors: (1) whether the party seeking to set aside the default

15  engaged in culpable conduct that led to the default; (2) whether

16  it had no meritorious defense; or (3) whether reopening the

17  default judgment would prejudice the other party."  United States

18  v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085,

19  1091 (9th Cir. 2010) (cleaned up).  "[A] finding that any one of

20  these factors is true is sufficient reason for the district court

21  to refuse to set aside the default."  Id.  "[J]udgment by default

22  is a drastic step appropriate only in extreme circumstances; a

23  case should, whenever possible, be decided on the merits."  Id.

24  (internal quotation marks omitted).

25          Defendant argues primarily that its failure to answer

26  the complaint was not culpable.  A defendant's "'conduct is

27  culpable if he has received actual or constructive notice of the

28  filing of the action and intentionally failed to answer.'"  Id.

                                    2

1    at 1092 (quoting <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d

2    691, 697 (9th Cir. 2001)) (emphasis in original).

3              Defendant argues that Brian Baumgartner, an executive

4    at Synergy Medical Systems, LLC, was "confused" and did not know

5    an answer to the complaint was required.  Defendant points to

6    various alleged factual circumstances, including that certain

7    unspecified representations were made to Mr. Baumgartner by the

8    government that led him to believe no responsive pleading was

9    necessary.  However, no credible evidence of Mr. Baumgartner's

10   "confusion" is provided; instead, defendant provides a

11   declaration from counsel merely restating defendant's arguments

12   in conclusory fashion.  (<u>See</u> Docket No. 72-1.)  Counsel

13   apparently did not represent defendant at the time of the alleged

14   events and no declaration from Mr. Baumgartner himself is

15   provided.  Accordingly, there is insufficient evidence before the

16   court to support defendant's arguments.

17             In opposition to the motion, the government provides

18   several emails exchanged with the attorney then representing

19   defendant.  Defendant does not dispute the accuracy of these

20   emails.  In an email dated August 1, 2024, the attorney

21   representing defendant stated that he "can immediately file a

22   response pleading if need be on behalf of . . . Synergy Medical

23   Systems LLC," and requested that the government advise him as to

24   whether a responsive pleading was required in order to "avoid a

25   default judgement application against Synergy Medical Systems

26   LLC."  (Docket No. 78-2.)  On August 23, 2024, counsel for the

27   government sent a responsive email that stated: "Answers have

28   been filed in U.S. v. Peters for a majority of the parties.  We

                                  3

1  would therefore like to move for default in the near future as to

2  the parties that have not appeared, but are providing you the

3  courtesy notice you requested if you are interested in filing an

4  Answer on behalf of the Synergy parties." (Docket No. 78-3.)

5  The attorney representing defendant responded to that email on

6  August 26, 2024 and stated that he "will make sure a responsive

7  pleading is filed." (Id.)

8          While it is not clear whether defendant's current

9  counsel had knowledge of these emails, they nevertheless

10  establish that defendant was a "legally sophisticated party" with

11  "an understanding of the consequences of its actions" in failing

12  to file a responsive pleading. See Mesle, 615 F.3d at 1093. In

13  the absence of evidence supporting defendant's arguments to the

14  contrary, the government's evidence establishes intentional,

15  culpable conduct justifying denial of the motion to set aside

16  default. See id.[1]

17          IT IS THEREFORE ORDERED that Synergy Medical Systems,

18  LLC's motion to set aside default (Docket No. 72) be, and the

19  same hereby is, DENIED WITHOUT PREJUDICE to refiling with

20  additional supporting evidence.

21  Dated: May 14, 2025

22  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

23

24

25

26          [1]  Because the court denies the motion on the basis of
27  culpable conduct, it need not address whether defendant has a
    meritorious defense or whether setting aside the default would
28  prejudice to the plaintiff. See Mesle, 615 F.3d at 1091.