1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:24-cv-00287-WBS-CKD

12                 Plaintiff,

13        v.                                ORDER ON PLAINTIFF'S MOTION TO
                                            COMPEL AND FOR SANCTIONS
14   MATTHEW H. PETERS, et al.,

15                 Defendant.               (ECF Nos. 80, 81, 82)

16

17

18        Plaintiff United States of America moves to compel defendants Matthew Peters and his

19   affiliates[1] to respond to plaintiff's requests for production.[2] (ECF Nos. 80, 81, 82.) Pursuant to

20   Local Rule 251(d), plaintiff's motion was excepted from the requirement for Joint Statements re

21   Discovery Disagreement and was set for hearing on May 19, 2025. *See* E.D. Cal. L.R. 251(d);

22   ECF Nos. 80, 81, 82. Defendants filed an opposition on May 14, 2025. (ECF No. 83.) Plaintiff

23

24   [1]  These entities are Bayview Specialty Services LLC, Coastline Specialty Services LLC, Strand
     View Enterprises LLC, Innovative Specialty Services LLC, Paragon Partners LLC, Cardea
25   Consulting LLC, Praxis Marketing Services LLC, Portland Professional Pharmacy LLC, Sunrise
     Pharmacy LLC, Professional 205 Pharmacy LLC, Prestige Professional Pharmacy, JMSP LLC,
26   Optimum Care Pharmacy Inc., Glendale Pharmacy LLC, and Lake Forest Pharmacy LLC.

27
     [2]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72,
28   and Local Rule 302(c)(1).

                                                1

filed a reply on May 19, 2025. (ECF No. 85.) On May 21, 2025, the Court held a hearing via

Zoom. Attorneys Steven Tennyson and David Thiess appeared for plaintiff. Attorney Connor

Nash appeared for defendants Matthew Peters, and the following entities:  JMSP, LLC; Paragon

Partners, LLC; Innovative Specialty Services, LLC; Cardea Consulting, LLC; Coastline Specialty

Services, LLC; Portland Professional Pharmacy, LLC; Sunrise Pharmacy, LLC; Professional 205

Pharmacy, LLC; Lake Forest Pharmacy, LLC; Bayview Specialty Services, LLC; Praxis

Marketing Services, LLC; Prestige Professional Pharmacy, LLC; Optimum Core Pharmacy, Inc.;

Glendale Pharmacy, LLC.[3] For the reasons that follow and as discussed at the hearing, the Court

GRANTS IN PART plaintiff's motion to compel.

## I.    BACKGROUND

Plaintiff initiated this action by filing a complaint on January 22, 2024. (ECF No. 1.) On

July 30, 2024, plaintiff filed its second amended complaint against Peters, multiple pharmacies,

management service organizations, and corporate entities. (ECF No. 50.) Plaintiff brings the

following claims: presentation of false claims under the False Claims Act against defendant

Peters and the defendant pharmacies; causing to be presented false claims under the False Claims

Act against all defendants; conspiracy under the False Claims Act against defendant Peters and

the defendant pharmacies; unjust enrichment against defendant Peters; and payment by mistake

against defendant Peters and the defendant pharmacies. (*Id.*)

A pretrial scheduling order issued on September 18, 2024. (ECF No. 57.) Initial

disclosures were due by November 1, 2024. Expert disclosures and reports in accordance with

Federal Rule of Civil Procedure 26(a)(2) are due by September 5, 2025. Disclosure of rebuttal

experts and reports is due by October 3, 2025. All discovery is to be completed by October 31,

2025.

On December 10 and 11, 2025, plaintiff served its first set of requests for production

---

[3]  The list of entity defendants is taken from the docket and defendant James Bell's notice of
appearance. (ECF No. 9.) However, Attorney Nash stated his appearance for Professional Rx
Pharmacy, LLC and Strand View Corporation on the record. Based on the Docket and the Notice
of Appearance filed on 4/25/2024 it does not appear that any attorney has previously entered an
appearance on behalf of these entities. Pursuant to Local Rule 182(a)(2), Attorney Nash must sign
and file a confirmation of appearance within seven (7) days.

1    ("RFP") on defendant Peters. (ECF No. 81-1 ¶ 2.) On November 19, 2024, Plaintiff served its

2    first set of RFPs on defendant Bayview Specialty Services, LLC. (*Id.* ¶ 3.) On February 5, 2025,

3    the parties met and conferred regarding discovery and agreed that defendants' search for

4    documents responsive to plaintiff's first set of RFPs would fit four parameters:

5
            First, the responses would be "based on a diligent search of materials
6            within defendants' custody and control, using a defensible method to
            identify responsive information." (ECF No. 66-2 at 1). Second,
7            Defendants agreed that custody and control "includes searching
            information held by the entities' employees, financial institutions,
8            former/current accountants, and former/current attorneys." (*Id.*).
            Third, Defendants agreed the "responses will identify the custodians
9            and organizations identified as having responsive documents, after an
            appropriate review you will conduct." (*Id.*). Fourth, Defendants
10           agreed to provide those responses by February 21, 2025. (*Id.*).

11   (ECF No. 82-1 at 2.)[4]

12           On February 18, 2025, plaintiff filed its first motion to compel discovery responses from

13   defendant Peters because Peters did not respond to any of the discovery requests. (*See* ECF No.

14   66.) The Court granted this motion in part, ordering that Plaintiff's first set of Requests for

15   Admission be deemed admitted and that defendant Peters serve his complete and full responses to

16   all RFPs without objection and produce responsive documents. (ECF No. 71 at 6-8.) Defendant

17   Peters was warned that if he failed to comply with court orders or participate in discovery, he

18   could face serious sanctions. (*Id.* at 6.) On April 3, 2025, defendant Peters served responses to the

19   RFPs. (ECF 82-1 at 3; *see* ECF No. 71.) On April 25, 2025, the parties met and conferred

20   regarding perceived deficiencies in defendant's responses. (ECF No. 82-1 at 3-4.) Defense

21   counsel made clear that they were relying on defendant Peters to conduct the searches for

22   information. (*Id.* at 4.) Plaintiff insisted that the defense perform a reasonable search consistent

23   with the February agreement. (*Id.*) Defense counsel requested to continue the discussion until

24

25   _____

26   [4]  On May 7, 2025, plaintiff filed its statement and memorandum on discovery disagreement
     (ECF No. 81), but informed the Court on May 8, 2025, that this filing did not include a signature
27   block for counsel for the United States at the conclusion of the document. (ECF No. 82 at 1.)
     Plaintiff filed a notice of erratum and the amended statement that included the signature block.
28   (ECF No. 82-1.) The Court will cite to the document filed on May 8, 2025, at ECF No. 82.

1    April 28, 2025. (*Id.*) On April 28, 2025, defense counsel did not appear at the agreed upon time.[5]

2    (*Id.*)

3        Plaintiff filed a motion to compel discovery responses and for sanctions from defendant

4    Peters and the affiliate defendants under Local Rule 251(a). (ECF Nos. 80, 81, 82.) Plaintiff

5    attempted to work with defense counsel to file joint statement as required under this Court's

6    Local Rules. (ECF No. 81-3 at ¶ 11.) Defense counsel provided general comments on the joint

7    statement, but did not provide edits or identify specific statements counsel believed inaccurate, or

8    provide his clients' portion of the joint statement. (*Id.*) Plaintiff filed its statement in support of its

9    motion on May 7, 2025, pursuant to Local Rule 251(d). Defendants filed an opposition on May

10   14, 2025. (ECF No. 83.) Plaintiff filed a reply on May 19, 2025. (ECF No. 85.)

11   **II.    LEGAL STANDARDS**

12       "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

13   party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

14   "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*,

15   296 F.3d 732, 751 (9th Cir. 2002).

16       A party may serve requests to produce documents in the responding party's possession,

17   custody, or control, including designated documents, electronically stored information, or other

18   writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents

19   within a responding party's possession, custody, or control, regardless of whether the requesting

20   party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in

21   writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed.

22   R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any

23   responsive materials are being withheld on the basis of that objection[, and] an objection to part

24   of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

25       A party may move to compel discovery if the movant has in good faith conferred with the

26   party opposing discovery to obtain the requested discovery without the court's intervention. *See*

27   _____

28   [5] At the May 21 hearing Attorney Nash explained he had been in a settlement conference for a
     different matter.

4

1    Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery

2    requests are the subject of the motion to compel, and, for each disputed response, why the

3    information sought is relevant and why the responding party's objections are not meritorious."

4    *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs

5    motions to compel and requires the parties to confer and attempt to resolve their discovery

6    differences. If counsel for any party has been unable after a good faith effort to secure the

7    cooperation of counsel for the opposing party in arraigning the required conference, or in

8    preparing and executing the required joint statement, counsel may file and serve an affidavit so

9    stating and setting forth the circumstances for the Court. E.D. Cal. L.R. 251(d). "Refusal of any

10   counsel to participate in a discovery conference, or refusal without good cause to execute the

11   required joint statement, shall be grounds, in the discretion of the Court, for entry of an order

12   adverse to the party represented by counsel so refusing or adverse to counsel." *Id.*

13   **III.    DISCUSSION**

14          "The discovery process in theory should be cooperative and largely unsupervised by the

15   district court. But when required disclosures aren't made or cooperation breaks down, Federal

16   Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or

17   discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, defendant

18   Peters has completely failed to uphold his discovery obligations and participate in discovery.

19                     **A.  Joint Statement re Discovery Disagreement**

20          Local Rule 251 requires that prior to filing a motion related to discovery, the parties meet

21   and confer to discuss the dispute and requires the parties to file a joint statement re discovery

22   dispute. E.D. Cal. L.R. 251. On April 16, 2025, plaintiff filed its notice of this motion and

23   indicated that it would be submitting a joint statement before the hearing. (ECF No. 80.) On May

24   7, 2025, plaintiff filed a statement and memorandum on discovery disagreement (ECF Nos. 81,

25   82) informing the Court that it was unable to secure the cooperation of defense counsel in

26   preparing and executing a joint statement. (ECF No. 82-1 at 1-2.) On May 5, 2025, plaintiff sent

27   defense counsel a draft joint statement. (ECF No. 81-1 ¶ 11.) Defense counsel provided general

28   comments on the joint statement via emails on May 5, 2025, and May 7, 2025, but did not

1    provide edits or provide his clients' portion of the joint statement. (*Id.*; *see* ECF No. 81-7.)

2    Under Local Rule 251(d), refusal without good cause to execute the required joint

3    statement is grounds, in the Court's discretion, for entry of an order adverse to the party

4    represented by counsel refusing to participate or adverse to counsel. When asked about his lack of

5    participation in drafting the joint statement at the May 21, 2025, hearing, defense counsel

6    explained that defendants' position was drastically different from plaintiff's position on the issues

7    and that he did not think a joint statement was appropriate. Defense counsel was reminded that all

8    parties must comply with the Court's Local Rules and that he must do so in the future.

9                    **B.  Requests for Production**

10   Plaintiff brings this motion in response to alleged deficient responses to the First Set of

11   RFPs issued to defendant Peters and the entity defendants. (ECF No. 82-1 at 4-5.) The Court

12   previously ordered defendant Peters to serve his complete and full responses to all RFPs without

13   objection and produce responsive documents. (ECF No. 71 at 7.) Plaintiff alleges that defendant

14   Peters has not complied with the Court's order by "conducting a search so superficial as to be

15   meaningless." (ECF No. 82-1 at 5.) Plaintiff also alleges that the "search and production for the

16   affiliates has been similarly scant and self-selected." (*Id.*)

17                   **1.  Limits of Production**

18   First, plaintiff argues that defendants' search was unreasonably selective and there was no

19   basis to limit discovery production to Peters as the sole custodian. (ECF No. 82-1 at 7.)

20   According to plaintiff, defendants have stated that "the only person that undertook business

21   dealings (save the pharmacy employees) related to the entities was Mr. Peters." (*Id.*) However,

22   plaintiff also argues that this does not mean that registered officers of the other entities are

23   irrelevant to discovery in this case. Plaintiff states that the documents defendant Peters has

24   produced indicate that several of the entities had paid employees. Plaintiff also argues that it is

25   indefensible to limit the search to Peters' files when he asserts those files have been lost or

26   destroyed and when Peters previously pleaded guilty to healthcare fraud, and unjustifiable for

27   defense counsel to rely on Peters to conduct his own searches, especially when the searches

28   involve electronic searches. (*Id.* at 7-8.) In response, defendants state that an order against

1    defendant Peters individually cannot be used against the entity defendants. (ECF No. 83 at 3-4.)

2    Defendants also argue that Peters and the entity defendants have produced responsive documents

3    that are in their possession, custody, and control. (ECF No. 83 at 4-5.)

4         The Court is not persuaded by defendants' argument that the Court's March 20, 2025,

5    order was limited to defendant Peters in his individual capacity. Plaintiffs have alleged that Peters

6    "founded, controlled and/or operated" the entity defendants. (ECF No. 50 at 5.) Further, in the

7    May 21, 2025, hearing, defense counsel agreed that Peters operated the defendant entities. It is

8    reasonable to believe that defendant Peters would have possession, custody, and control over

9    documents related to the entity defendants.

10        Further, the Court previously ordered Peters to respond without objection to the RFPs and

11   serve his complete and full responses and produce responsive documents. Many of the RFPs

12   request information about the other defendants. For example, RFP 9 requests "Any financial

13   statements of a DEFENDANT, including but not limited to balance sheets, income statements,

14   statements of cash flows, statements of owners' equity, retained earnings reports, quarterly

15   reports, annual reports, journals, and ledgers prepared by or for that DEFENDANT." (ECF No.

16   81-2 at 7.) Defendant Peters was required to produce any documents he has related to the other

17   defendants in the case. Defendant Peters has not adequately shown that he conducted a diligent

18   search for these documents. Peters has not provided a declaration outlining his search efforts, but

19   merely states that the documents no longer exist, or the entities are no longer operating. Further,

20   relying on defendant Peters to search his own files is improper. *D.M. V. Cty. of Merced*, 2021 WL

21   3269245, at *6 (E.D. Cal. July 30, 2021). As plaintiff notes, defendant Peters is likely not familiar

22   with e-discovery and defense counsel has an obligation to facilitate discovery.

23        In an April 7, 2025, letter to plaintiff's counsel, defense counsel states that Peters erased

24   emails before being indicted on criminal charges, did not preserve a DropBox account that

25   contained business dealings, but that Peters has attempted to recover the data. (ECF No. 81-5 at

26   1.) Further, defense counsel has stated that "there likely is no data sources for responsive

27   electronically stored information." (*Id.* at 2.) While a party cannot produce what it does not have,

28   *Howard v. Hedgpeth*, 2010 WL 5422580, at *3 (E.D. Cal. Dec. 21, 2010), the party must

1   demonstrate that it conducted a diligent search, which defendant Peters has not done here. To the

2   extent defendant Peters did not produce documents in response to the RFPs related to the entity

3   defendants because he thought it was not required, this was improper.

4           Also, in the April 7, 2025, letter, defense counsel admitted that defendant Peters has

5   approximately 20,000 pages of "investor documents from previous counsel" that he is scanning

6   into electronic form. (ECF No. 81-5 at 2.) At the May 21 hearing, defense counsel admitted that

7   Peters still has these documents in his garage and has not produced them, asserting that Peters

8   was in the process of copying them for production.  The Court is unsatisfied with this explanation

9   for Peters' failure to comply with his obligations and produce the materials already ordered by

10  this Court.

## 2.  Parties' Agreement

12          Second, plaintiff argues that defendants breached the parties' discovery agreement, which

13  was memorialized in an email from plaintiff to defendant dated February 6, 2025. (ECF No. 66-

14  1.) Plaintiff argues that defendants breached the agreement by agreeing to conduct a diligent

15  search of materials within their custody and control, but either not producing any information or

16  producing very few documents. (ECF No. 82-1 at 8-9.) Defendants also promised to search

17  information held by defendant Peters' entities' employees, financial institutions, accountants, and

18  attorneys, but later restricted the search to Peters. (*Id.*) Defendants argue that they have not

19  violated an agreement between the parties but rather engaged in meet and confer efforts. (ECF

20  No. 83 at 5-6.) Defendants argue they performed a search using the only custodian reasonably

21  known to possess relevant information—Peters. (*Id.* at 5.) Defendants also stated at the May 21,

22  2025 hearing that they did not agree to certain items listed in the February 6, 2025, email.

23          When parties agree to specific discovery protocols, courts enforce these commitments as

24  binding. *See, e.g.*, *Greene v. Cal. Dep't of Corr. & Rehab.*, 2025 2025 WL 790498, at *4 (E.D.

25  Cal. Mar. 12, 2025). The Court finds that plaintiff has demonstrated that defendants violated the

26  parties' discovery commitments. As stated above, defendants are ordered to fully comply with the

27  Court's March 20, 2025 order, and conduct the comprehensive search they previously agreed to

28  perform. (*See* ECF No. 66-2; ECF No. 81 at 9.)

### 3. Improper Withholding

Third, plaintiff avers that defendant Peters improperly withheld documents that have been produced in other contexts but were not produced in this case. (ECF No. 82-1 at 10-13.) As an example, plaintiff states that defendants failed to produce any executed physician investment contracts in response to plaintiff's RFPs but referenced these contracts in prior correspondence. (ECF No. 82 at 10.) Plaintiff also states defendant Peters produced certain documents in the criminal case against him but has not produced the same documents here. (*Id.* at 10-12 (citing an email from November 1, 2019 and a text message conversation)). Further, plaintiff states that Peters previously produced financial documents to criminal investigators that are responsive to numerous RFPs in this litigation but has not produced the documents in this case. (*Id.* at 12.) Plaintiff also alleges that Peters has not produced any of his own financial documents. Although Peters has stated that many of the relevant documents were destroyed before he was indicted in the criminal case on December 19, 2019, (*See* ECF No. 81-5), his assertion is not supported by the fact that the November 1, 2019 email was produced in the criminal case in July 2020. (ECF No. 82 at 11.)

### C. Sanctions

As defendant Peters has already been warned, if a defendant fails to comply with court orders, or participate in discovery, that defendant may face serious sanctions. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095-96 (9th Cir. 2007) (affirming district court's imposition of a terminating sanction of judgment by default against defendants for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders," including:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The choice of sanction is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

At this time, the Court orders defendants to produce documents in response to the First Set of RFPs and fully comply with the Court's March 20, 2025, order. Defendant Peters is ordered to submit a declaration signed under the penalty of perjury describing the steps he took to search for responsive documents. To the extent Peters alleges no responsive documents exist, Peters is required to state that in a declaration too. The Court also orders defendants to comply with the parties' discovery agreement.

To more fully address Peters' apparent disregard of his discovery obligations and this Court's orders, an in-person order to show cause hearing is scheduled for June 30, 2025, for Court to consider whether defendant Peters should be held in civil contempt.

Plaintiff also requests that the Court designate the follow facts as established in this case pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i):

1.  Peters created Coastline Specialty Services, LLC and Bayview Specialty Services, LLC for no purpose other than to pay physician investors to increase the volume of their prescriptions to the pharmacies operated or controlled by Peters, including prescriptions billed to federal health care programs.

2.  Absent investment return payments, the physician investors would not have sent

10

1    prescriptions to these pharmacies.

2    (ECF No. 82-1 at 15.) Before considering this request, plaintiff is ordered to provide further

3    briefing on this issue and explain how, precisely, these facts are tied to the failure to respond to

4    the RFPs.

5                                                **ORDER**

6           As discussed above, the Court GRANTS IN PART plaintiff's motion to compel and for

7    sanctions (ECF No. 80, 81, 82), and ORDERS:

8        1.    Within fourteen (14) days, defendants shall fully comply with the parties' discovery

9              agreement memorialized at ECF No. 66-2;

10       2.    Within fourteen (14) days, defendants shall produce any documents improperly

11             withheld;

12       3.    Within fourteen (14) days, defendant Peters shall file a declaration outlining what he

13             has done to participate in discovery and explain the steps he has taken to search for

14             responsive documents; and

15       4.    Defendants shall fully comply with the Court's March 20, 2025, order (ECF No. 71).

16       5.    Within fourteen (14) days, plaintiff shall provide supplemental briefing on how the

17             two facts cited above are related to the failure to respond to the RFPs; defendants may

18             file an opposition within seven (7) days thereafter; plaintiff may file a reply within

19             seven (7) days thereafter.

20       6.    An in-person hearing on the forthcoming Order to Show Cause is scheduled for June

21             30, 2025, at 10:00 am before the undersigned.  Defendant Peters is ordered to appear.

22    Dated:  May 22, 2025

23                                        _____

24                                        CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

25

26

27    5, pete.0287.24

28

                                                  11