UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTHEW H. PETERS, BAYVIEW SPECIALTY SERVICES LLC, COASTLINE SPECIALTY SERVICES LLC, STRAND VIEW CORPORATION, INNOVATIVE SPECIALTY SERVICES LLC, PARAGON PARTNERS LLC (D/B/A PARAGON MEDICAL PARTNERS), CARDEA CONSULTING LLC, PRAXIS MARKETING SERVICES LLC, PROFESSIONAL RX PHARMACY LLC, INLAND MEDICAL CONSULTANTS LLC (D/B/A ADVANCED THERAPEUTICS), PORTLAND PROFESSIONAL PHARMACY LLC, SUNRISE PHARMACY LLC, PROFESSIONAL 205 PHARMACY LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), SYNERGY MEDICAL SYSTEMS LLC (D/B/A SYNERGY RX), SYNERGY RX LLC (D/B/A SYNERGY RX), PRESTIGE PROFESSIONAL PHARMACY, JMSP LLC (D/B/A PROFESSIONAL CENTER 205 PHARMACY), MPKM, LLC (D/B/A PROFESSIONAL CENTER PHARMACY), ONE WAY DRUG LLC (D/B/A PARTELL PHARMACY), PARTELL PHARMACY LLC, OPTIMUM CARE PHARMACY INC. | No. 2:24-cv-00287 WBS CKD<br><br><u>ORDER RE: SYNERGY MEDICAL SYSTEMS, LLC'S RENEWED MOTION TO SET ASIDE DEFAULT</u> |

1

(D/B/A MARBELLA PHARMACY), GLENDALE PHARMACY LLC, and LAKE FOREST PHARMACY (D/B/A LAKEFOREST PHARMACY),

          Defendants.

----oo0oo----

Based upon the discussion during oral argument on defendant Synergy Medical Systems, LLC's renewed motion to set aside default, that motion will be granted. It appears that default was improperly entered because plaintiff's request for entry of default and supporting affidavit relied solely on defendant's failure to respond to the First Amended Complaint, which had already been dismissed. (See Docket No. 49; No. 58-1 ¶¶ 3-4.)

Even if the request for entry of default had addressed defendant's failure to respond to the Second Amended Complaint rather than the dismissed First Amended Complaint, entry of default was improper in the absence of proper service of process, and it is undisputed that plaintiff never served the Second Amended Complaint on this defendant. See McCain v. Cal. Highway Patrol, No. 2:11-cv-01265 KJM KJN, 2011 WL 5169372, at *2-3 (E.D. Cal. Oct. 28, 2011); Hearn v. Truesdale, No. 1:24-cv-00326, 2025 WL 711746, at *2 (D. Idaho Mar. 5, 2025).[1]

---

[1] Federal Rule of Civil Procedure 5(a)(2) -- which provides that "[n]o service is required on a party who is in default for failing to appear," except that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4" -- is not on point, as no default had been entered (or even requested) at the time the Second Amended Complaint was filed. See Newsom v. Countrywide Home Loans, Inc., No. 09-cv-5288, 2012 WL 12921029, at *4 (N.D. Cal. June 6, 2012).

2

            IT IS THEREFORE ORDERED that defendant Synergy Medical Systems, LLC's motion to set aside default (Docket No. 92) be, and the same hereby is, GRANTED; the entry of default (Docket No. 63) is SET ASIDE as to said defendant; and said defendant shall file a responsive pleading to the Second Amended Complaint within 7 days of the date of this Order.[2]

Dated:  August 4, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (holding "a case should, whenever possible, be decided on the merits.")