UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW H. PETERS, et al.,<br><br>Defendant. | No. 2:24-cv-00287-WBS-CKD<br><br>ORDER REGARDING DEFENDANT PETERS'S SUGGESTION OF BANKRUPTCY<br><br>(ECF No. 100) |

On July 30, 2025, defendant Matthew Peters filed a suggestion of bankruptcy, indicating that this case should be automatically stayed as to defendant Peters.[1] (ECF No. 100.) The Court instructed plaintiff United States of America to file a response. (ECF No. 101.) Plaintiff filed a response on August 13, 2025. (ECF No. 107.) The Court instructed defendant Peters to file a reply (ECF No. 108), but Peters failed to comply. For the reasons that follow, the Court finds that this case is not automatically stayed.

**I. BACKGROUND**

Plaintiff initiated this action by filing a complaint on January 22, 2024. (ECF No. 1.) On July 30, 2024, plaintiff filed its second amended complaint against Peters, multiple pharmacies,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

management service organizations, and corporate entities.[2] (ECF No. 50.) Plaintiff brings the following claims: presentation of false claims under the False Claims Act against defendant Peters and the defendant pharmacies; causing to be presented false claims under the False Claims Act against all defendants; conspiracy under the False Claims Act against defendant Peters and the defendant pharmacies; unjust enrichment against defendant Peters; and payment by mistake against defendant Peters and the defendant pharmacies. (Id.)

     A pretrial scheduling order issued on September 18, 2024. (ECF No. 57.) On April 16, 2025, plaintiff filed a motion to compel and for sanctions (ECF No. 80), which the Court heard on May 21, 2025 (ECF No. 86). The Court granted in part and denied in part the motion. (ECF No. 87; see ECF No. 88.) As a sanction, plaintiff sought certain facts be deemed admitted. The Court ordered, in part, that plaintiff provide supplemental brief on how the two facts cited are related to the failure to respond to the requests for production. (ECF No. 87 at 11.) Plaintiff submitted a supplemental brief. (ECF No. 90.) The Court also ordered defendant Peters to appear for an in-person order to show cause hearing scheduled for July 30, 2025, before the undersigned. (ECF No. 87 at 11; ECF No. 88.)

     On July 30, 2025, less than an hour before the scheduled order to show cause hearing, defendant Peters filed a suggestion of bankruptcy notice, indicated that this case should be stayed as to defendant Peters due to his filing of bankruptcy. (ECF No. 100; see ECF No. 101.) Neither defendant Peters nor his counsel appeared at the hearing. The Court nonetheless held the hearing and directed plaintiff to file a response to the suggestion of bankruptcy. (ECF No. 101.) On August 13, plaintiff filed a response. (ECF No. 107.) The Court ordered defendant Peters to file a reply (ECF No. 108), which defendant Peters did not do.

     On July 28, 2025, plaintiff filed a motion for sanctions and set this for hearing on September 3, 2025, before the undersigned. (ECF No. 98.) On August 22, 2025, the Court

---

[2] These entities are Bayview Specialty Services LLC, Coastline Specialty Services LLC, Strand View Enterprises LLC, Innovative Specialty Services LLC, Paragon Partners LLC, Cardea Consulting LLC, Praxis Marketing Services LLC, Portland Professional Pharmacy LLC, Sunrise Pharmacy LLC, Professional 205 Pharmacy LLC, Prestige Professional Pharmacy, JMSP LLC, Optimum Care Pharmacy Inc., Glendale Pharmacy LLC, and Lake Forest Pharmacy LLC.

vacated the September 3, 2025, hearing pending the resolution of the issue of whether this case should be stayed. (ECF No. 109.)

## II. DISCUSSION

Defendant Peters filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, In re Matthew Hogan Peters, Case No. 8:25-bk-12099-SC. (ECF No. 100.) Peters states that this bankruptcy petition operates as an automatic stay of proceedings against him. (Id.) Plaintiff filed a response, arguing that this case is exempt from automatic stay because it is brought under the False Claims Act. (ECF No. 107.) Plaintiff further argues that there is no basis to stay the case as to any other defendant, and that the sanctions sought by plaintiff should proceed.

Under the automatic stay provision of the Bankruptcy Code, a bankruptcy petition "operates as a stay, applicable to all entities" of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a). However, 11 U.S.C. § 362(b)(4) provides an exception from an automatic stay for "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4). "This section permits government to initiate or continue an action under its police or regulatory powers free of the restrictions of the automatic stay." In re Universal Life Church, Inc., 128 F.3d 1294, 1297 (9th Cir. 1997). This exception arises from the theory that bankruptcy should not be "a haven for wrongdoers," and the automatic stay "should not prevent governmental regulatory, police and criminal actions from proceeding." Id. (citation omitted).

Courts in the Ninth Circuit and other circuits have held that the False Claims Act and other claims brought by the United States are an exercise of its police or regulatory power and are exempt from the automatic stay. See Universal Life Church, 128 F.3d at 1298 ("[A] civil suit brought pursuant to the Federal False Claims Act is sufficient to satisfy the section 362(b)(4) exception." (citing In re Commonwealth Cos., 913 F.2d 518, 527 (8th Cir. 1990)); United States

3

v. Bourseau, 531 F.3d 1159, 1164 (9th Cir. 2008). Accordingly, the Court finds plaintiff's False Claims Act claims are exempt from the automatic stay.[3] The Court also finds plaintiff's related claims are exempt from the automatic stay because they are premised on the same allegations as the False Claims Act claims. See Bourseau, 531 F.3 at 1163-64.

Next, the Court finds that the case is not stayed as to any other defendant. See Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.), 23 F.3d 241, 246 (9th Cir. 1994) ("[T]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. . . . [S]ection 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." (citation omitted)); In re Miller, 262 B.R. 499 (9th Cir. B.A.P. 2001) ("Section 362(a)(1) applies only to actions against a debtor.").

Finally, the Court agrees with plaintiff that plaintiff's outstanding discovery requests should proceed even if the case were stayed. The Ninth Circuit has held that the police and regulatory power exemption applies to sanctions for litigation misconduct. See In re Berg, 230 F.3d 1165, 1167-68 (9th Cir. 2000) (applying the government regulatory exemption to the award of attorneys' fees for debtor's improper conduct during litigation). Further, separate from the police or regulatory power exemption, the Ninth Circuit has recognized an exception to the automatic bankruptcy stay for civil contempt and other sanctions based on violations of prior court orders. See David v. Hooker, Ltd., 560 F.2d 412, 417-18 (9th Cir. 1977) (holding trial court properly ordered defendant to obey an earlier discovery order where defendant filed a bankruptcy petition). Here, defendant Peters has violated multiple court orders. (See ECF Nos. 71, 87.) Further, defendant failed to attend or participate in the contempt hearing held on July 30, 2025, and notified the Court of the suggestion of bankruptcy less than one hour before the hearing was to take place. (See ECF Nos. 100, 101.)

/////

---

[3] Courts apply two tests to determine whether agency actions fit within the section 362(b)(4) exception: "the 'pecuniary purpose' test and (2) the 'public policy' test." Universal Life Church, 128 F.3d at 1297. Because it is clear that False Claims Act claims are exempt from the automatic stay provision, the Court declines to apply these tests.

**ORDER**

As discussed above, the Court finds this case is not subject to an automatic stay, and ORDERS as follows:

1. An in person hearing is set for October 29, 2025, at 10:00 a.m. regarding the following:

    a. Plaintiff's motion for sanctions (ECF No. 98). Defendant Peters is ordered to file an opposition or statement of non-opposition to plaintiff's motion within fourteen (14) days from the date of this order. Plaintiff may file a reply within seven (7) days of defendant Peters's filing;

    b. The Order to Show Cause hearing. Defendant Peters is ordered to appear in person;

    c. Whether certain facts should be deemed admitted (see ECF No. 90).

Dated: September 23, 2025

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, pete.0287.24