UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW H. PETERS, et al.,<br><br>Defendant. | No. 2:24-cv-00287-WBS-CKD<br><br>**ORDER TO SHOW CAUSE:**<br><br>**IN PERSON HEARING SET FOR**<br><br>**NOVEMBER 5, 2025 AT 10:00 A.M.**<br><br>**COURTROOM 24** |

    Plaintiff United States of America initiated this action on January 22, 2024 by filing a complaint against defendant Matthew Peters and his affiliates,[1] and multiple pharmacies, management service organizations, and corporate entities. (ECF No. 1.) On July 30, 2024, plaintiff filed a second amended complaint. (ECF No. 50.) On February 18, 2025, plaintiff filed a motion to compel against defendant Peters and his affiliates. (ECF No. 66.) On March 20, 2025, the Court issued an order granting in part and denying in part plaintiff's first motion to compel.

---

[1] These entities are Bayview Specialty Services LLC, Coastline Specialty Services LLC, Strand View Enterprises LLC, Innovative Specialty Services LLC, Paragon Partners LLC, Cardea Consulting LLC, Praxis Marketing Services LLC, Portland Professional Pharmacy LLC, Sunrise Pharmacy LLC, Professional 205 Pharmacy LLC, Prestige Professional Pharmacy, JMSP LLC, Optimum Care Pharmacy Inc., Glendale Pharmacy LLC, and Lake Forest Pharmacy LLC.

1

1  (ECF No. 71.) On April 16, 2025, plaintiff filed a second motion to compel and for sanctions.
2  (ECF Nos. 79-81.) In this motion, plaintiff requested that defendant Peters be ordered to show
3  cause why he should not be held in civil contempt and appear at a show cause hearing. (ECF No.
4  81 at 13-14.)

5  At the May 21, 2025 hearing held on the second motion to compel, plaintiff argued that
6  defendant Peters did not comply with the Court's March 20, 2025 order by "conducting a search
7  so superficial as to be meaningless." (ECF No. 82-1 at 5.) Plaintiff also argued that defendants'
8  search was unreasonably selective and there was no basis to limit discovery production to Peters
9  as the sole custodian, that defendants breached the parties' discovery agreement memorialized in
10 an email on February 6, 2025, and that defendant Peters improperly withheld documents that have
11 been produced in other contexts but were not produced in this case. (ECF No. 82-1 at 7, at 10-13;
12 ECF No. 66-1.) The Court found that the March 20, 2025 order was not limited to defendant
13 Peters in his individual capacity and applied to the entity defendants too. (ECF No. 87 at 7.) The
14 Court also noted that defendant Peters admitted having approximately 20,000 pages of documents
15 in his garage that he had not produced. (Id. at 8.) The Court found that defendants had violated
16 the parties' discovery commitments and ordered defendants to fully comply with the Court's
17 March 20, 2025 order and conduct a comprehensive discovery that they already agreed to
18 conduct. (Id.) The Court ordered defendants to produce documents in response to the first set of
19 RFPs and to fully comply with the Court's March 20, 2025 order. (ECF No. 87 at 10.) Defendant
20 Peters was ordered to submit a declaration signed under the penalty of perjury describing the
21 steps he took to search for responsive documents, and to state if no responsive documents exist
22 within fourteen days of the date of the order. (Id.) Defendant Peters did not file this declaration
23 until October 29, 2025, months after the deadline and the day he was expected to appear in court.
24 (ECF No. 114.) The Court also ordered that defendant Peters appear for an in-person order to
25 show cause hearing on July 30, 2025. (ECF No. 87 at 10; ECF No. 88.)

26 On July 28, 2025, plaintiff filed a motion for sanctions against defendant Peters and his
27 affiliates and set it for hearing on September 3, 2025. (ECF No. 98.) On July 30, 2025, the day of
28 the scheduled order to show cause hearing, defendant Peters filed a suggestion of bankruptcy, and

did not appear for the hearing. (ECF Nos. 100, 101.) The Court ordered plaintiff to file a response to defendant Peters's suggestion of bankruptcy. (ECF No. 101.) Plaintiff filed a response (ECF No. 107), and the Court ordered defendant Peters to file a reply (ECF No. 108). Defendant Peters did not file a reply. See Docket. The Court vacated the September 3, 2025 hearing on plaintiff's motion for sanctions pending the resolution of whether defendant Peters's notice of bankruptcy stayed the case. (ECF No. 109.)

On September 23, 2025, the Court issued an order finding that defendant Peters's suggestion of bankruptcy did not stay the case. (ECF No. 111.) The Court reset the in-person order to show cause hearing and the hearing on plaintiff's motion for sanctions for October 29, 2025, and ordered defendant Peters to file an opposition to the motion for sanctions. (ECF No. 111.) Defendant Peters filed an opposition (ECF No. 112) and plaintiff filed a reply (ECF No. 113).

The Court held a hearing on October 29, 2025; plaintiff's counsel and defense counsel attended. Defendant Peters was not present despite repeated orders to appear. (See ECF Nos. 87, 111.) Defense counsel stated that defendant Peters did not attend the hearing because the Court had not issued a formal notice ordering him to appear at an order to show cause hearing.

## ORDER

Accordingly, the Court orders as follows:

1. **Defendant Matthew Peters** is **ORDERED TO SHOW CAUSE** in person why he should not be held in civil contempt for failure to comply with this Court's orders, including those issued on March 20, 2025 (ECF No. 71) and May 22, 2025 (ECF No. 87);

2. **Defendant Matthew Peters** is **ORDERED** to appear in person before Chief United States Magistrate Judge Carolyn Delaney on **Wednesday, November 5, 2025 at 10:00 a.m. in Courtroom 24 (CKD) at the United States District Court, 501 I Street, Sacramento, California** to show cause at that time why he should not be held in civil contempt for failure to comply with this Court's orders, including those issued on March 20, 2025 (ECF No. 71) and May 22, 2025 (ECF No. 87); and

/////

3. Defendant Matthew Peters is cautioned that the failure to comply with this order may result in the imposition of sanctions. <u>See</u> Local Rule 110.

Dated: October 29, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, pete.0287.24