1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:24-cv-00287-WBS-CKD

12                    Plaintiff,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS ON PLAINTIFF'S
14    MATTHEW H. PETERS, et al.,              MOTION FOR SANCTIONS AND CIVIL
                                              CONTEMPT
15                    Defendant.

16                                            (ECF Nos. 87, 98)

17

18          Pending before the Court are plaintiff United States of America's motion for sanctions

19    against defendant Matthew Peters and his affiliates[1] (ECF No. 98), the order to show cause

20    hearing on whether to hold defendant Peters in civil contempt (ECF No. 115; see ECF No. 87),

21    and plaintiff's request to deem certain facts admitted (ECF Nos. 80, 90).[2] On May 22, 2025, the

22    Court issued an order granting in part and denying in part plaintiff's motion to compel and for

23

24    _____

      [1]  These entities are Bayview Specialty Services LLC, Coastline Specialty Services LLC, Strand
25    View Enterprises LLC, Innovative Specialty Services LLC, Paragon Partners LLC, Cardea
      Consulting LLC, Praxis Marketing Services LLC, Portland Professional Pharmacy LLC, Sunrise
26    Pharmacy LLC, Professional 205 Pharmacy LLC, Prestige Professional Pharmacy, JMSP LLC,
      Optimum Care Pharmacy Inc., Glendale Pharmacy LLC, and Lake Forest Pharmacy LLC.

27
      [2]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72,
28    and Local Rule 302(c)(1).

                                              1

sanctions filed on April 16, 2025. (ECF No. 87.) The Court ordered that defendant Peters appear in-person for an order to show cause hearing on July 30, 2025. (ECF Nos. 87, 88.) On July 28, 2025, plaintiff filed the instant motion for sanctions and set it for hearing on September 3, 2025. (ECF No. 98.) On the day of the scheduled order to show cause hearing, defendant Peters filed a suggestion of bankruptcy, and did not appear for the hearing. (ECF Nos. 100, 101.) The Court ordered plaintiff to file a response to defendant Peters's suggestion of bankruptcy. (ECF No. 101.) Plaintiff filed a response (ECF No. 107), and the Court ordered defendant Peters to file a reply (ECF No. 108). Defendant Peters did not file a reply. See Docket. The Court vacated the September 3, 2025, hearing on plaintiff's motion for sanctions pending the resolution of whether defendant Peters's notice of bankruptcy stayed the case. (ECF No. 109.)

On September 23, 2025, the Court issued an order finding that defendant Peters's suggestion of bankruptcy did not stay the case. (ECF No. 111.) The Court reset the in-person order to show cause hearing and the hearing on plaintiff's motion for sanctions for October 29, 2025, and ordered defendant Peters to file an opposition to the motion for sanctions. (ECF No. 111.) Defendant Peters filed an opposition (ECF No. 112) and plaintiff filed a reply (ECF No. 113).

On October 29, 2025, the Court held a hearing in person. (ECF No. 116.) Attorney David Theiss appeared for plaintiff. Attorney Connor Nash appeared for defendant Peters. Defendant Peters did not appear personally as ordered. The Court issued an Order to Show Cause for defendant Peters to appear in person at a hearing on November 5, 2025, to determine whether he should be held in civil contempt. (ECF No. 115.) On November 4, 2025, defense counsel requested that hearing be continued due to illness. (ECF No. 117.) The Court granted this request and ordered that the order to show cause hearing be rescheduled for November 12, 2025. (ECF No. 118.)

The Court held a hearing in person on November 12, 2025. (ECF No. 119.) Attorneys David Theiss and Tara Amin appeared for plaintiff. Attorney Connor Nash appeared for defendant Peters. Defendant Peters appeared in person. For the reasons that follow and as discussed at the hearing, the Court recommends granting plaintiff's motion for sanctions in part

1    (ECF No. 98) and recommends deeming the requested facts admitted. (ECF Nos. 90, 98.) The

2    Court recommends denying plaintiff's request to hold defendant Peters in civil contempt.

3    **I.    BACKGROUND**

4        Plaintiff initiated this action by filing a complaint on January 22, 2024. (ECF No. 1.) On

5    July 30, 2024, plaintiff filed its second amended complaint against Peters, multiple pharmacies,

6    management service organizations, and corporate entities. (ECF No. 50.) Plaintiff brings the

7    following claims: presentation of false claims under the False Claims Act against defendant

8    Peters and the defendant pharmacies; causing to be presented false claims under the False Claims

9    Act against all defendants; conspiracy under the False Claims Act against defendant Peters and

10   the defendant pharmacies; unjust enrichment against defendant Peters; and payment by mistake

11   against defendant Peters and the defendant pharmacies. (*Id.*)

12       An amended pretrial scheduling order issued on August 12, 2025. (ECF No. 106.) Initial

13   disclosures were due by November 3, 2025. Expert disclosures and reports in accordance with

14   Federal Rule of Civil Procedure 26(a)(2) are due by June 5, 2026. Disclosure of rebuttal experts

15   and reports are due by July 10, 2026. All discovery is to be completed by August 14, 2026.

16       In November 2024, plaintiff served its first discovery requests on the corporate entity

17   defendants. (ECF No. 98 at 3.) On December 10 and 11, 2024, plaintiff served its first set of

18   requests for production ("RFP"), interrogatories, and requests for admission ("RFA") on

19   defendant Peters. (ECF No. 66 at 2; ECF No. 98 at 3.) The entity defendants produced deficient

20   responses, and defendant Peters did not produce anything. (Id.) On February 5, 2025, the parties

21   met and conferred regarding discovery and agreed that defendants' search for documents

22   responsive to plaintiff's first set of RFPs would fit four parameters:

23           First, the responses would be "based on a diligent search of materials within
             defendants' custody and control, using a defensible method to identify responsive
24           information." (ECF No. 66-2 at 1). Second, Defendants agreed that custody and
             control "includes searching information held by the entities' employees, financial
25           institutions, former/current accountants, and former/current attorneys." (*Id.*).
             Third, Defendants agreed the "responses will identify the custodians and
26           organizations identified as having responsive documents, after an appropriate
             review you will conduct." (*Id.*). Fourth, Defendants agreed to provide those
27           responses by February 21, 2025. (*Id.*).

28   (ECF No. 82-1 at 2; see ECF No. 66-2 at 1.) On February 18, 2025, plaintiff filed a motion to

compel discovery responses. (ECF No. 66.)

### A. March 19, 2025, Hearing on Plaintiff's Motion to Compel and Corresponding Order

The Court held a hearing on March 19, 2025, found defendants failed to comply with their discovery obligations in violation of the Federal Rules of Civil Procedure, and granted plaintiff's motion to compel in part on March 20, 2025. (ECF No. 71.)

Regarding plaintiff's first set of interrogatories served on December 10 and 11, 2024, the Court noted that defendant Peters had produced responses to the interrogatories on March 17, 2025, but the responses were inadequate. (Id. at 5) The Court ordered the parties to meet and confer about the deficiencies of the response to the first set of interrogatories within fourteen days of the order. (ECF No. 71 at 5.) The Court found that defendants waived any objection to plaintiff's interrogatories. (Id.)

Regarding plaintiff's first set of requests for production ("RFPs") served on December 10 and 11, 2024, the Court noted that plaintiff indicated that defendant Peters responded to the RFPs, but the responses were inadequate. (Id. at 7.) The Court found that defendant Peters had waived any objections to plaintiff's first set of RFPs and ordered defendant Peters to serve his complete and full responses to all RFPs without objection and produce responsive documents within fourteen days. (Id.)

Regarding plaintiff's first set of requests for admission ("RFA") served on defendant Peters on December 10 and 11, 2024, the Court noted that as of the hearing, defendant Peters had not responded to the RFAs. (Id.) The Court ordered that the first set of RFAs be deemed admitted. (Id.) The Court further ordered that defendant Peters file a written status report within fourteen days of the order regarding his compliance with the Court's order in producing documents responsive to plaintiff's RFPs without objections. (Id.) The Court also ordered the parties to meet and confer regarding the interrogatories and to file a joint status report within seven days of the meet and confer. (Id.) Defendant was warned that if he failed to comply with court orders or participate in discovery, he could face serious sanctions. (Id. at 6.)

On April 3, 2025, defendant Peters timely filed a status report that indicated he served his

1    initial responses to plaintiff's RFPs, that he produced certain documents, that he served his

2    amended responses to plaintiffs' RFPs, and produced additional documents. (ECF No. 77.)

3    　　　　On April 9, 2025, the parties submitted their joint status report, indicating that the parties

4    had conferred on April 2, 2025, and that defendant Peters provided supplemental responses to

5    plaintiff's interrogatories. (ECF No. 79.)

6    　　　　**B.  May 21, 2025, Hearing on Plaintiff's Motion to Compel and Corresponding**

7    　　　　　　**Order**

8    　　　　On April 25, 2025, the parties met and conferred regarding perceived deficiencies in

9    defendants' responses to plaintiff's RFPs. (ECF No. 82-1 at 3; see ECF No. 71.) Plaintiff argued

10   that defendant Peters did not comply with the Court's March 19, 2025, order as he had

11   "conduct[ed] a search so superficial as to be meaningless." (ECF No. 82-1 at 5.) Plaintiff also

12   argued that defendants' search was unreasonably selective, that there was no basis to limit

13   discovery production to Peters as the sole custodian, that defendants breached the parties'

14   discovery agreement memorialized in an email on February 6, 2025, and that defendant Peters

15   improperly withheld documents that had been produced in other contexts but were not produced

16   in this case. (ECF No. 82-1 at 7, at 10-13; ECF No. 66-1.) The Court held that its March 20,

17   2025, order was not limited to defendant Peters in his individual capacity but applied to the entity

18   defendants too. (ECF No. 87 at 7.) The Court also noted that defendant Peters had admitted

19   having approximately 20,000 pages of documents in his garage that he had not produced. (Id. at

20   8.) The Court found that defendants had violated the parties' discovery obligations and ordered

21   defendants to fully comply with the Court's March 20, 2025, order and conduct the

22   comprehensive discovery search that they already agreed to conduct. (Id.) The Court also ordered

23   defendants to produce documents in response to the first set of RFPs in compliance with the

24   Court's March 20, 2025 order. (ECF No. 87 at 10.) Defendant Peters was ordered to submit a

25   declaration signed under the penalty of perjury describing the steps he took to search for

26   responsive documents, and to state if no responsive documents exist. (Id.) The Court also ordered

27   that defendant Peters appear for an in-person order to show cause hearing on July 30, 2025. (Id.;

28   ECF No. 88.)

1    Plaintiff requested that the Court deem certain facts admitted. (ECF No. 82-1 at 15; ECF

2    NO. 87 at 10-11.) The Court requested plaintiff provide further briefing on the issue, which it did.

3    (ECF No. 90).

4    **II.    MOTION FOR SANCTIONS**

5    Plaintiffs seek terminating sanctions in the form of default judgment against defendant

6    Peters and the associated entities. In the alternative, plaintiff seeks preclusion sanctions and asks

7    the Court to prohibit defendant Peters and his corporate entities from raising defenses related to

8    the purported bona fide nature of physician investment in, or actual management services

9    performed by, Bayview Specialty Services LLC or Coastline Specialty Services LLC. (ECF No.

10   98 at 10-11.) Plaintiff also seeks additional facts be deemed established. (Id. at 13-14.)

11   **A.  Legal Standards**

12   "The discovery process in theory should be cooperative and largely unsupervised by the

13   district court. But when required disclosures aren't made or cooperation breaks down, Federal

14   Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or

15   discovery." Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1219 (9th Cir. 2018). If such an order

16   is issued, but the offending party fails to obey, "the court where the action is pending may issue

17   further just orders," including:

18   A.    directing that the matters embraced in the order or other designated
19         facts be taken as established for purposes of the action, as the
       prevailing party claims;

20   B.    prohibiting the disobedient party from supporting or opposing
       designated claims or defenses, or from introducing designated matters
21     in evidence;

22   C.    striking pleadings in whole or in part;

23   D.    staying further proceedings until the order is obeyed;

24   E.    dismissing the action or proceeding in whole or in part;

25   F.    rendering a default judgment against the disobedient party; or

26   G.    treating as contempt of court the failure to obey any order except an
       order to submit to a physical or mental examination.

27   Fed. R. Civ. P. 37(b)(2)(A); see Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006).

28

6

The choice of sanction, including dismissal, is within the discretion of the court. <u>Olivia v. Sullivan</u>, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); <u>see also</u> E.D. Cal. Local Rule 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court"). Specifically, the court may impose sanctions "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Default judgment is classified as a dismissal sanction. <u>See</u> <u>Dreith</u>, 648 F.3d 779, 788 (9th Cir. 2011). "[D]ismissal is a harsh penalty [and] should only be imposed in extreme circumstances.'" <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis omitted) (quoting <u>Ferdik v Bonzelet</u>, 963 F.2d 1255, 1260 (9th Cir. 1992)). Nonetheless, "a noncompliant party must . . . seek a lesser sanction by formally requesting one from the district court." <u>Merchant v. Corizon Health, Inc.</u>, 993 F.3d 733, 741 (9th Cir. 2021) (citation omitted) (noting that if "the noncompliant party fails to move for lesser sanctions, the district court is not required to consider one and does not abuse its discretion . . . where such action is otherwise justified").

When the sanction imposed results in default, "the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." <u>Hester</u>, 687 F.3d at 1169 (citing <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 912 (9th Cir. 2003)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." <u>Jorgensen</u>, 320 F.3d at 912 (citing <u>Hyde & Darth v. Baker</u>, 24 F.3d 1162, 1166 (9th Cir. 1994)). Substantial and prejudicial obduracy may also constitute bad faith. <u>B.K.B. v. Maui Police Dept.</u>, 276 F.3d 1091, 1108 (9th Cir. 2002). "A court may consider prior misconduct when weighing a subsequent sanction motion." <u>Adriana Int'l Corp.</u>, 913 F.2d at 1411.

The Court must consider the following five factors before declaring default: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the other party"; (4) "the public policy favoring the disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." <u>Hester</u>, 687 F.3d at 1169 (citing <u>Dreith</u>, 648 F.3d at 788); <u>see also</u> <u>Transamerica Life Insurance Company v. Arutyunyan</u>, 93 F.4th 1136, 1146 (9th Cir. 2024).

7

### B.  Whether Defendants Have Complied with the Court's Discovery Orders

The Court finds that defendants have failed to comply with multiple court orders. Plaintiff served defendants with their first set of interrogatories, RFPs, and RFAs on December 10 and 11, 2024. Defendants failed to timely respond to plaintiff's requests, which prompted plaintiff's first motion to compel. (See ECF No. 66.) At the March 19, 2025, hearing before the Court, plaintiff informed the Court that defendant Peters had produced responses to the interrogatories, and had responded to the RFPs, but the responses were deficient. (See ECF No. 71 at 6-7.) Plaintiff also informed the Court that defendant Peters had not responded to the RFAs. (Id.) The Court granted plaintiff's motion to compel in part and deemed the first set of RFAs admitted, ordered defendant Peters to serve his complete and full responses to all RFPs without objection and produce responsive documents, and ordered the parties to meet and confer regarding defendants' responses to the interrogatories. (Id. at 7-8.)

The parties appeared before the undersigned a second time on May 19, 2025, for plaintiff's motion to compel and for sanctions. (ECF Nos. 80-82.) The Court granted plaintiff's motion in part and ordered defendants to fully comply with the Court's March 20, 2025 order, to fully comply with the parties' discovery agreement, ordered defendants to produce any documents improperly withheld, and ordered defendant Peters to file a declaration outlining what he has done to participate in discovery and explain the steps he had taken to search for responsive documents. (ECF No. 87.) On July 4, 2025, defendants produced a little over 3,000 pages of documents out of the alleged 20,000 pages that were contained in Peters's garage. (ECF No. 98 at 5.) Peters and defendants have not produced any other documents. (Id.)

Further, defendant Peters did not file a declaration with the Court as instructed, although he did finally file one on October 29, 2025, the morning of the re-scheduled order to show cause hearing. (ECF No. 114.) However, his declaration was not signed under the penalty of perjury. (Id.)

The Court finds that defendants have violated each of the Court's discovery orders.

### C.  Willfulness, Bad Faith, or Fault

Applying Ninth Circuit standards, the Court finds that defendant Peters's conduct

8

1  establishes willfulness, bad faith, or fault to justify entering default. See Jorgensen, 320 F.3d at

2  912; Transamerica Life Ins., 93 F.4th at 1146.

3        As of the filing of plaintiff's motion for sanctions on July 28, 2025, defendant Peters had

4  failed to comply with both of the Court's discovery orders, despite being expressly reminded of

5  his discovery obligations and warned of the potential consequences for his failure to comply. (See

6  ECF Nos. 71, 87.) Based on the timeline outlined above, the Court finds defendants timely

7  responded to the Court's March 20, 2025, order by filing a status report indicating he served

8  initial responses to plaintiff's RFPs, produced certain documents, served amended responses to

9  plaintiff's RFPs, and produced additional documents. (See ECF No. 71 at 7-8, ECF No. 77.)

10        However, the Court finds defendant Peters's responses were deficient, as outlined above

11  and in the May 22, 2025, order. (ECF No. 87.) The Court ordered defendants to fully comply with

12  the parties' discovery agreement, produce any documents improperly withheld, fully comply with

13  the Court's March 20, 2025, order, and ordered defendant Peters to submit a declaration within

14  fourteen days. (ECF No. 87 at 11.) Defendant Peters did not file a declaration until October 29,

15  2025 (ECF No. 114), almost five months after the ordered deadline, and it was not signed under

16  the penalty of perjury. (See Docket; ECF No. 98 at 4.) Further, the declaration is fairly vague and

17  does not sufficiently identify defendant Peters's efforts to obtain relevant discovery or explain

18  why he was unable to obtain certain records. For example, at the hearing on November 12, 2025,

19  defendant Peters said he was unable to receive certain bank records, including his own, but the

20  only evidence he might be able to produce of his efforts were call records because he contacted

21  the banks by telephone only. This was not explained in the declaration, nor did he explain why he

22  did not make further attempts to contact the banks, either in person or via letter.

23        Further, according to plaintiff, on July 4, 2025, defendants produced a little over 3,000

24  pages of documents, which plaintiff states were selective pages from investment contracts. (ECF

25  No. 98 at 5.) Defendant has not produced close to the 20,000 pages of documents defendant

26  Peters admitted having in his garage. (Id.) Defendant Peters argues in opposition that he does not

27  have all responsive documents that once existed in his possession, custody, or control due to the

28  passage of time, his incarceration, and the shutdown of the entity defendants. (ECF No. 112 at 5-

6.) In reply, plaintiff argues that defendant Peters has not attempted to collect documents, including from one of his own family members - Susan Hodge - who was the nominal manager or owner of multiple defendant pharmacies. (ECF No. 113 at 3.) Additionally, defendants' opposition still did not include a declaration from Peters certifying that he has attempted to search for the requested documents.

This record demonstrates defendants' willful, disobedient conduct and obduracy in refusing to follow the Court's discovery orders (ECF Nos. 71, 87); and refusing to fully participate in discovery and uphold their obligations under the Federal Rules of Civil Procedure. See Jorgensen, 320 F.3d at 912; Transamerica Life Ins., 93 F.4th at 1146. Defendants' actions are not excusable, nor were they demonstrated to be outside the control of the litigants. See Jorgensen, 320 F.3d at 912.

### D. Five Factor Test for Entering Default

The Court next considers the Ninth Circuit's five factor test to assess whether to declare default:  (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the other party"; (4) "the public policy favoring the disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." Hester, 687 F.3d at 1169. Courts generally find that the prejudice and availability of lesser sanctions are the key factors in this analysis. See Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Applying this test, the Court finds that the sanction of entering default against defendants should not be imposed at this time, because there are less severe sanctions available. When a court order has been violated, the first two factors are often considered together and, as "they relate to docket-management issues that the district court is in the best position to assess, often support the imposition of terminating sanctions." Transamerica Life Ins., 93 F.4th at 1146 (citation omitted); see also Wanderer, 910 F.2d at 656. Here, "the public's interest in the expeditious resolution of litigation" and "the court's need to manage its docket" each support dismissal. Defendants continued failure to provide adequate discovery and comply with court orders has delayed the case, resulted in multiple motions filed by plaintiff, and required the

1   issuance of multiple orders from the Court. In addition, this district court in particular has a strong

2   need and interest in expeditious resolution of litigation to manage its docket given the extremely

3   high caseload in the Eastern District of California.

4         Regarding "the risk of prejudice to the party seeking sanctions" factor, it is clear that

5   plaintiff is prejudiced by defendants' refusal to adequately participate in discovery. See

6   Transamerica Life Ins., 93 F.4th at 1146. The Ninth Circuit has found that the prejudice factor is

7   established if the disobeying party's actions impair the ability of the moving party "to go to trial"

8   or "threaten to interfere with the rightful decision of the case," and finding that while mere delay

9   alone does not establish prejudice, a failure to produce documents as ordered "is considered

10  sufficient prejudice." Adriana Int'l Corp., 913 F.2d at 1412. The Ninth Circuit has also held that

11  failing to produce documents as ordered is sufficient prejudice. See Computer Task Grp., Inc. v.

12  Brotby, 364 F.3d 1112, 1116-17 (9th Cir. 2004) (upholding district court's terminating sanctions

13  after magistrate judge recommended terminating sanctions for discovery misconduct). Here, as

14  described above, defendant Peters failed to produce documents responsive to plaintiff's RFPs as

15  ordered by the Court, establishing sufficient prejudice. See id. Plaintiff has also been substantially

16  prejudiced by defendants' misconduct because plaintiff cannot assess the case or prepare for trial

17  where defendants have failed to produce all responsive documents and sufficiently respond to

18  discovery requests. See Adriana Int'l Corp., 913 F.2d at 1412; Henderson v. Duncan, 779 F.2d

19  1421, 1423 (9th Cir. 1986).

20        As a general matter, the policy favoring disposition of cases on the merits "always weighs

21  against a default judgment." Transamerica Life Ins., 93 F.4th at 1147. However, this factor

22  provides defendant Peters "little support" as he has failed to facilitate progress in the case and is

23  instead "imped[ing] progress in that direction." Id.

24        However, the Court finds that default judgment is inappropriate at this time because less

25  drastic alternatives are available in this case. For example, plaintiff acknowledges that an

26  alternative sanction is available, in the form of preclusion sanctions, including "prohibiting

27  [defendants] from supporting or opposing designated claims or defenses, or from introducing

28  designated matters in evidence," and deeming certain facts admitted. Fed. R. Civ. P.

1    37(b)(2)(A)(ii); ECF No. 98 at 10-12. Plaintiff asks the Court to prohibit defendant Peters and his

2    corporate entities from raising defenses related to the purported bona fide nature of physician

3    investment in, or actual management services performed by, Bayview Specialty Services LLC or

4    Coastline Specialty Services LLC. (ECF No. 98 at 10-12.) Plaintiff argues that if these defenses

5    were raised, the Unites States would refute these defenses with categories of documents that

6    defendants have failed to produce. (Id.)

7            **E. Preclusion Sanctions**

8            "Preclusionary orders ensure that a party will not be able to profit from its only failure to

9    comply." United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980)

10   (citation omitted). Rule 37 explicitly authorizes the sanction of "prohibiting the disobedient party

11   from supporting or opposing designated claims or defenses, or from introducing designated

12   matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); see Sumitomo Marine, 617 F.2d at 1370

13   (affirming preclusion sanction imposed "after 18 months of delays and failures to comply with

14   court-ordered discovery"). When the sanction amounts to dismissal of a claim, the district court is

15   required to consider whether the claim of noncompliance involves willfulness, fault of bad faith

16   and to consider the availability of lesser sanctions. R&R Sails, Inc. v. Ins. Co. of Penn., 673 F.3d

17   1240, 1247 (9th Cir. 2012). It is unclear whether the five-factor test that applies to terminating

18   sanctions also applies to preclusion sanctions. See Sas v. Sawabeh Info. Servs., 2015 WL

19   12711646, at *11 (C.D. Cal. Feb. 6, 2015). However, based on the analysis above, the Court

20   recommends that preclusion sanctions be granted here. Defendants have spent months delaying

21   and obstructing plaintiff's efforts to obtain discovery to prosecute its case. Further, defendant

22   Peters failed to timely file a declaration certifying his efforts to obtain the requested discovery

23   and failed to appear in Court as ordered. The declaration defendant Peters did file was not signed

24   under penalty of perjury. (See ECF No. 114.) Defendants should not be permitted to raise

25   defenses related to the nature of physician investment in, or actual management services

26   performed by, Bayview Specialty Services LLC or Coastline Specialty Services LLC. See C.B. v.

27   Moreno Valley Unified Sch. Dist., 2023 WL 6782320, at *10 (C.D. Cal. Sept. 18, 2023).

28   ////

1

### F. Established Facts

2      Plaintiff requests that the Court deem certain facts established. (ECF Nos. 90, 98.) When a

3  party disregards a court order compelling discovery, the Court may direct that certain facts be

4  taken as established for purposes of the action. Fed. R. Civ. P. 37(b)(2)(A)(i). To the extent

5  deeming certain facts established would be the same as awarding judgment to the plaintiff, the

6  Court applies the same analysis to determine whether default judgment is appropriate. See

7  Puckett v. Cnty. of Sac., 2024 WL 4014373, at *9 (E.D. Cal. Aug. 24, 2024). The facts plaintiff

8  seeks to establish must be reasonably related to the subject of the discovery requests. See id.

9  (citing Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001)).

10      Plaintiff requests the following facts be deemed admitted:

11  • Fact 1: Peters created Coastline Specialty Services, LLC and Bayview Specialty Services,

12      LLC ("the Defendant MSOs") for no purpose other than to pay physician investors to

13      increase the volume of prescriptions to pharmacies operated or controlled by Peters,

14      including prescriptions billed to federal health care programs.

15  • Fact 2: Absent investment return payments, the physician investors would not have sent

16      prescriptions to these pharmacies.

17  • Fact 3: In the attempt to conceal unlawful conduct, Peters operated a series of duplicative

18      pharmacies (Portland Professional Pharmacy LLC, Sunrise Pharmacy LLC, Professional

19      205 Pharmacy LLC, Prestige Professional Pharmacy, JMSP LLC, Optimum Care

20      Pharmacy Inc., Glendale Pharmacy LLC, and Lake Forest Pharmacy LLC) and three

21      duplicative entities to pay Sales Representatives (Paragon Partners LLC, Cardea

22      Consulting LLC, Praxis Marketing Services LLC).

23  • Fact 4: In the attempt to conceal unlawful conduct, Peters moved money between the

24      duplicative pharmacies and marketing entities above, together with the Defendant MSOs,

25      Strand View Enterprises LLC, and Innovative Specialty Services LLC.

26  • Fact 5: Peters decided which physicians were eligible to invest in the Defendant MSOs

27      based on each physician's prescription volume.

28  • Fact 6: Peters used MSO distributions to reward physician investors for prescriptions.

1       • Fact 7: The fees paid to the Defendant MSOs (pharmacy revenues moved to those

2           entities), were not reasonable in comparison to any management services that the

3           Defendant MSOs actually performed.

4       • Fact 8: Peters intended for investors in the Defendant MSOs to direct Medicare and other

5           federal health care program prescriptions to Peters's pharmacies.

6       • Fact 9: Peters was aware that federal health care programs were billed for medically

7           unnecessary medications dispenses by his pharmacies (including Portland Professional

8           Pharmacy LLC, Sunrise Pharmacy LLC, Professional 205 Pharmacy LLC, Prestige

9           Professional Pharmacy, JMSP LLC, Optimum Care Pharmacy Inc., Glendale Pharmacy

10          LLC, and Lake Forest Pharmacy LLC).

11      • Fact 10: Peters paid non-employed Sales Representatives percentage commissions based

12         on claims for the prescriptions those Sales Representatives generated from clinicians,

13         including federal health care program claims.

14      • Fact 11: Peters knew it was unlawful under the Anti-Kickback Statute to pay Sales

15         Representatives in this way.

16          The Court already has determined that default judgment is inappropriate at this time.

17 Therefore, the Court will consider the facts to the extent deeming them established would not

18 result in awarding judgment to plaintiff on that basis. Plaintiff requested that the first two facts be

19 deemed admitted in a prior motion for sanctions (ECF No. 87) and the Court requested further

20 briefing (ECF No. 71). Plaintiff filed a supplemental brief regarding Facts 1 and 2. (ECF No. 90.)

21 In its sanctions motion, plaintiff also seeks to deem an additional nine facts admitted and appears

22 to incorporate the argument from its prior supplemental brief. (ECF No. 98 at 13.)

23          Regarding Fact 1, plaintiff argues that defendant Peters has withheld communications in

24 response to plaintiff's RFPs to hide the purpose of Coastline Specialty Services, LLC and

25 Bayview Specialty Services, LLC. (ECF No. 90 at 2-3.) Plaintiff states it provided examples of

26 withheld emails and text messages between Peters and investor members of these defendant

27 companies, revealing the purpose of those investments. (Id. at 3-5.) Plaintiff argues that defendant

28 Peters withheld these documents during this litigation. (Id. at 5.) Plaintiff also argues that

defendant Peters withheld almost all financial documents, which prevented plaintiff from taking discovery on how Peters paid prescribers. (Id. at 6-8.) Peters also has not produced investment contracts, and very few documents that would enable a comparison between the financial payouts made to Coastline Specialty Services, LLC and Bayview Specialty Services, LLC investors and the capital each investor paid in. (Id. at 8.)

Regarding Fact 2, plaintiff argues that defendant Peters has withheld documents that relate to the financial influence of Coastline Specialty Services, LLC and Bayview Specialty Services, LLC payouts on physician investors' prescribing practices. (ECF No. 90 at 9.) Plaintiff provided examples of communications with investing prescribers that Peters produced to criminal investigators but did not produce in this case. (Id.) Plaintiff argues the communications withheld make clear that Peters regularly consulted pharmacy prescription reimbursement and volume reports on prescribers as Peters made decisions about Coastline Specialty Services, LLC and Bayview Specialty Services, LLC investors, and are relevant to the second deemed fact. (Id. at 11.)

Regarding the remaining facts, plaintiff argues they are reasonably related to defendants' discovery violations because these additional nine facts would be "evidence in the many categories of emails, texts, financial statements and other documents that have been withheld." (ECF No. 98 at 13.) Plaintiff has supported each fact with the relevant RFPs. (Id. at 13-14.) The Court finds plaintiffs have adequately supported their requests to deem Facts 1 through 11 admitted and recommends that these facts be deemed admitted.

## III.    CIVIL CONTEMPT

On May 22, 2025, the Court ordered a show cause hearing for July 30, 2025, for the Court to consider whether defendant Peters should be held in civil contempt under Federal Rule of Civil Procedure 37(b)(2)(A)(vii). (See ECF No. 87.) On the morning of the hearing, defendant Peters filed a suggestion of bankruptcy (ECF No. 100) and did not appear for the hearing (ECF No. 101). The Court determined that defendant Peters's suggestion of bankruptcy did not stay this case (ECF No. 111) and ordered defendant Peters to appear before the undersigned at a hearing on October 29, 2025. Defendant Peters did not appear at this hearing. On October 29, 2025, the

1    Court issued an order to show cause in person why he should not be held in civil contempt at a

2    hearing on November 5, 2025. (ECF No. 115.) On November 4, 2025, defense counsel filed a

3    motion for continuance of the order to show cause due to illness. (ECF No. 117.) The Court

4    granted this continuance (ECF No. 118) and ordered that the hearing be continued until

5    November 12, 2025. (ECF No. 118.) On November 12, 2025, the Court held the order to show

6    cause hearing in person, and defendant Peters was present. (ECF No. 119.)

7    **A. Legal Standards**

8    Courts "have inherent power to enforce compliance with their lawful orders" through civil

9    contempt orders. <u>Shillitani v. United States</u>, 384 U.S. 364, 370 (1966); <u>Lambert v. State of Mont.</u>,

10    545 F.2d 87, 88 (9th Cir. 1976) ("A court has the inherent power to punish for civil or criminal

11    contempt any obstruction of justice relating to any judicial proceeding."). Civil contempt includes

12    "a party's disobedience to a specific and definite court order by failure to take all reasonable steps

13    within the party's power to comply." <u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126,

14    1130 (9th Cir. 2006) (citation omitted). "Civil contempt is characterized by the court's desire to

15    compel obedience to a court order or to compensate the contemnor's adversary for the injuries

16    which result from the noncompliance." <u>Falstaff Brewing Corp. v. Miller Brewing Co.</u>, 702 F.2d

17    770, 778 (9th Cir. 1983) (citations omitted).

18    "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with

19    a court order, are considered to be coercive and avoidable through obedience, and thus may be

20    imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a

21    jury trial nor proof beyond a reasonable doubt is required." <u>Int'l Union, United Mine Workers of</u>

22    <u>Am. v. Bagwell</u>, 512 U.S. 821, 827 (1994). If "the contemnor has no subsequent opportunity to

23    reduce or avoid the fine through compliance[,]" the measure is not coercive, but punitive, and no

24    longer considered civil contempt imposable without the protections of the criminal process. <u>Id.</u> at

25    829. "Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer

26    procedural protections for such sanctions have been required." <u>Id.</u> at 831. "Such coercion, where

27    the defendant carries the keys to freedom in his willingness to comply with the court's directive,

28    is essentially a civil remedy designed for the benefit of other parties and has quite properly been

1  exercised for centuries to secure compliance with judicial decrees." Uphaus v. Wyman, 360 U.S.

2  72, 81 (1959) (citation omitted).

3  "The party alleging civil contempt must demonstrate that the alleged contemnor violated

4  the court's order by 'clear and convincing evidence,' not merely a preponderance of the

5  evidence." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir.

6  1993) (citation omitted). Further, the moving party must establish "'(1) that [the defendant]

7  violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and

8  reasonable interpretation of the order . . . .'" Lab./Cmty. Strategy Ctr. v. Los Angeles Cnty.

9  Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009). The burden shifts to the contemnor to

10  demonstrate why he was unable to comply. Krause v. Krause, 2022 WL 1605382, at *5 (E.D. Cal.

11  May 20, 2022) (citing Federal Trade Comm'n v. Enforma Nat. Prod., Inc., 362 F.3d 1204, 1211

12  (9th Cir. 2004)). "Ability to comply is the crucial inquiry, and a court should weigh all the

13  evidence properly before it determines whether or not there is actually a present ability to obey."

14  United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999). (internal citations and quotation marks

15  omitted).

16  Absent consent by the parties, magistrate judges lack authority over civil contempt

17  proceedings except in limited circumstances, none of which are applicable here. See 28 U.S.C.

18  § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996). A magistrate judge may only

19  investigate whether further contempt proceedings are warranted and, if the magistrate judge so

20  finds, certify such facts to a district judge. 28 U.S.C. § 636(e)(6); see also Alcalde v. NAC Real

21  Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). Specifically, upon

22  finding an act constituting a civil contempt:

23  [T]he magistrate judge shall forthwith certify the facts to a district judge and may
    serve or cause to be served, upon any person whose behavior is brought into
24  question under this paragraph, an order requiring such person to appear before a
    district judge upon a day certain to show cause why that person should not be
25  adjudged in contempt by reason of the facts so certified. The district judge shall
    thereupon hear the evidence as to the act or conduct complained of and, if it is
26  such as to warrant punishment, punish such person in the same manner and to the
    same extent as for a contempt committed before a district judge.

27

28  28 U.S.C. § 636(e)(6)(B)(iii); see also Grimes v. City & Cnty. of San Francisco, 951 F.2d 236,

17

240 (9th Cir. 1991) (noting that Section 636 "requires a magistrate [judge] to refer contempt charges to a district court judge"). "Essentially, the magistrate judge's role is to determine whether the movant has established a prima facie case of contempt – i.e., whether the movant has shown by clear and convincing evidence that the party or nonparty has violated a court order." Delorme v. Big Think Cap., Inc., 2023 WL 8125766, at *3 (C.D. Cal. Oct. 18, 2023).

### B. Certification of Facts

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge assigned to this matter:

1. On March 20, 2025, the Court entered an order granting in part plaintiff's motion to compel. (ECF No. 71.) The Court ordered defendant Peters to serve his complete and full responses to plaintiff's first set of requests for production ("RFPs") served on December 10 and 11, 2024, without objection and produce responsive documents within fourteen days. (Id.) The order noted that defendant Peters had not responded to plaintiff's first set of requests for admission ("RFA's") served on December 10 and 11, 2024, and ordered that the first set of RFAs be deemed admitted. (Id.) The Court further ordered that defendant Peters file a written status report within fourteen days of the order regarding his compliance with the Court's order in producing documents responsive to plaintiff's RFPs without objections. (Id.) The Court also ordered the parties to meet and confer regarding the interrogatories and to file a joint status report within seven days of the meet and confer. (Id.)

2. On April 3, 2025, defendant Peters timely filed a status report indicating he served his initial responses to plaintiff's RFPs, that he produced certain documents, that he served his amended responses to plaintiffs' RFPs, and produced additional documents. (ECF No. 77.)

3. On April 9, 2025, the parties submitted their joint status report, indicating that the parties had conferred on April 2, 2025, and that defendant Peters provided supplemental responses to plaintiff's interrogatories. (ECF No. 79.)

4. On April 25, 2025, the parties met and conferred regarding perceived deficiencies in

1    defendants' responses to plaintiff's RFPs. (ECF No. 82-1 at 3; <u>see</u> ECF No. 71.)

2    5.  On May 22, 2025, the Court issued an order granting in part plaintiff's second motion to

3    compel. (ECF No. 87.) The Court ordered defendants to fully comply with the Court's

4    March 20, 2025, order and conduct the comprehensive discovery search that they already

5    agreed to conduct. (<u>Id.</u>) The Court also ordered defendants to produce documents in

6    response to the first set of RFPs in compliance with the Court's March 20, 2025, order.

7    (ECF No. 87 at 10.) Defendant Peters was ordered to submit a declaration signed under

8    the penalty of perjury describing the steps he took to search for responsive documents, and

9    to state if no responsive documents exist. (<u>Id.</u>) The Court also ordered that defendant

10    Peters appear for an in-person order to show cause hearing on July 30, 2025. (<u>Id.</u>; ECF

11    No. 88.)

12    6.  Defendant Peters did not file a declaration within seven days. Defendant Peters filed a

13    declaration on October 29, 2025. (ECF No. 114.) This declaration was not signed under

14    penalty of perjury.

15    7.  On July 30, 2025, defendant Peters filed a suggestion of bankruptcy, and did not appear

16    for the hearing. (ECF Nos. 100, 101.)

17    8.  The Court ordered plaintiff to file a response to defendant Peters's suggestion of

18    bankruptcy. (ECF No. 101.) Plaintiff filed a response (ECF No. 107), and the Court

19    ordered defendant Peters to file a reply (ECF No. 108). Defendant Peters did not file a

20    reply. <u>See</u> Docket.

21    9.  On September 23, 2025, the Court issued an order finding that defendant Peters's

22    suggestion of bankruptcy did not stay the case. (ECF No. 111.) The Court reset the in-

23    person order to show cause hearing and the hearing on plaintiff's motion for sanctions for

24    October 29, 2025.

25    10. On October 29, 2025, the Court held a hearing in person. (ECF No. 116.) Defendant

26    Peters did not appear personally as ordered.

27    11. The Court issued an Order to Show Cause for defendant Peters to appear in person at a

28    hearing on November 5, 2025, to determine whether he should be held in civil contempt.

1    (ECF No. 115.) The order to show cause hearing was rescheduled for November 12, 2025.

2    (ECF No. 118.)

3    12. The Court held a hearing in person on November 12, 2025. (ECF No. 119.) Defendant

4    Peters was present.

5    Based on these facts, the Court recommends that defendant Peters be held in civil contempt.

6    Defendant Peters has failed to comply with the clear and definite March 20, 2025, and May 22,

7    2025, discovery orders. Defendant Peters did not appear for the October 29, 2025, hearing as

8    ordered. Taking these facts into consideration, plaintiff has made a prima facie showing of civil

9    contempt by clear and convincing evidence. Thus, the Court recommends that the district court

10    order defendant Peters to appear before it to show cause why he should not be adjudged in

11    contempt by reason of these facts.

12    Further, plaintiff requests that defendant Peters be fined $350 a day until he complies with

13    the Court's orders. After reviewing the record, the Court recommends reducing this fine to $250.

14    See, e.g., In re Chase Bank USA, N.A. Check Loan Contract Litigation, 2013 WL 772714, at *6

15    (N.D. Cal. Feb. 23, 2013) (finding a $300 per day find reasonable).

16    **IV.    CONCLUSION**

17    It is hereby ORDERED that defendant Matthew Peters appear before the district court on

18    January 5, 2026 at 1:30 p.m., before United States District Judge William Shubb, Courtroom 5,

19    Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, to SHOW

20    CAUSE why he should not be held in contempt and why the district court should not impose

21    sanctions, including a daily fine, for his failure to comply with multiple court orders.

22    It is further RECOMMENDED, that:

23    1.    Plaintiff's motion for sanctions (ECF No. 98) be GRANTED IN PART AND

24    DENIED IN PART:

25    a.    Plaintiff's request for terminating sanctions in the form of default judgment be

26    DENIED;

27    b.    Plaintiff's request that defendants not be permitted to raise defenses related to the

28    nature of physician investment in, or actual management services performed by,

20

1    Bayview Specialty Services LLC or Coastline Specialty Services LLC be

2    GRANTED; and

3        c.  Plaintiff's request that Facts 1 through 11 be deemed established be GRANTED.

4    2.    Plaintiff's request that defendant Peters be held in contempt for his failure to comply

5        with multiple court orders be GRANTED.

6        These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

8    days after being served with these findings and recommendations, any party may file written

9    objections with the Court and serve a copy on all parties. This document should be captioned

10    "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

11    shall be served on all parties and filed with the Court within fourteen (14) days after service of the

12    objections. Failure to file objections within the specified time may waive the right to appeal the

13    District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

14    F.2d 1153, 1156-57 (9th Cir. 1991).

15    Dated:  November 19, 2025

16                                    _____

17                                    CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21    5, pete.0287.24

22

23

24

25

26

27

28

                                    21