ERIC GRANT
United States Attorney
DAVID E. THIESS
TARA A. AMIN
Assistant United States Attorneys
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA 95814
Phone: (916) 554-2700
David.thiess@usdoj.gov
Tara.amin@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>MATTHEW H. PETERS; *et al.*,<br><br>              Defendants. | CASE NO.  2:24-cv-00287-WBS-CKD<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT PETERS REQUEST FOR BRIEFING SCHEDULE AND HEARING (ECF NO.  141)** |

The United States opposes Defendant Matthew Peters's request[1] for a briefing schedule and hearing on the remanded motion for sanctions before this Court (ECF 141). First, Judge Shubb's order referring the issue of sanctions back to the assigned Magistrate Judge was not conditioned on time for Mr. Reichel to brief the issue. (ECF 137). Rather, it was because Judge Shubb rightly asserted that the Magistrate Judge had statutory authority to order the requested preclusion sanctions and established facts, rather than recommending them for adoption by the District Judge. (Ex. 1, Transcript from Order to Show Cause Hearing (Jan. 20, 2026), pp. 17, 39-40 ("I'll accept whatever sanctions that she wants to impose short of contempt as long as she has the authority to do it.")) And there is a good reason Judge Shubb did not condition his referral on additional briefing or "time to try to get in compliance" (ECF 141 at 2): the request for preclusion sanctions and established facts has been fully briefed and this Court

_____

[1] The request appears to have been filed solely on behalf of Defendant Peters and not any of the remaining Defendants, but it is not clear.

OPPOSITION TO REQUEST FOR BRIEFING AND HEARING

has already held several hearings on the matter. (ECF 80-83, 85, 90, 98, 121, 129; *see also* ECF 71, 87, 120). It would be waste of judicial resources and time to entertain additional briefing.

Defendant Peters decision to hire new counsel should not give him a second chance to litigate his egregious discovery violations. It is well established law that litigants cannot evade sanctions for discovery misconduct by hiring a new lawyer. *See e.g., In re Fitzsimmons,* 920 F.2d 1468, 1472 n.3 (9th Cir. 1990); *CrossFit, Inc., Nat'l Strength and Conditioning Ass'n,* No.  14-cv-1191 JLS (KSC), 2019 WL 6527951, at *19 n. 19 (S.D. Cal. Dec. 4, 2019); *C.R. Bard, Inc. v. Medical Components, Inc*., No. 2:17-cv-000754, 2025 WL 102218, at *2 (D. Utah Jan. 15, 2025). Mr. Reichel statement that he "will attempt to get appropriate responses, answers and documents to the plaintiff as requested in their discovery requests, or provide a full and sufficient declaration of efforts to do so…" is inapt; any future attempts to cure the longstanding discovery deficiencies in this case does not preclude the Court from granting the requested Rule 37 sanctions. *See, e.g., Varney v. California Highway Patrol,* No. C11-4193 TEH JSC, 2013 WL 2299544, at *3 (N.D. Cal. May 24, 2013) (imposing Rule 37 sanctions where plaintiff failed to comply with a court order and only did so after defendants filed motion for sanctions); *In re Seroquel Prods. Liab. Liti.,* 244 F.R.D. 650, 657 (M.D. Fla. Aug. 21, 2007).

Dated:  January 28, 2026

Respectfully submitted,

UNITED STATES OF AMERICA

ERIC GRANT
United States Attorney

By:    /s/ *Tara A. Amin*
TARA A. AMIN
DAVID E. THIESS
Assistant United States Attorneys

OPPOSITION TO REQUEST FOR BRIEFING AND HEARING