UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-cv-0287-WBS-CKD |
| Plaintiffs, | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| v. | |
| MATTHEW H. PETERS, et al., | AMENDED FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, the United States, moves for sanctions under Rule 37 of the Federal Rules of Civil Procedure for defendants' non-compliance with discovery obligations and the undersigned's discovery orders. (ECF Nos. 98, 140.) This matter is suitable for decision without further oral argument under Local Rule 230(g). For the reasons set forth below, the undersigned vacates the findings and recommendations filed on November 19, 2025, and issues these amended findings and recommendations.

**I.      Background**

The government initiated this action on January 22, 2024, against defendant Matthew H. Peters and multiple entity defendants which are pharmacies, management service organizations, marketing entity defendants, and other corporate entities. (ECF No. 1.) On July 30, 2024, the government filed the operative second amended complaint bringing claims against the defendants under the False Claims Act and for unjust enrichment and payment by mistake. (ECF No. 50.)

1

The government alleges defendant Peters "founded, controlled and/or operated" several entity defendants which were pharmacies primarily operated as compounding pharmacies dispensing products such as pain creams, scar creams, and foot baths. (Id. at 5-7.) Under the case schedule, all discovery shall be completed by August 14, 2026. (ECF No. 106.)

On February 18, 2025, the government filed a motion to compel asserting defendant Peters had failed to respond to the government's first set of requests for production ("RFP"), interrogatories, and requests for admission ("RFA"). (ECF No. 66.)

On March 19, 2025, the undersigned held a hearing on the motion to compel. By order dated March 20, 2025, the undersigned found defendant Peters had not complied with his discovery obligations in violation of the Federal Rules of Civil Procedure and granted in part the motion to compel. (ECF No. 71.) The undersigned found defendant Peters had waived any objection to plaintiff's interrogatories and RFPs and deemed the first set of RFAs admitted. (Id. at 7.) The undersigned ordered the parties to meet and confer about the deficiencies with the interrogatory responses within fourteen days of the order and to file a joint status report within seven days thereafter. (Id. at 5.) The undersigned also ordered defendant Peters to file a written status report within fourteen days regarding his compliance in producing documents responsive to plaintiff's RFPs without objections. (Id.) Defendant Peters was warned he could face serious sanctions if he failed to comply with court orders or participate in discovery. (Id. at 6.)

On April 3, 2025, defendant Peters timely filed a status report indicating he had served initial responses and amended responses to plaintiff's RFPs and produced certain documents. (ECF No. 77.) On April 9, 2025, the parties submitted their joint status report, indicating defendant Peters had provided supplemental responses to plaintiff's interrogatories earlier that day which the government had not yet had time to review. (ECF No. 79.)

On April 16, 2025, the government filed a second motion to compel, requesting an order compelling defendant Peters and his affiliated parties to provide full and complete responses to the first set of RFPs, and indicating defendants' cooperation in preparing the joint statement on the discovery dispute could not be obtained. (ECF Nos. 80, 82.) The government also requested as a sanction that the court designate two facts as established in this case pursuant to Federal Rule

2

of Civil Procedure 37(b)(2)(A)(i). (ECF No. 82-1 at 15.) Defendants opposed the motion. (ECF No. 83.) The government filed a reply. (ECF No. 85.)

On May 19, 2025, the undersigned held a hearing on the government's second motion to compel. By order filed on May 22, 2025, the undersigned found defendant Peters and the entity defendants had not met their discovery obligations and ordered them to conduct the discovery search they had already agreed to conduct and to fully comply with the court's prior order dated March 20, 2025. (ECF No. 87 at 7.) Although defendants argued the court's March 20, 2025 order was limited to defendant Peters in his individual capacity, the undersigned rejected that argument, finding it reasonable to believe defendant Peters has possession, custody, and control over documents related to the entity defendants where the government alleges he "founded, controlled and/or operated" the entity defendants (ECF No. 50 at 5) and defense counsel agreed at the May 21, 2025, hearing that Peters operated the defendant entities.

Relatedly, the undersigned found defendants had violated the parties' discovery agreement, as memorialized in an email. (ECF No. 87 at 8.) Counsel for defendants at the hearing denied certain specifics of the agreement as memorialized by email, but the undersigned found defendants had agreed to search information held by defendant Peters' entities' employees, financial institutions, accountants, and attorneys, and had breached that agreement. (Id.)

In addition, defendant Peters admitted having approximately 20,000 pages of documents in his garage which he had not produced. (ECF No. 87 at 8.) The undersigned found Peters had not complied with the March 20, 2025 order to respond without objection to the RFPs and to serve his complete and full responses and produce responsive documents. (Id. at 7-8.) The undersigned ordered the following:

1. Within fourteen (14) days, defendants shall fully comply with the parties' discovery agreement memorialized at ECF No. 66-2;

2. Within fourteen (14) days, defendants shall produce any documents improperly withheld;

3. Within fourteen (14) days, defendant Peters shall file a declaration outlining what he has done to participate in discovery and explain the steps he has taken to search for responsive documents; and

3

> 4.   Defendants shall fully comply with the Court's March 20, 2025, order.

(Id. at 11.) The order cautioned "[a]s defendant Peters has already been warned, if a defendant fails to comply with court orders, or participate in discovery, that defendant may face serious sanctions. (Id. at 9.)

Defendant Peters did not timely file his declaration as he was ordered to do by the order dated May 22, 2025.[1] On June 5, 2025, the government filed a supplemental brief in support of the two facts they sought to have deemed admitted in the prior motion to compel. (ECF No. 90.) On July 28, 2025, the government filed a further motion for sanctions, seeking various sanctions including a default judgment, preclusion sanctions, and having the court deem additional facts established. (ECF No. 98.)

Defendants filed a written opposition to the further motion for sanctions. (ECF No. 112.) The government filed a reply. (ECF No. 113.)

On November 19, 2025, the undersigned ordered defendant Peters to appear before the district judge assigned to this case for an order to show cause hearing on whether to hold him in civil contempt and issued findings and recommendations that some of the requested sanctions be granted. (ECF No. 120.) The district judge assigned to this case held the hearing and declined to hold Peters in civil contempt. (ECF No. 137.) The district judge referred the matter back to the undersigned for reconsideration of all sanctions short of contempt. (Id.)

On January 27, 2026, the government renewed their previous requests for sanctions. (ECF No. 141.) Defendants then requested to file further briefing and time "to get appropriate responses, answers and documents to the plaintiff as requested…, or provide a full and sufficient declaration of efforts to do so, as well as to prepare an [additional] argument opposing preclusion

---

[1] On October 29, 2025, the morning of a re-scheduled order to show cause hearing, defendant Peters filed a declaration regarding his participation in discovery and steps taken to search for responsive documents. (ECF No. 114.) Although he had been instructed "to submit a declaration signed under the penalty of perjury describing the steps he took to search for responsive documents" (ECF No. 87 at 10), he did not sign the declaration under penalty of perjury. Aside from being late and not signed under penalty of perjury, the declaration did not sufficiently identify his efforts to obtain relevant discovery or explain why he was unable to obtain certain records.

4

sanctions." (ECF No. 141.) The undersigned granted defendants' request in part over objections by the government and gave defendants an opportunity to file a supplemental brief supported by declarations signed under penalty of perjury addressing any further document production, efforts made to provide appropriate amended discovery responses, and any additional argument opposing the evidentiary and preclusion sanctions requested. (ECF No. 144.) Defendants did not file any further briefing or declarations for the court's consideration within the time granted to do so.

## II. Legal Standards

If a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue the following orders, among others:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]

Fed. R. Civ. P. 37(b)(2)(a); see also E.D. Cal. Local Rule 110 (the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

A sanction under Rule 37(b)(2) must be "just" and must relate specifically to the particular claim at issue in the order to provide discovery. Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001) (citation omitted). If a sanction amounts to dismissal of a claim, the court must consider whether the claimed noncompliance involved willfulness, fault, or bad faith and the availability of lesser sanctions. R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012). The choice among various sanctions rests within the discretion of the district court. Fed. R. Civ. P. 37(b)(2).

## III. Discussion

### A. Failure to Comply with the Court's Discovery Orders

The undersigned already found defendant Peters violated the court's discovery order dated March 20, 2025. (See ECF No. 120 at 5.) In addition, defendant Peters and the entity defendants he operated have violated the discovery order dated May 22, 2025.

The record reflects that on July 4, 2025, defendants produced a little over 3,000 pages of documents, which the government states were selective pages from investment contracts. (ECF No. 98 at 5.) Defendant Peters argues he no longer has the responsive documents that once existed in his possession, custody, or control due to the passage of time, his incarceration, and the shutdown of the entity defendants. (ECF No. 112 at 5- 6.) However, he has not disputed the government's assertion that he has not produced the 20,000 pages of documents he admitted were in his garage. (See id.) The undersigned rejects defendants' assertions (see ECF No. 112 at 5) that any deficiencies in production stemmed from circumstances outside their control. The record demonstrates willful, disobedient conduct. See Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) ("Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."). Defendant Peters and the entity defendants have failed to comply with the discovery order dated May 22, 2025, and its incorporated order to comply with the March 20, 2025, discovery order.[2]

### B. Recommended Sanctions

The government seeks a preclusion sanction "to prohibit Peters and his corporate entities from raising defenses related to the purported bona fide nature of physician investment in, or actual management services performed by, Bayview Specialty Services LLC or Coastline Specialty Services LLC (the "Defendant MSOs"). (ECF No. 98 at 11.) The government also requests certain "facts" be deemed established. (See id. at 13-15.)

"Preclusionary orders ensure that a party will not be able to profit from its own failure to comply." United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980) (citation omitted); see also United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1370 (9th Cir. 1980) (noting three general purposes served by Rule 37(b) sanctions: to ensure a party does not profit from its own failure to comply; to seek to secure compliance with court

---

[2] Defendants did not take the recent opportunity they were granted to provide the court with information about any further document production and efforts made to provide appropriate amended responses and responsive documents. (See ECF No. 144.) The undersigned infers there have not been any significant further production or efforts at production. But even if further production has occurred, "[b]elated compliance with discovery orders does not preclude the imposition of sanctions." Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997).

orders in a particular case; and to serve as a general deterrent in both the case at hand and other cases). The undersigned finds precluding defenses related to the purported bona fide nature of physician investment in, or actual management services performed by, the defendant MSOs addresses the purposes served by Rule 37(b) and is warranted under the circumstances.

The government's RFPs which are the subject of the discovery orders defendants have violated sought the following types of documents: (1) financial documents showing how the defendant MSOs were funded; (2) tracking documents addressing the actual work performed by the defendant MSOs, expenses of the defendant MSOs, and payouts to investing physicians; (3) the defendant MSOs' pharmacy management services contracts addressing the work the defendant MSOs were to perform for the pharmacies; (4) financial documents showing the nature of the defendant MSOs' monthly payouts to investing physicians as compared with the capital contributed by those physicians; and (5) communications with investing physicians showing any discussion of the defendant MSOs' operations or lack thereof, and regarding the investing physicians' prescriptions. (See ECF No. 66-3.) The requested preclusion sanction is appropriate because, if defenses related to the purported bona fide nature of physician investment in, or actual management services performed by the defendant MSOs were raised, the government would be prejudiced by inability to refute them due to defendants' failure to comply with the undersigned's discovery orders to defendants to produce documents responsive to the government's RFPs.

The government also requests certain "facts" be deemed established. (See ECF No. 98 at 13-15.) Reconsidering this requested sanction, the undersigned finds the specific matters the government seeks to have established exceed the spirit of Rule 37(b)(2)(A)(i).

The government's RFPs at issue cast a wide net seeking documents relevant to the claims and defenses in this case. (See ECF No. 66-3.) The government argues "[the proposed established] facts are reasonably related to the Defendants' discovery violations because [they] would be evident in the many categories of emails, texts, financial statements, and other documents that have been withheld." (ECF No. 98 at 13.) While it is likely that proper production of documents could contain information that would help to establish the specific matters the government seeks to have established, the proposed established facts go too far. The government

has not narrowly tailored the proposed established facts or adequately supported them to the extent the government merely identifies several "Example RFPs" as relevant to the proposed established facts. (See id. at 13-15.) Rather than recommending the government's proposed facts be deemed established, a more appropriate sanction is an additional preclusion sanction precluding defendants from introducing into evidence any document responsive to the RFPs except for documents defendants produced to the government on or before June 5, 2025, which was the deadline for further production after the court's May 22, 2025 order.

**IV.    Recommendation**

In accordance with the above, IT IS ORDERED that the findings and recommendations filed on November 19, 2025 (ECF No. 120) are VACATED.

In addition, IT IS RECOMMENDED that plaintiff's motions for sanctions under Rule 37 of the Federal Rules of Civil procedure (ECF Nos. Nos. 98, 140) be granted in part to the extent that (a) defendants be precluded from raising defenses related to purported bona fide nature of physician investment in, or actual management services performed by, Bayview Specialty Services LLC or Coastline Specialty Services LLC, and (b) defendants be precluded from introducing into evidence documents responsive to the government's first set of RFPs except for documents defendants produced to the government on or before June 5, 2025.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the

/////

/////

/////

/////

/////

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 10, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 pete24cv0287.r37

9