UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW H. PETERS, et al.,<br>Defendants. | 2:24-cv-0287-WBS-CKD<br><br><br><br>ORDER |

Nonparty Anthony Kjenstad moves to quash a subpoena duces tecum issued by plaintiff, the United States. (ECF No. 145.) This matter is suitable for decision without further oral argument under Local Rule 230(g). For the reasons set forth below, the motion to quash is denied.

**I.    Background**

The government initiated this action on January 22, 2024, against defendant Matthew H. Peters and multiple entity defendants which are pharmacies, management service organizations, marketing entity defendants, and other corporate entities. (ECF No. 1.) On July 30, 2024, the government filed the operative second amended complaint bringing claims against the defendants under the False Claims Act and for unjust enrichment and payment by mistake. (ECF No. 50.) The government alleges defendant Peters "founded, controlled and/or operated" several entity defendants which were pharmacies primarily operated as compounding pharmacies. (Id. at 5-7.) As relevant here, the operative complaint also alleges Peters paid unlawful commissions to Sales

1

Representatives to promote the defendant pharmacies to physicians and other prescribers. (Id.)

On April 6, 2026, nonparty Mr. Kjenstad filed the motion to quash presently before the court. (ECF No. 145.) The government opposed the motion. (ECF No. 151.) Mr. Kjenstad filed a reply. (ECF No. 156.)

## II.     Legal Standard

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). The rule requires parties to avoid creating undue burdens on nonparties via subpoenas:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). "In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party. Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." In re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (internal quotation marks and citations omitted).

Third party subpoenas Rule 45 are also subject to the limitations of Rule 26 of the Federal Rules of Civil Procedure. The court must limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i).

## III.     Discussion

The United States seeks discovery from Mr. Kjenstad, whom they allege was contracted as a Sales Representative and directly involved in the scheme operated by defendant Peters

2

alleged in the operative complaint. (ECF No. 151 at 4.) The court notes the defendants in this action have failed to comply with their discovery obligations and court orders to provide discovery responses. (See ECF Nos. 146, 155.) Given the difficulty in obtaining information directly from defendants, third party discovery efforts are justified.

Mr. Kjenstad challenges Requests 1-12 as overly broad, unduly burdensome, and likely to produce irrelevant information. (ECF No. 145 at 3-6.) Review of the subpoena duces tecum makes clear the discovery at issue seeks relevant information. (See ECF No. 151-1.)

Mr. Kjenstad challenges the requests as overly broad and unduly burdensome because they request "[a]ll COMMUNICATIONS with" and "[a]ll DOCUMENTS relating to" specified and unnamed individuals, without any parameters for the types of communications or documents at issue. In general, however, Mr. Kjenstad's arguments that the requests are overbroad and that complying with them would be unduly burdensome are unsupported. Mr. Kjenstad fails to demonstrate any undue burden.

Balancing the relevance of the information sought and the government's need for the requested materials against the potential hardship to Mr. Kjenstad, the court finds the requests are sufficiently tailored. Mr. Kjenstad argues it is unclear how to search for responsive communications and documents because the search must include unnamed individuals. However, the lists of named individuals provided by the government are appropriately non-exhaustive because Mr. Kjenstad may have additional knowledge of other individuals who participated in the scheme or with whom he had responsive communications. Moreover, the argument that the requests as currently drafted will also turn up materials unrelated to the case is unpersuasive as to any need for further tailoring of the requests.

### IV.    Order

For the reasons set forth above, IT IS ORDERED that nonparty Mr. Kjenstad's motion to quash (ECF No. 145) is DENIED.

Dated:  May 7, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 pete24cv0287.quash

3